UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tenner Murphy, by his guardians Kay and Richard Murphy; Marrie Bottelson; and Dionne Swanson; and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>Emily Johnson Piper, in her capacity as Commissioner of the Minnesota Department of Human Services,<br><br>    Defendant. | Civ. No. 16-2623 (DWF/BRT)<br><br>**ORDER ON PLAINTIFFS' MOTION TO COMPEL REGARDING PLAINTIFFS' THIRD SET OF REQUESTS FOR DOCUMENTS** |

Joseph W. Anthony, Esq., Peter McElligott, Esq., and Steven M. Pincus, Esq., Anthony Ostlund Baer & Louwagie PA; and Justin H. Perl, Esq., Sean B. Burke, Esq., and Christen Leigh Chapman, Esq., Mid-Minnesota Legal Aid, counsel for Plaintiffs.

Janine Wetzel Kimble, Esq., and Scott H. Ikeda, Esq., Minnesota Attorney General's Office, counsel for Defendant.

---

This matter is before the Court on Plaintiffs' Motion to Compel Discovery Regarding Plaintiffs' Third Set of Requests for Documents (Doc. No. 119). The Court held a hearing on the motion on November 16, 2017, at which the parties were represented by counsel.

Federal Rule of Civil Procedure 26 governs discovery in federal court. Fed. R. Civ. P. 26(b)(1). Discovery under the Federal Rules of Civil Procedure, however, is not

without bounds even if relevance is shown. Federal Rule of Civil Procedure 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The Court has reviewed each discovery request at issue and considered both the relevance and proportionality of the discovery sought. Based on the Court's consideration, and the file, submissions, and proceedings herein, the Court makes the following ruling.

## ORDER

**IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Compel Discovery Regarding Plaintiffs' Third Set of

Requests for Documents (Doc. No. 119) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs seek to compel the production of documents responsive to Request Nos. 18, 19, 20, 21, 22, 23, 24, and 25. As to all of those requests, Plaintiffs seek responsive documents maintained by the Department of Human Services ("DHS"). As to Request Nos. 18, 19, 20, 22, 24, and 25,[1] Plaintiffs seek responsive documents also maintained by "lead agencies,"[2] arguing that those documents would be within DHS's

---

[1] Initially, Plaintiffs' identified only Request Nos. 18, 19, 20 and 22. At the hearing, however, they modified their position to include Request Nos. 24 and 25.

[2] According to Plaintiffs' definitions, lead agency means a Minnesota county or tribe as identified in Minn. Stat. § 256B.04(1) and (2). Section 256B.04 specifically states:

> Subdivision 1. General. The state agency shall supervise the administration of medical assistance for eligible recipients by the county agencies hereunder.
>
> . . . .
>
> Subd. 2. Rulemaking authority. Make uniform rules, not inconsistent with law, for carrying out and enforcing the provisions hereof in an efficient, economical, and impartial manner, and to the end that the medical assistance system may be administered uniformly throughout the state, having regard for varying costs of medical care in different parts of the state and the conditions in each case, and in all things to carry out the spirit and purpose of this program, which rules shall be furnished immediately to all county agencies, and shall be binding on such county agencies.

Minn. Stat. § 256B.04(1) and (2). As Defendant correctly points out, this Court's previous order addressed the Defendant's ability to "make a full, fair, and specific answer to an interrogatory" based on information within Defendant's "knowledge and control," not the Defendant's obligations to search for and retrieve third-party documents subject to a Rule 34 request for production. (Doc. No. 78, 8/21/17 Order at 13, 15.)

3

control. Defendant argues that the lead agencies' documents are not in Defendant's possession, custody, or control.[3]

### a. Documents Maintained by Defendant Responsive to Document Request Nos. 18, 19, 20, 21, 22, 23, 24, and 25

As currently drafted—and without consideration of further limitation or narrowing, or the application of the search terms allowed—the discovery requests at issue (Request Nos. 18, 19, 20, 21, 22, 23, 24, and 25) are overbroad and unduly burdensome. Although the requests seek documents about subjects that are relevant, the scope of the requests are simply too broad and not proportional to the needs of the case. However, application of the search terms (*see* Doc. No. 102, Order on Search Terms) sufficiently reduces both the breadth and burden of responding to Request Nos. 18, 19, 20, 22, and 24, at least to the extent that the documents are maintained by Defendant.[4] Accordingly, as to documents in the custody and possession of Defendant, the motion to compel is **GRANTED IN PART** and **DENIED IN PART**. Documents responsive to Request Nos. 18, 19, 20, 22, and 24, identified (using the previously ordered search terms) must be

---

[3] The Court noted in its prior Order that "Defendant's objections to document requests do not satisfy Rule 34." (Doc. No. 78, 8/21/17 Order (citing Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.").) Defendant's responses to Plaintiffs' third set of document requests are similarly deficient. Defendant is hereby on notice that failure to adhere to Rule 34's specificity requirements in future responses may result in a finding of waiver of the objections to the discovery requests. *See Fischer v. Forrest*, No. 14 Civ. 1304 (PAE) (AJP), 2017 WL 128705, at *4–6 (S.D.N.Y. Feb. 28, 2017).

[4] Without the application of the previously ordered search terms these requests are overbroad and unduly burdensome and would be denied.

produced. The Court will not revisit the decision on search terms for document requests that were served prior to this Court's decision on search terms for pending document requests.[5] Plaintiffs' request to add new search terms for these requests is denied. First, Plaintiffs had every opportunity to include any search terms they believed were applicable to these requests prior to this Court's order on search terms (or at the very least alert the Court and Defendant that these requests would require different search terms).[6] Second, the ordered search terms are adequate to identify relevant and proportional discovery for these requests. As to temporal scope, January 1, 2009 applies, except as to Request No. 24, which seeks documents on or after July 13, 2017.

Plaintiffs' motion to compel responses to Request No. 21 is **DENIED** as overly broad and unduly burdensome. Request No. 21 appears to be drafted in response to the Court's order regarding Req. No. 1. The only difference between the two requests is the

---

[5] The parties were required to discuss a plan and protocol for any electronic discovery before November 28, 2016. (Doc. No. 25, Pretrial Scheduling Order 2.) Regrettably, whatever protocol the parties have in place is not working. Re-litigating search terms with every wave of discovery is not consistent with Fed. R. Civ. P. 1. Therefore, the parties are hereby required to meet and confer and file a complete and workable plan and protocol for any additional written discovery as set forth in this Court's Third Amended Scheduling Order.

[6] On September 13, 2017, Plaintiffs filed their supplemental memorandum in support of their proposed search terms. (Doc. No. 80.) In their memorandum, Plaintiffs represented that "[t]he parties agree[d] that in order for Defendant to reasonably respond to Plaintiffs' document requests, the Defendant should search the relevant Minnesota Department of Human Services (DHS) databases with specific search terms related to the documents requests." (Doc. No. 80 at 1.) By the time of this September 13, 2017 filing, Plaintiffs had served their Third Set of Document Requests, including the requests at issue. On October 4, 2017, this Court issued an Order adopting Plaintiffs' proposed terms. (Doc. No. 102.)

temporal scope given. The new request seeks documents from January 1, 2009 to December 31, 2012. The Court, however, had already imposed a January 1, 2013 date for Req. No. 1. (Doc. No. 78, at 12.)

Plaintiffs' motion to compel responses to Request No. 23 is also **DENIED** as overly broad and unduly burdensome (*i.e.*, ". . . Produce all documents Defendant reviewed *or had the opportunity to review* in these case files . . ."). To the extent Plaintiffs seek information about DHS's lead agency reviews along these lines, it may be more efficiently obtained through depositions. If documents are sought, a more narrowly tailored request must be made.

Plaintiffs' motion to compel responses to Request No. 25 is also **DENIED** as overly broad and unduly burdensome. Neither the application of the previously ordered search terms, nor the newly proposed search terms, cures the overbreadth or burden that results from this request. Requesting "all documents and communications" is simply too broad of a request. If documents are sought on the topic of the Multi-County workgroup in the future, a more narrowly tailored request must be made.

### b. Documents Maintained by Lead Agencies, but in Defendant's Control, Responsive to Document Request Nos. 18, 19,[7] 20, 22, 24, and 25

Plaintiffs' motion to compel documents responsive to Request Nos. 18, 19, 20, 22, 24, and 25 that are kept by the lead agencies, but under the control of Defendant, is **DENIED**. As drafted, the requests are overly broad and unduly burdensome as applied to

---

[7] Plaintiffs represented at the hearing that they no longer are seeking information from individual case files relating to Request Nos. 18 and 19.

every county and tribe. Moreover, this Court cannot find, based upon the record, that the application of the ordered search terms would address the problem of overbreadth and burden as to the collection and review of lead agency documents.[8] If Plaintiffs intend to discover documents from the lead agency files through written document requests to Defendant: (1) the document requests must be more narrowly tailored; and (2) Plaintiffs must offer more support to establish that the documents *requested* are in Defendant's control.

Accordingly, before new document requests are served, Plaintiffs must take a Rule 30(b)(6) deposition of DHS for the purpose of obtaining DHS's knowledge regarding documents and records (1) kept by DHS, or (2) kept by the lead agencies that relate to DHS's management and oversight responsibility over the statewide disability waiver system and DHS's "control" over such documents and records.[9] The 30(b)(6) topics must be particularized to address this objective and DHS must prepare its 30(b)(6) designee(s) "to the extent matters are reasonably available, whether from documents, past

---

[8] Defendant has provided evidence that some of the lead agencies' documents are in paper form and thus would not be identified through search terms. (Doc. No. 127, Decl. of Jean Martin ¶ 5.)

[9] The Court will not detail how these topics might be drafted, but reminds the parties that particularity is required so that DHS may prepare its designated witness(es). To the extent Plaintiffs are planning to show that DHS has control over documents responsive to future document requests, Plaintiffs should seek evidence of control consistent with Rule 34 jurisprudence. Further, nothing in this Order precludes Plaintiffs from including topics related to specific documents that DHS has within its possession, custody, and control (*i.e.*, specific documents pertaining to the Multi-County Workgroup). Indeed, given Plaintiffs' representation at the hearing that they were working in the dark, topics directed to DHS's record-keeping and document retention may help tailor discovery going forward.

employees, or other sources." *Great Am. Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, (D. Nev. 2008) (quotations omitted). The 30(b)(6) deposition on documents will not count toward the number of depositions allowed under the applicable scheduling order.

The document deposition must be completed on or before December 29, 2017, as laid out in the Third Amended Scheduling Order. The document deposition does not preclude Plaintiffs from taking the 30(b)(6) deposition of DHS, which is the subject of this Court's Order, dated October 30, 2017 (Doc. No. 116).[10] Nor does it preclude a deposition of the individual(s) designated for the document deposition in their individual capacity at a later date.

After the conclusion of these depositions, Plaintiffs will be in a better position to frame more targeted document requests and to support their position that Defendant has control of responsive documents that are in the lead agencies' custody or possession. Therefore, nothing in this Order precludes Plaintiffs from serving more targeted document requests after they have followed the above directives.[11] An amended scheduling order will issue separately to include relevant modifications and extensions. The parties should carefully review the Third Amended Scheduling Order.

---

[10]  Defendant's appeal of this Order is pending. (Doc. No. 135.)

[11]  The Court notes that if Plaintiffs serves new Document Requests, they must carefully tailor the temporal scope for each request. As it stands, it is unlikely that the Court would grant a request that seeks information back to 2006, and for the Court to allow a request that seeks information back to 2009, the information from that time period must be both relevant and proportional as it relates to that specific request.

Date:   November 20, 2017                    *s/ Becky R. Thorson*
                                             BECKY R. THORSON
                                             United States Magistrate Judge