UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tenner Murphy, by his Guardians Kay and
Richard Murphy; Marrie Bottelson; Dionne
Swanson; and on behalf of others similarly
situated,

                Plaintiffs,

v.

Emily Johnson Piper in her Capacity
as Commissioner of the Minnesota
Department of Human Services,

                Defendant.

Civil No. 16-2623 (DWF/BRT)

ORDER

## INTRODUCTION

This matter is before the Court upon Defendant's appeal of Magistrate Judge Becky R. Thorson's August 21, 2017 Order and Opinion on Plaintiffs' Motion to Compel and Defendant's Motion to Compel ("Order") (Doc. No. 78). Plaintiffs filed a response to Defendant's objections on September 19, 2017. (Doc. No. 91.)

## DISCUSSION

### I.   Legal Standard

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). This is an "extremely deferential" standard. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on

the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *Chase v. Comm'r of Internal Revenue*, 926 F.2d 737, 740 (8th Cir. 1991)). "A magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure." *Coons v. BNSF Ry. Co.*, Civ. No. 15-4282 (WMW/TNL), --- F. Supp. 3d ---, 2017 WL 3382311, at *5 (D. Minn. Aug. 7, 2017) (citing *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010)).

## II.     The Magistrate Judge's Order and Defendant's Objections

Magistrate Judge Thorson's August 21, 2017 Order addressed Motions to Compel by Plaintiffs and Defendant, granting in part and denying in part both motions. (*See* Doc. Nos. 59, 65, 78.) Only Plaintiffs' Motion to Compel is at issue in this appeal.

Defendant objects to the August 21, 2017 Order and asks the Court to reverse the Order to the extent it obligates Defendant to gather responsive information to Plaintiffs' interrogatories contained in case management files from 87 lead agencies tasked with administering the State's Waiver Services program.[1]  In particular, Defendant challenges the Order with respect to Interrogatories 5, 6(c), 8, and 17. According to Defendant, "[t]he Order is clearly erroneous because it fails the Rule 26(b)(1) proportionality test in which the court never engaged and rests on a misinterpretation of the law." (Doc. No. 79

---

[1]    Defendant asserts that she "does not read the Order that broadly but is filing [her] Objection in an abundance of caution to preserve the objection, to the extent the Magistrate Judge interprets the Order to require Defendants to contact 87 counties to obtain answers to interrogatories." (Doc. No. 79 at 2 n.3.)

2

at 2.)  Defendant asserts two fundamental objections.  First, Defendant argues that the discovery ordered by the Magistrate Judge is not proportional under Rule 26(b)(1).  Defendant asserts that responding to the interrogatories at issue "would require a subjective, substantive review of each case management file, which would require a great deal of time and resources."  (*Id.* at 5.)  Second, Defendant argues that the Magistrate Judge committed clear error in requiring Defendant to obtain data from lead agencies since "case management records are not in Defendant's control and are not otherwise 'reasonably available' to Defendant."  (*Id.*)

In contrast, Plaintiff argues that the Magistrate Judge did not clearly err "in compelling Defendant to make efforts to obtain information to supplement Defendant's interrogatory responses that are proportional to the needs of the case."  (Doc. No. 91 at 4.)  First, Plaintiffs argue that the issues involved in the disputed interrogatories are of central importance to their case.  Second, Plaintiffs suggest that Defendant should have access to the information in question and emphasize that Defendant must "make efforts to obtain" responsive information.  (*Id.* at 6 (quoting Doc. No. 78 at 13).)  In short, Plaintiffs argue that Defendant has not met her burden to demonstrate that the Magistrate Judge's Order merits reversal.

The Court outlines each disputed interrogatory and the parties' specific arguments, below.[2]

---

[2]  The parties briefed the underlying Motions to Compel and Defendant's Appeal of Magistrate Judge Thorson's August 21, 2017 Order prior to the Court's September 29, 2017 Order granting Plaintiff's Motion for Class Certification.  Some of the parties'
(Footnote Continued on Next Page)

A.  **Interrogatory No. 5:** *"Identify how many providers are authorized to provide person-centered planning services and how many of those providers specifically help individuals develop person-centered transition plans."*

The Magistrate Judge granted Plaintiff's Motion to Compel with respect to Interrogatory No. 5 and ordered "Defendant to identify the number of providers she knows of who provide person-centered planning services and how many of those providers specifically help individuals develop person-centered transition plans." (Doc. No. 78 at 15.)  The Magistrate Judge also stated that "[i]f, after sufficient inquiry, Defendant lacks necessary information to make a full, fair, and specific answer to an interrogatory, she must state so under oath and Defendant must also set forth in detail the efforts made to obtain the information." (*Id.*)

Defendant asserts that it does not have data concerning providers who are "authorized" to provide person-centered planning services because the term "authorized" has no meaning in this context.  Defendant contends that she has provided available information and explains that answering whether person-centered planners help to develop transition plans would require case-management-level review.  Plaintiff argues that the Magistrate Judge did not err in directing Defendant to supplement her response to

_____

(Footnote Continued From Previous Page)
arguments, therefore, are no longer relevant as the case is no longer simply asserted on behalf of three individuals residing in Hennepin County.  (*See, e.g.,* Doc. No. 79 at 2, 8-9; Doc. No. 91 at 1-2.)  Rather, this case now pertains to claims on behalf of the following certified class:  "All individuals age 18 and older who are eligible for and have received a Disability Waiver, live in a licensed Community Residential Setting, and have not been given the choice and opportunity to reside in the most integrated residential setting appropriate to their needs." (Doc. No. 99 at 35.)

4

Interrogatory No. 5 because "Defendant had not done her due diligence to obtain this information." (Doc. No. 91 at 10.)

      **B.**    **Interrogatory No. 6(c):** *"For each person identified in part b of this interrogatory [individuals for each lead agency who have moved from a corporate foster care facility to an alternative setting], explain and describe in detail how the transition and move occurred."*

Plaintiff's Motion to Compel with respect to Interrogatory No. 6 was granted in part and denied in part. Concerning how the transitions for identified individuals occurred, the Magistrate Judge ordered Defendant to "make efforts to obtain the desired information." (Doc. No. 78 at 17.) The Magistrate Judge also ordered that "[i]f Defendant lacks necessary information to make a full, fair, and specific answer to an interrogatory, she must state so under oath and Defendant must also set forth in detail the efforts made to obtain the information." (*Id.*) In addition, the Magistrate Judge directed that such a statement must specify why the information sought is not available in records maintained by Defendant pursuant to 42 C.F.R. § 431.17.

In light of the number of individuals identified in part (b) of Interrogatory No. 6, Defendant asserts that "Defendant would have to review individual case-management records of 704 Waiver recipients to answer this question." (Doc. No. 79 at 3.) In contrast, Plaintiff suggests that "Defendant need only review, or ask lead agencies and/or case managers to review, portions of the case management files related to transition." (Doc. No. 91 at 10.)

5

C. **Interrogatory No. 8:** *"Identify all individuals receiving Disability Waivers and living in a corporate foster care facility who want to move into an alternative to foster care setting and explain how you identified these individuals."*

The Magistrate Judge granted Plaintiff's Motion to Compel with respect to Interrogatory No. 8. For responsive information already provided, the Magistrate Judge directed Defendant to clarify if that response was complete. If not, the Magistrate Judge directed that "Defendant must make efforts to obtain the complete desired information." (Doc. No. 78 at 18.) The Magistrate Judge stated that "[i]f Defendant lacks necessary information to make a full, fair, and specific answer to an interrogatory, she must state so under oath and Defendant must also set forth in detail the efforts made to obtain the information." (*Id.*) The Magistrate Judge also ordered that such a statement must specify why the information sought is not available in records maintained by Defendant pursuant to 42 C.F.R. § 431.17.

Defendant argues that she has provided data in her possession in answering this interrogatory. Defendant asserts that "[t]o the extent a person may have told his or her case manager that they want to move, and that information is in the case management records, but it has not been communicated to Defendant, Defendant does not have this data." (Doc. No. 79 at 3.) According to Defendant, a complete review of case management files needed to identify all individuals who have expressed a desire to move would be overly burdensome. Defendant argues that the Magistrate Judge erred in concluding otherwise because "[i]t is burdensome on its face to have to review thousands of individual case management files, comprised of millions of pages of documents, to

6

identify all individuals who want to move out of corporate foster care." (*Id.* at 4.) Plaintiffs argue that Defendant could supplement their responses to Interrogatory No. 8 without reviewing complete case management files. Plaintiffs propose that Defendant could review only those pages relevant to the inquiry or, alternatively, inquire directly of lead agencies to develop responses.

### D. Interrogatory No. 17: *"For persons identified in Interrogatory 4(d) identify how many are living in the most integrated setting."*

Plaintiff's Motion to Compel with respect to Interrogatory No. 17 was granted as outlined in the Magistrate Judge's Order. The Magistrate Judge considered Defendant's assertion "that she does not have individual level case management data on waiver recipients because case-management is processed and administered by lead agencies." (Doc. No. 78 at 19.) Even if Defendant did not have such "data," however, the Magistrate Judge ordered that "Defendant must make efforts to obtain the desired information and answer the question about the number of people disclosed in Interrogatory No. 4(d) who are living in the most integrated setting." (*Id.* at 20.)

Defendant asserts that responding to this Interrogatory would require an individual consideration of the case management files for 23,258 identified individuals. With respect to Interrogatory No. 17, Plaintiffs contend that if Defendant cannot identify information pertaining to whether individuals are living in the most integrated setting, "that is an admission that Defendant has failed to 'administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities' as required by the ADA." (*Id.* at 7 (quoting 28 C.F.R. § 35.130(d)).)

7

Plaintiffs argue they "are entitled to a response and to know what Defendant knows." (*Id.*)

## III. Analysis

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In evaluating the proper scope of permissible discovery under this rule, the court should "consider[] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Information that meets these requirements is discoverable even if it would not be admissible in evidence. *Id.*

In responding to interrogatories, Federal Rule of Civil Procedure 33 requires an entity to "furnish the information available to [it]" through an agent or officer. Fed. R. Civ. P. 33(b)(1)(B). Specifically, it must "provide information that is available to it and can be produced without undue labor and expense." *Lindholm v. BMW of N. Am., LLC*, Civ. No. 3:15-CV-03003-RAL, 2016 WL 452315, at *5 (D.S.D. Feb. 5, 2016) (quoting *Miller v. Pruneda*, 236 F.R.D. 277, 282 (N.D. W. Va. 2004)). However, an interrogatory may not demand "extensive investigations or . . . complex research." *Miller*, 236 F.R.D. at 282 (citation omitted). An individual defendant named in her official capacity must answer interrogatories directed at the government entity "using all reasonably obtainable information within [her] possession, custody or control, including records maintained by

8

[the relevant government entity]." *See Tyler v. Suffolk Cty.*, 256 F.R.D. 34, 37-38 (D. Mass. 2009).

In raising an objection to an interrogatory, the objecting party has the burden to demonstrate "that the information sought is not reasonably available to it." *Lindholm*, 2016 WL 452315, at *5 (citing 8B Charles A. Wright et al., *Federal Practice & Procedure* § 2174 (3d ed. 2010)). "If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information." *Id.* (quoting *Essex Builders Grp., Inc. v. Amerisure Ins.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005)).

The Court concludes that Magistrate Judge Thorson's Order is neither clearly erroneous nor contrary to law. Notably, the Order does not specify that Defendants must contact the 87 lead agencies to obtain information from case management files in order to answer each interrogatory. Rather, the Order specifies that Defendant must make efforts to obtain information and state under oath what efforts were undertaken if Defendant determines she is unable to answer the questions posed with information that is available to her.[3] The Court declines to conclude that requiring Defendant to reach out to lead

---

[3] The Magistrate Judge specifically ordered with respect to Interrogatories No. 5, 6(c), and 8, that "[i]f Defendant lacks necessary information to make a full, fair, and specific answer to an interrogatory, she must state so under oath and Defendant must also set forth in detail the efforts made to obtain the information." (*See* Doc. No. 78 at 17; *see also id.* at 15, 18.) The Court concludes that this requirement should apply equally to all interrogatories posed to Defendant, including Interrogatory No. 17. Although the Magistrate Judge did not specifically state this requirement with respect to Interrogatory No. 17, the Court determines that the Order should be interpreted to impose this requirement for each interrogatory at issue.

agencies to answer interrogatories would in all circumstances be unreasonable or beyond the scope of what is permitted under the relevant discovery rules. If Defendant determines that information from lead agencies is not reasonably available to her, she must articulate why that is the case with respect to the particular information being requested.

The Magistrate Judge's Order directs Defendant to adequately answer Plaintiff's interrogatories pursuant to Federal Rule of Civil Procedure 33, and the discovery ordered is both relevant and proportional under Federal Rule of Civil Procedure 26(b)(1). Giving proper deference to the Magistrate Judge's August 21, 2017 Order and for the reasons stated, the Court denies Defendant's appeal and affirms Magistrate Judge Becky R. Thorson's August 21, 2017 Order in all respects.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's appeal (Doc. No. [79]) of Magistrate Judge Becky R. Thorson's Order and Opinion on Plaintiffs' Motion to Compel and Defendant's Motion to Compel is **OVERRULED**.

2. Magistrate Judge Becky R. Thorson's August 21, 2017 Order and Opinion on Plaintiffs' Motion to Compel and Defendant's Motion to Compel (Doc. No. [78]) is **AFFIRMED** consistent with this Order.

Dated: November 22, 2017       s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge