UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tenner Murphy, by his guardians Kay and Richard Murphy; Marrie Bottelson; Dionne Swanson; and on behalf of others similarly situated, | Civil No. 16-2623 (DWF/BRT) |
| Plaintiffs, | |
| v. | ORDER |
| Emily Johnson Piper in her Capacity as Commissioner of the Minnesota Department of Human Services, | |
| Defendant. | |

**INTRODUCTION**

This matter is before the Court upon Defendant's appeal of Magistrate Judge Becky R. Thorson's October 4, 2017 Order and Opinion on Plaintiffs' Motion to Compel Regarding Temporal Scope and Terms for Searching Electronically Stored Information (ESI) ("Order") (Doc. No. 102). Plaintiffs filed a response to Defendant's objections on November 1, 2017. (Doc. No. 118.)

**DISCUSSION**

**I.    Legal Standard**

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). This is an "extremely deferential" standard. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is

'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *Chase v. Comm'r of Internal Revenue*, 926 F.2d 737, 740 (8th Cir. 1991)). "A magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure." *Coons v. BNSF Ry. Co.*, Civ. No. 15-4282, --- F. Supp. 3d ---, 2017 WL 3382311, at *5 (D. Minn. Aug. 7, 2017) (citing *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010)).

## II.   The Magistrate Judge's Order and Defendant's Objections

In the October 4, 2017 Order, Magistrate Judge Thorson addressed disputes between Plaintiffs and Defendant regarding (1) search terms for conducting electronic discovery and (2) the temporal scope applicable to particular discovery requests. Defendant objects to the Order as it relates to both issues, and Plaintiffs argue that Defendant has not met her burden to prevail on these objections. The Court summarizes the Magistrate Judge's conclusions and Defendant's objections to the Order, below.

### A.   Search Terms

First, Magistrate Judge Thorson considered the proper search terms to be applied to Plaintiffs' discovery requests.[1] The Magistrate Judge considered Defendant's

---

[1]   As Magistrate Judge Thorson explained in the October 4, 2017 Order, this dispute was originally brought before the Court in the context of Plaintiff's previous Motion to Compel Discovery. (Doc. No. 102 at 3 (citing Doc. Nos. 65, 68).) In the August 21,
(Footnote Continued on Next Page)

2

argument that utilizing Plaintiffs' search terms would result in an undue burden but determined that Defendant had not met her burden to preclude discovery on this basis. In particular, the Magistrate Judge discussed Defendant's lack of specificity regarding the claimed burden and noted that "[g]iven the issues in this case, it is not surprising that nearly 100,000 documents could be discoverable." (Doc. No. 102 at 4.) Thus, the Magistrate Judge "order[ed] the parties to adopt the Plaintiffs' proposed search terms." (*Id.*)

Defendant argues that the Magistrate Judge's Order is contrary to law because she failed to adequately analyze proportionality and relevance with respect to the search terms dispute. In addition, Defendant asserts that the Magistrate Judge clearly erred in concluding that Defendant had not established an undue burden because "[i]t is overburdensome on its face to review tens of thousands of electronic records." (Doc. No. 109 at 4.) Defendant emphasizes that her proposed search terms would yield approximately 17,000 documents whereas Plaintiffs' proposed terms which were adopted by the Magistrate Judge yield more than 70,000 documents. Discovery, Defendant urges, should not be used to permit parties to conduct "a 'fishing expedition.'" (*Id.* (quoting *Carlson Cos. v. Sperry & Hutchinson Co.*, 374 F. Supp. 1080, 1089 (D. Minn. 1973)).)

---

(Footnote Continued From Previous Page)
2017 Order on this Motion, the Magistrate Judge denied Plaintiffs' Motion without prejudice with respect to search terms and directed the parties to meet and confer on this topic. (*Id.* at 3-4 (citing Doc. No. 78).) With the Court's permission and after failing to resolve the disputed search terms, the parties thereafter submitted supplemental briefs addressing this issue. (*Id.* at 4 (citing Doc. Nos. 80, 83).)

3

In contrast, Plaintiffs assert that the Magistrate Judge properly determined that Plaintiffs' search terms should be utilized in light of the relevance of the proposed terms and the corresponding burden to Defendant. Plaintiffs emphasize that their proposed search terms are necessary to avoid missing relevant documents. Plaintiffs suggest that "it is to be expected that a large number of relevant documents will be in DHS's possession" in light of the statewide scope of this class action litigation. (Doc. No. 118 at 11-12.) Plaintiffs contest Defendant's arguments that the requested discovery is facially overburdensome or will result in a fishing expedition. Finally, Plaintiffs contend that the Magistrate Judge correctly found that Defendant had not established the alleged undue burden.

### B. Temporal Scope

Second, Magistrate Judge Thorson evaluated the appropriate temporal scope pertaining to Plaintiffs' written discovery requests.[2] The Magistrate Judge was "persuaded that Plaintiffs' temporal limits are appropriate" because the requested discovery was both relevant and proportional. (Doc. No. 102 at 6-7.) Specifically, the Magistrate Judge concluded that "Plaintiffs have explained why the temporal scope

---

[2] The temporal scope issue also first arose in connection with Plaintiff's previous Motion to Compel. (*Id.* at 5 (citing Doc. No. 65).) The parties' limited briefing on this issue, however, precluded the Magistrate Judge from adequately determining the appropriate time frame for all discovery requests; instead, the Magistrate Judge only determined the issue with respect to Interrogatory Nos. 1, 2, and 9 and Document Request No. 1. (*Id.* at 5-6 & n.3 (citing and quoting Doc. No. 78).) The parties then reargued this issue following a subsequent motion by Plaintiffs. (*Id.* at 6 (citing Doc. Nos. 86-90, 100).)

4

should reach back to 2009 for Document Requests 2, 7, 8, 9, 10, 11, 15, and 16."[3]  (*Id.* at 7.)  The Magistrate Judge acknowledged Defendant's argument that information from 2009 is not relevant in an official-capacity suit seeking prospective relief, but determined that "Defendant's argument . . . does not rebut Plaintiff's showing that responsive documents created between 2009 and the lawsuit are relevant to the underlying claims and defense in order to establish that Plaintiffs are entitled to the relief sought."  (*Id.* at 7-8.)  The Magistrate Judge further concluded that Defendant had not met her burden to establish that the application of Plaintiffs' proposed scope of discovery dating back to 2009 would be an undue burden, noting that this time frame would only result in 2,619 more documents to review than the 2013 date proposed by Defendant.[4]

With respect to temporal scope, Defendant argues that the Magistrate Judge's Order is contrary to law because the Magistrate Judge did not conduct an adequate

---

[3] The Court notes that Plaintiffs did not specifically move for an order addressing temporal scope with respect to Document Request No. 10.  (*See* Doc. No. 86.)  However, Document Request No. 10 is cross-referenced in Defendant's answers to other Document Requests for which Plaintiffs did move for a determination of temporal scope.  (*See, e.g.*, Doc. No. 86; Doc. No. 70 ("Burke Aff.") ¶ 7, Ex. F at 4-5 (concerning Document Request No. 15, responding in part that "Defendant refers Plaintiffs to Response to Request No. 10").)

[4] The Magistrate Judge also declined to preemptively grant Defendant's request to preclude discovery of potentially privileged documents.  In a footnote, Defendant raised an objection to this conclusion, contending that "many of Plaintiffs' document requests by their very terms seek information protected by deliberative process privilege."  (Doc. No. 109 at 6 n.3.)  While Defendant may have a valid claim of privilege with respect to some of the documents Plaintiffs seek to obtain, the Court agrees with the Magistrate Judge's conclusion that any claimed privilege with respect to particular discovery requests can be addressed through the parties' privilege logs and, if necessary, motion practice to resolve a dispute.

inquiry into whether Plaintiffs met their burden to establish relevance. In particular, Defendant asserts that the Order "contains no discussion of *why* documents created between January 1, 2009 and December 31, 2012 are relevant to Plaintiffs' claim that Defendant's *current* policies are unlawful." (Doc. No. 109 at 5.) Defendant also contends that Plaintiff's proposed time frame dating back to 2009 is not relevant and argues that the Magistrate Judge erred in concluding otherwise. Because this case only involves claims relating to Defendant's current policy seeking prospective relief, Defendant argues that prior policies are not relevant. Defendant also suggests that the cases Plaintiffs rely upon to establish relevance, *Lane v. Kitzhaber*, 283 F.R.D. 587 (D. Or. 2012) and *Steimel v. Wernert*, 823 F.3d 902 (7th Cir. 2016), actually support Defendant's position. Finally, Defendant argues that even if this time frame were relevant, the request to review 2,619 additional documents is not proportional under the circumstances.

Plaintiffs argue that the Magistrate Judge correctly determined that Plaintiffs' proposed time frame for discovery was relevant and proportional and properly concluded that Defendant had not established that the imposition of this time frame was irrelevant or would impose an undue burden. Plaintiffs note in particular that "the 2009 moratorium on new corporate foster care licenses created the need for more alternative settings and transition services." (Doc. No. 118 at 9.) Plaintiffs assert that Defendant has failed to rebut the relevance of this event and the corresponding time frame. Specifically, Plaintiffs contend that Defendant's argument that this case relates to only current policy does not undermine Plaintiffs' showing that "the time period between 2009 to the present

6

is directly relevant to reasonable promptness, due process, integration mandate claims and Defendant's fundamental alteration defense." (*Id.* at 10.)

## III. Analysis

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In evaluating the proper scope of permissible discovery under this rule, the court should "consider[] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Information that meets these requirements is discoverable even if it would not be admissible in evidence.[5] *Id.* A party opposing

---

[5] Rule 26(b)(1) was amended in 2015 to eliminate the statement that relevant information is discoverable even if not admissible in evidence if it is "reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. Although neither party has raised this issue, the Court notes that the Magistrate Judge quoted this language from the former version of Rule 26(b)(1) in the October 4, 2017 Order. (*See* Doc. No. 102 at 1-2.) Plaintiffs have also referenced the prior version of the rule. (*See, e.g.*, Doc. No. 118 at 12.)

The Magistrate Judge's reference to the prior rule, however, does not materially alter the relevance analysis at issue. Notably, "[c]ourts widely recognize that relevance is to be broadly construed, even since the recent change in the rule." *Amador v. U.S. Bank Nat'l Ass'n*, Civ. No. 16-600, 2017 WL 5151680, at *5 (D. Minn. Nov. 6, 2017) (citations omitted); *see also Henry v. Morgan's Hotel Grp., Inc.*, Civ. No. 15-CV-1789, 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) ("Under the amended Rule, [r]elevance is still to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." (quotation marks and citation omitted)). Furthermore, the Magistrate Judge appears to have

(Footnote Continued on Next Page)

7

discovery of electronically stored information "must show that the information is not reasonably accessible because of undue burden or cost." *See* Fed. R. Civ. P. 26(b)(2)(B).

In light of these governing standards and for the reasons outlined below, the Court concludes that Magistrate Judge Thorson's Order is neither clearly erroneous nor contrary to law with respect to both search terms and the temporal scope of discovery.

### A.   Search Terms

The Court concludes that the Magistrate Judge's Order is not clearly erroneous or contrary to law with respect to the parties' search terms dispute. The Court reaches this conclusion in light of the demonstrated relevance of each of Plaintiffs' proposed search terms and Defendant's failure to adequately support her claimed burden in utilizing those search terms. In particular, the Court finds that the terms relating to individualized housing options, integrated settings, and person-centered transition planning are directly relevant to Plaintiff's integration mandate and reasonable promptness claims. For clarity, the Court interprets the Magistrate Judge's October 4, 2017 Order to adopt the search terms proposed in Plaintiffs' supplemental brief on this issue. (*See* Doc. 102 at 4, 9 (citing Doc. No. 80).) To the extent Plaintiffs proposed a specific application of these search terms to particular discovery requests in their Memorandum in Support of Motion

---

(Footnote Continued From Previous Page)
appropriately focused on whether the information sought was pertinent to the parties' claims and defenses and whether the requested discovery was proportional under the circumstances. Thus, the Magistrate Judge's reference to the prior version of the rule does not alter the Court's consideration of Defendant's objections.

to Compel Discovery Regarding Temporal Scope, (*see* Doc. No. 88), the Court concludes that this proposal is not encompassed in the Magistrate Judge's October 4, 2017 Order.

### B. Temporal Scope

The Court also finds that the Magistrate Judge did not clearly err or act contrary to law in adopting Plaintiffs' proposed temporal scope for discovery dating back to January 1, 2009. The Court agrees with Defendant that the Eleventh Amendment bars federal courts from holding state actors liable for past conduct in an official-capacity suit seeking prospective relief. *See, e.g.*, *Green v. Mansour*, 474 U.S. 64, 71-74 (1985) (concluding that a federal court may not issue "a declaratory judgment that [a state actor] violated federal law in the past" in the absence of a continuing or threatened future violation). However, Plaintiffs are not seeking to impose such liability here. Plaintiffs request prospective declaratory and injunctive relief, and they do not seek to hold Defendant liable for prior conduct based on information dating back to 2009. Rather, as Plaintiffs have consistently articulated in their briefing on this issue, they seek discovery beginning in January 1, 2009 to support their claims for prospective relief and to rebut Defendant's fundamental alteration defense.

The Court agrees with Magistrate Judge Thorson that Plaintiffs have adequately demonstrated that this temporal scope is relevant. In 2009, the state imposed a moratorium on the development of new corporate foster care facilities. (*See* Doc. No. 70 ("Burke Aff.") ¶ 10 , Ex. I.) In Plaintiffs' Amended Complaint, Plaintiffs identify this event as relevant to their claims and suggest that "Defendants have known, since at least 2009, that individuals receiving Disability Waiver services need access to individualized

9

housing as an alternative to [Community Residential Setting ("CRS")] facilities." (Doc. No. 33 ¶ 66.)  Plaintiffs have explained why evidence from the time period following this event until the present is relevant.  In particular, such evidence is relevant to support Plaintiffs' claim that more integrated alternatives to CRS facilities are feasible and to oppose Defendant's contention that Plaintiffs' requested relief would constitute a fundamental alteration to the State's Disability Waiver services system.  Defendant has not demonstrated that such information is not relevant and has failed to establish that responding to discovery within this temporal scope would be an undue burden.

Giving proper deference to the Magistrate Judge's October 4, 2017 Order and for the reasons stated, the Court denies Defendant's appeal and affirms Magistrate Judge Becky R. Thorson's October 4, 2017 Order consistent with this Order.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's appeal (Doc. No. [109]) of Magistrate Judge Becky R. Thorson's October 4, 2017 Order and Opinion on Plaintiffs' Motion to Compel Regarding Temporal Scope and Terms for Searching Electronically Stored Information (ESI) is **OVERRULED**.

2. Magistrate Judge Becky R. Thorson's October 4, 2017 Order and Opinion on Plaintiffs' Motion to Compel Regarding Temporal Scope and Terms for Searching Electronically Stored Information (ESI) (Doc. No. [102] is **AFFIRMED** consistent with this Order.

Dated:  December 14, 2017         s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge