# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Tenner Murphy, by his guardians Kay and
Richard Murphy; Marrie Bottelson; and
Dionne Swanson; and on behalf of others
similarly situated,

              Plaintiffs,

v.

Emily Johnson Piper, in her capacity as
Commissioner of the Minnesota
Department of Human Services,

              Defendant.

Civ. No. 16-2623 (DWF/BRT)

**ORDER ON PLAINTIFFS'
MOTION PURSUANT TO
RULE 37(B)(2)**

---

Joseph W. Anthony, Esq., Peter McElligott, Esq., and Steven M. Pincus, Esq., Anthony Ostlund Baer & Louwagie PA; and Justin H. Perl, Esq., Christen Leigh Chapman, Esq., and Steven C. Schmidt, Esq., Mid-Minnesota Legal Aid, counsel for Plaintiffs.

Janine Wetzel Kimble, Esq., Scott H. Ikeda, Esq., and Aaron Winter, Esq., Minnesota Attorney General's Office, counsel for Defendant.

---

This matter is before the Court on Plaintiffs' Motion Pursuant to Rule 37(B)(2) (Doc. No. 175). Plaintiffs assert Defendant's supplemental response to Plaintiffs' Interrogatory No. 6(c) is deficient. In particular, Plaintiffs seek sanctions because the response makes clear that Defendant is still withholding information she has in her possession, custody, and control, even after this Interrogatory has been fully litigated resulting in a Court order requiring Defendant to supplement her response in full. Through this motion, Plaintiffs request the Court compel Defendant to fully and finally

comply with the Court's prior order, pay Plaintiffs' reasonable expenses and attorney's fees in bringing this motion, and find Defendant's failure to comply as contempt of court. The Court held a hearing on the motion on February 8, 2018, at which the parties were represented by counsel.

## DISCUSSION

### I.  Applicable Law

Federal Rule of Civil Procedure 26 governs discovery in federal court. Fed. R. Civ. P. 26(b)(1). Discovery under the Federal Rules of Civil Procedure, however, is not without bounds even if relevance is shown. Federal Rule of Civil Procedure 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Rule 26(b)(1) provides that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

2

Fed. R. Civ. P. 26(b)(1). The Court has already determined that information responsive to Interrogatory 6(c) is both relevant and proportional to the needs of the case. At issue now before the Court is whether Defendant's supplemental response is adequate.

Rule 33 explains that a party answering interrogatories "must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1)(B). Specifically—and importantly— it must "provide information that is available to it and can be produced without undue labor and expense." *Lindholm v. BMW of N. Am., LLC*, Civ. No. 3:15-CV-03003-RAL, 2016 WL 452315, at *5 (D.S.D. Feb. 5, 2016) (quoting *Miller v. Pruneda*, 236 F.R.D. 277, 282 (N.D. W. Va. 2004)). However, an interrogatory may not demand "extensive investigations or . . . complex research." *Miller*, 236 F.R.D. at 282 (citation omitted). An individual defendant named in her official capacity must answer interrogatories directed at the government entity "using all reasonably obtainable information within [her] possession, custody or control, including records maintained by [the relevant government entity]." *See Tyler v. Suffolk Cty.*, 256 F.R.D. 34, 37–38 (D. Mass. 2009).

In raising an objection to an interrogatory, the objecting party has the burden to demonstrate "that the information sought is not reasonably available to it." *Lindholm*, 2016 WL 452315, at *5 (citing 8B Charles A. Wright et al., *Federal Practice and Procedure* § 2174 (3d ed. 2010)). "If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information." *Id.* (quoting *Essex Builders Grp., Inc. v. Amerisure Ins.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005)); *see also*

3

Wright, *supra*, § 2177 & n.5 ("If a party is unable to give a complete answer to an interrogatory, it should furnish any relevant information that is available.").

## II. Interrogatory 6(c): Responses, Motion Practice, and Court Orders

Plaintiffs served Interrogatory No. 6 on Defendant on February 21, 2017. Interrogatory No. 6 states the following:

> **INTERROGATORY NO. 6:** For each lead agency, identify:
>
> a. Current compliance with the Person-Centered, Informed Choice, and Transition Protocol, available at: http://mn.gov/dhs-stat/images/pcp_protocol.pdf;
>
> b. The number of individuals who have moved from a corporate foster care facility into an alternative to foster care; and
>
> c. For each person identified in part b of this interrogatory, explain and describe in detail how the transition and move occurred.

(Doc. No. 70, Aff. of Sean Burke in Supp. of Mot. to Compel Disc. ("Burke Aff.") ¶ 2, Ex. A at 8.) Defendant responded and refused to answer the Interrogatory, stating the following:

> **OBJECTION:** Defendant objects to this Interrogatory because it is overbroad, unduly burdensome, seeks irrelevant information, and is vague specifically as to time and with respect to the meaning of "compliance." Defendant further objects to this Interrogatory to the extent it seeks information about individuals other than the Named Plaintiffs; specifically, the Interrogatory seeks irrelevant information to the extent it seeks information about lead agencies other than Hennepin County, because Hennepin County is the county of service for all Named Plaintiffs.

(Burke Aff. ¶ 4, Ex. C at 17–18.) Thereafter, Defendant supplemented her response to Interrogatory No. 6, restating the objection above and stating the following answer:

> **ANSWER:** Subject to and without waiving the general objections above and these specific objections, Defendant states the following:

4

>   As to (a), . . . .
>
>   As to (b), in 2016, 704 individuals moved out of corporate foster care into alternate living situations.
>
>   As to (c), Defendant does not have responsive information.

(Burke Aff. ¶ 6, Ex. E at 9–10.)

As is quite obvious, Defendant's initial response did not disclose that responsive information may be stored in "the various databases that are used by DHS in the administration of Disability Waivers," which include the Medicaid Management Information System ("MMIS"), the Waiver Management System ("WMS"), the Customer Relationship Management ("CRM"), the MAXIS, the Social Service Information System ("SSIS"), the Rates Management System ("RMS"), MnCHOICES Assessment and Support Planning Databases, and Lead Agency Reviews ("LAR"). (Doc. No. 182, Decl. of Alexandra Barolic ¶ 2.) Apparently, without looking at the databases now at issue, Defendant simply stated that she "does not have responsive information." (Burke Aff. ¶ 6, Ex. E at 10.)

On July 31, 2017, Plaintiffs filed a motion to compel with respect to this Interrogatory, among others. (Doc. No. 65.) Presumably, because Defendant claimed to have no responsive information in its possession or control regarding to Interrogatory 6(c), Plaintiffs' motion focused on a need for more identifying data, and in particular asked for "the name and contact information of persons identified in response[] to Interrogator[y] 6[.]" (Doc. No. 68, Pls.' Mem. in Supp. of Mot. to Compel Disc. 20–24.) Plaintiffs explained their reasoning, stating: "These groups have transitioned out of

5

corporate foster care and into some type of alternative. Plaintiffs believe their experiences are directly relevant to theories of liability and scope of possible relief. Plaintiffs want to sample this group of people to learn more information about how and why they were successful in moving out, and whether they are now living in a more integrated setting." (*Id.* at 22.) In opposition to Plaintiffs' motion, Defendant did not call out Interrogatory No. 6 specifically in her response. Instead, Defendant argued generally that (1) documents held by lead agencies were not in Defendant's possession, custody, or control; (2) Defendant has no legal right to obtain individual case management documents from lead agencies; (3) individual case management documents about all disability waiver recipients are not relevant and not proportional to the needs of the case; and (4) the identifying information about non-named plaintiffs is not relevant. (*Id.* at 16–21.)

On August 21, 2017, the undersigned issued an Order on Plaintiffs' motion. This Court acknowledged that a party responding to interrogatories must respond in accordance with Rules 26 and 33, but was not required to obtain and review third-party documents pursuant to Rule 34 (*i.e.*, regarding requests for production) in order to completely answer interrogatories. (Doc. No. 78, 8/21/17 Order at 13.) However, this Court also stated:

> [W]hen answering interrogatories, a party does have an obligation to "make efforts to obtain the desired information." *See* 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2163 (3d ed. 2010). "The party objecting to interrogatories bears the burden of showing that the information sought is not reasonably available to it." *Lindholm v. BMW*, No. 3:15-CV-03003-RAL, 2016 WL 452315, *5 (D.S.D. Feb. 5, 2016). "If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should

6

set forth in detail the efforts made to obtain the information." *Id.* (quotations omitted).

(*Id.* at 13–14.) Specifically regarding Interrogatory No. 6(c), this Court ruled as follows:

> As to Part c.—how the transition occurred with respect to the 704 individuals—Defendant contends that she does not have responsive information. Defendant must, however, make efforts to obtain the desired information. If Defendant lacks necessary information to make a full, fair, and specific answer to an interrogatory, she must state so under oath and Defendant must also set forth in detail the efforts made to obtain the information. As to this interrogatory, an answer setting forth in detail the efforts made to obtain the information must include an explanation as to why records required to be maintained pursuant to 42 C.F.R. § 431.17 do not provide responsive information. Finally, if Defendant refers or relies on any documents for purposes of her answer, those documents must be produced or disclosed pursuant to Document Request No. 4.

(*Id.* at 16.)

Defendant appealed this Court's Order to United States District Court Judge Donovan W. Frank. (Doc. No. 79.) Specifically, she sought reversal of the undersigned's Order, arguing that Defendant should not have to supplement interrogatories "by reviewing the complete case management records held by lead agencies." (*Id.* at 1.) With respect to her argument about Interrogatory 6(c) on appeal, Defendant stated the following: "704 individuals were identified in part b. Defendant would have to review individual case-management records of 704 Waiver recipients to answer this question." (*Id.* at 3.) Thereafter, Defendant made a burdensome and proportionality argument, stating that answering "all of the at-issue interrogatories" on appeal "would require a great deal of time and resources." (*Id.* at 4–5.) Defendant went on to argue that all individual case management records held by lead agencies are not within the control or reasonably available to Defendant. (*Id.* at 8.) In Plaintiffs' response to Defendant's

7

appeal, they pointed out that "Defendant does not need to review every document in every individual case management file," but that "Defendant need only review, or ask lead agencies and/or case managers to review, portions of the case management files related to transition" to respond to Interrogatory No. 6(c). (Doc. No. 91 at 10.)

On November 22, 2017, United States District Judge Frank affirmed the undersigned's August 21, 2017 Order. (Doc. No. 151.) In doing so, the Court noted that the August Order did "not specify that Defendant[] must contact the 87 lead agencies to obtain information from case management files in order to answer each interrogatory," but instead "specifies that Defendant must make efforts to obtain information and state under oath what efforts were undertaken if Defendant determines she is unable to answer the questions posed with information that is available to her." (*Id.* at 9.) Judge Frank "decline[d] to conclude that requiring Defendant to reach out to lead agencies to answer interrogatories would in all circumstances be unreasonable or beyond the scope of what is permitted under the relevant discovery rules," and stated that "[i]f Defendant determines that information from lead agencies is not reasonably available to her, she must articulate why that is the case with respect to the particular information being requested." (*Id.* at 9–10.) Judge Frank concluded that the discovery ordered—which would have included responding to Interrogatory No. 6(c)—"is both relevant and proportional under Federal Rule of Civil Procedure 26(b)(1)." (*Id.* at 10.)

While Defendant's appeal was pending—and in response to this Court's August Order requiring Defendant to supplement Interrogatory No. 6(c) by September 7th—

Defendant did supplement its response. Defendant restated her original objection to Interrogatory No. 6, and then stated the following with respect to Interrogatory No. 6(c):

> As to (c), Defendant does not have responsive information. Defendant does not have responsive information to (c) because "details" about how a transition and move occurred would be reflected in case management records and is not data held by Defendant.
>
> In order to obtain information responsive to this interrogatory, DHS in-house counsel worked with DSD leadership and staff in order to discover what records DHS had which might provide responsive information. DSD leadership and staff most familiar with the subject matter of transition planning identified key staff members who would be likely to have responsive information and those key staff people were then contacted to determine what information they had. For this interrogatory, DSD staff determined that the most responsive information DHS would be able to obtain would be in DHS' MMIS database. MMIS is described on the DHS website.[] However, as to (c), the MMIS database does not contain specific details about how a transition or move occurred.
>
> As required by 42 CFR 431.17, DHS maintains the following records for waiver recipients:
>
>   1. Date of application . . . .
>   2. Date of and basis for disposition . . . .
>   3. Facts essential to the determination of initial and continuing eligibility . . . .
>   4. Provision of medical assistance . . . .
>   5. Basis for discontinuing assistance . . . .
>   6. The disposition of income and eligibility verification information received under §§ 435.940 through 435.960 of this subchapter . . . .
>   7. Statistical, fiscal, and other records necessary for reporting and accountability as required by the Secretary . . . .
>
> Certain databases enable users to add notes, and in some cases to attach miscellaneous documents, but Defendant cannot know whether responsive information would be retained in any of those notes or miscellaneous documents without reviewing all notes and all miscellaneous documents as to all Disability Waiver recipients in all databases. It would be disproportionate to the needs of the case and unduly burdensome to review all of that information because thousands of individuals receive Disability Waivers. It is also unlikely such notes or miscellaneous documents would

9

> contain sufficient information to fully answer the interrogatories, even as to specific individuals.
>
> DHS is not required to and does not maintain complete individual case management files for compliance with 42 CFR 431.17. Case management is handled at the lead agency level . . . . Complete individual case management files containing details on the particular resources an individual uses to transition from a corporate foster care facility[] to an alternative living arrangement are maintained only by lead agencies.

(Doc. No. 169, Def.'s Responses to Pls.' First Set of Interrogatories (Third Supplement) 8–11.)

After a status conference with the undersigned on December 11, 2017 (Doc. No. 159), and further confirmation by Plaintiffs, Plaintiffs indicated by letter dated December 29, 2017, that there was still a dispute as to Defendant's response to Interrogatory 6(c). (Doc. No. 164.) Defendant filed a responsive letter on January 8, 2018. (Doc. No. 167.) The Court then instructed Plaintiffs to file a formal motion on the issue by February 7, 2018, if not resolved through further meet and confer. (Doc. No. 168.) On January 25, 2018, Plaintiffs filed the present motion with the Court. (Doc. No. 175.) In Plaintiffs' motion, they contend Defendant's supplemental response shows she is still withholding information she has in her possession, custody, and control responsive to Interrogatory No. 6(c). Plaintiffs request the Court compel Defendant to fully comply with the Court's prior Order, pay Plaintiffs' reasonable expenses and attorney's fees in bringing this motion, and find Defendant's failure to comply as contempt of court.

### III.    Analysis

This Court finds that Defendant's supplemental response to Interrogatory 6(c) is not adequate. First, Defendant's response is internally inconsistent. She states that "[a]s to (c), Defendant **does not have** responsive information." (Doc. No. 169, Def.'s Responses to Pls.' First Set of Interrogatories (Third Supplement) 8 (emphasis added).) Defendant then states, "Defendant does not have responsive information to (c) because 'details' about how a transition and move occurred would be reflected in case management records and **is not data held by Defendant**." (*Id.* (emphasis added).) Yet, Defendant later states, "For this interrogatory, DSD staff determined that the most responsive information DHS would be able to obtain **would be in DHS' MMIS database**." (*Id.* at 9 (emphasis added).) Therefore, the data would be in one of Defendant's databases and thus held by Defendant, contrary to her earlier statement; and if there, Defendant would have responsive information.

Second, when Defendant submitted papers in response to this motion, she included information that even more clearly showed that Defendant has responsive information that was not included in her supplemental response. For example, Defendant submitted the Declaration of Alexandra Bartolic, the Director of the Disability Services Division at the Department of Human Services; she states she is "familiar with the various databases that are used by DHS in the administration of Disability Waivers[.]" (Barolic Decl. ¶ 2.) Of those databases "that are used by DHS," she says that the MnChoices Assessment and Support Planning database, CRM database, the SSIS database, and the LAR database "could contain some information related to how a transition occurred for an individual

11

who stopped residing in a Corporate Foster Care." (*Id.* ¶ 4.) Defendant admittedly has access to these databases (*i.e.*, the databases she concedes would have the most responsive information). She simply chose not to search them because she contends the search (1) would be too burdensome and (2) would not result in enough information to give a "full" response to Interrogatory No. 6(c).

Defendant had the full opportunity to argue burden when Interrogatory No. 6[1] was previously being litigated and appealed. In fact, Defendant did raise a burden/proportionality argument to Judge Frank on appeal, and he overruled that objection. (Doc. No. 151 at 9 (stating that "Defendant must make efforts to obtain information").) Defendant states in her supplemental response, "Certain databases enable users to add notes, and in some cases to attach miscellaneous documents, but Defendant cannot know whether responsive information would be retained in any of those notes or miscellaneous documents without reviewing all notes and all miscellaneous documents as to all Disability Waiver recipients in all databases." (Doc. No. 169, Def.'s Responses to

---

[1] Defendant contends that Plaintiffs' prior motion to compel was focused only on Interrogatory 6(b), not 6(c). Although Plaintiffs did focus on obtaining identifying information in that motion, Plaintiffs did not limit their motion to Interrogatory 6(b). (Doc. No. 68, Pls.' Mem. in Supp. of Mot. to Compel Disc. 20–24.) Instead, the reasoning provided by Plaintiffs for gaining information relative to Interrogatory 6 included that they wanted to "learn more information about how and why [the individuals] were successful in moving out, and whether they are now living in a more integrated setting." (*Id.* at 22.) This is directly relevant to Interrogatory 6(c). Further, at the hearing on that motion, it was made clear that 6(b) was a request seeking only "[t]he number of individuals." ("Burke Aff." ¶ 2, Ex. A at 8.) Even setting all of that aside, Defendant did not limit her opposition or her appeal to Interrogatory 6(b). In fact, her appeal included reference to Interrogatory 6(c). (Doc. No. 79 at 3.)

Pls.' First Set of Interrogatories (Third Supplement) 10.) While this may be true, Defendant has to look. The Court finds that the time that it will take to look for this information—information that Defendant concedes is available to her—is not overly burdensome and it is proportional to the needs of this case. *See Lindholm*, 2016 WL 452315, at *5 (stating that the objecting party has the burden to demonstrate "that the information sought is not reasonably available to it"); *see also Westinghouse Credit Corp. v. Mountain States Mining & Milling Co.*, 37 F.R.D. 348, 349 (D. Colo. 1965) ("The majority interpretation of Rule 33 requires that a corporation furnish such information as is available from the corporation itself *or from sources under its control*."); *Am. Int'l Specialty Lines Ins. Co. v. NWI-I, Inc.*, 240 F.R.D. 401, 413 (N.D. Ill. 2007) ("Rule 33 imposes a duty to provide full answers to interrogatories, including all the information within the responding party's knowledge and control.").

Defendant further contends that she need not search the databases because she believes the information that she would receive from that search would be fragmented and would not allow for her to make a "full, fair, and specific" response to Interrogatory 6(c). First, Defendant will not know for certain what information she has until she looks. And second, Defendant is misreading what "full, fair, and specific" means. It does not mean that if a party has some—but not complete—information on a topic, then they are unable to provide a "full, fair, and specific" response. Providing a "full, fair, and specific" response means providing an answer that is complete with "all the information within the responding party's knowledge and control." *Am. Int'l Specialty Lines Ins. Co.*, 240 F.R.D. at 413; *see also* Wright, *supra*, § 2177 ("[I]nterrogatories should be answered

13

directly and without evasion in accordance with information that the answering party possesses after due inquiry.")). And "[i]f a party is unable to give a complete answer to an interrogatory, it should furnish any relevant information that is available." *Id.* § 2177 & n.5. Here, Defendant admittedly has databases available to her that likely contain the most relevant information.

Therefore, Defendant has to look for the responsive information in the databases, and she has to supplement Interrogatory 6(c) with any responsive information. To the extent this information provides a lead to additional responsive information, those leads must also be pursued in order to locate responsive information within Defendant's possession and control. To be certain that Defendant complies with this Court's Order and with what a complete response to Interrogatory No. 6(c) requires, Defendant must include in her supplemental response a chart that accounts for all 704 individuals, includes what information was learned about the transition, and includes the source(s) of the information. A sample chart is as follows:

| **Assigned number for Individuals 1 – 704** | **Date of the Transition** | **Information known about the Transition** | **Source of Information (Documents)** | **Source of Information (Person or Persons)** |
|---|---|---|---|---|
| 1. | | [provide narrative about what Defendant knows about how the transition and move occurred] | [list data base searched, and documents reviewed by Bates number] | [list persons who provided information] |
| 2. | | [insert paragraphs – explain and describe information you know about how the transition and move occurred] | [list data base searched, and documents reviewed by Bates number] | [list persons who provided information] |
| … | | [insert paragraphs – explain and describe information you know about how the transition and move occurred] | [list data base searched, and documents reviewed by Bates number] | [list persons who provided information] |

| 703. | | [insert paragraphs – explain and describe information you know about how the transition and move occurred] | [list data base searched, and documents reviewed by Bates number] | [list persons who provided information] |
|---|---|---|---|---|
| 704. | | [insert paragraphs – explain and describe information you know about how the transition and move occurred] | [list data base searched, and documents reviewed by Bates number] | [list persons who provided information] |

Again, if Defendant refers or relies on any documents for purposes of her answer, those documents must be produced or disclosed pursuant to Document Request No. 4. At this stage, Interrogatory No. 6(c) has been fully addressed and objections regarding the burden to respond to Interrogatory No. 6(c) have either been addressed previously or are now hereby overruled.[2] Defendant has thirty (30) days to supplement her response.[3]

---

[2] The basic rules of discovery clearly required Defendant to disclose responsive information within its custody and control – or timely object when the response was due. *See* Wright, *supra*, § 2177 ("[I]nterrogatories should be answered directly and without evasion in accordance with information that the answering party possesses after due inquiry."). Defendant does not dispute that the interrogatory called for information within DHS's control. The argument that more complete information was held by the lead agencies—which Defendant asserts was outside Defendant's control—did not excuse Defendant from responding with what is indisputably in her possession and control. Nor does it allow a party to raise yet additional objections after production is compelled. *See* Fed. R. Civ. P. 33 (b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). As discussed above, Defendant had the opportunity to object (and did object generally) on burdensomeness grounds when Interrogatory No. 6 was being litigated. However, up until now, Defendant was silent regarding any specific burden that would flow from searching databases. Her failure to timely object on the burden of searching databases—which are and were within Defendant's control when Defendant submitted her first response and objections to Interrogatory No. 6—results in a waiver of that specific objection.

[3] Notably, Judge Frank "decline[d] to conclude that requiring Defendant to reach out to lead agencies to answer interrogatories would in all circumstances be unreasonable
(Footnote Continued on Next Page)

Finally, Plaintiffs also request further sanctions pursuant to Federal Rule of Civil Procedure 37 in the form of finding Defendant in contempt and in the form of attorney's fees and costs for Defendant's failure to comply with Court orders and for necessitating the filing of this motion. This Court has broad discretion in imposing discovery sanctions. *Good Stewardship Christian Ctr. v. Empire Bank*, 341 F.3d 794, 797–98 (8th Cir. 2003); *see also Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976) (noting abuse of discretion standard). Although this Court finds Defendant's reasons for not searching its databases and for not providing a complete answer to Interrogatory 6(c) perplexing, especially in light of both its and Judge Frank's prior orders, this Court will not at this time award further sanctions. Conducting the database searches, reviewing the information, and supplementing Interrogatory No. 6(c) with what information Defendant has that is responsive is what is required. If Defendant does not comply with this Court Order, the Court reserves the right to impose the sanctions Plaintiffs have requested, further sanctions the Plaintiffs request, or other sanctions the Court finds fair and just. Therefore, Plaintiffs' request for further sanctions is denied without prejudice.

---

(Footnote Continued from Previous Page)
or beyond the scope of what is permitted under the relevant discovery rules." (Doc. No. 151 at 9–10.) Nothing in this Order should be interpreted to mean that reaching out to lead agencies to answer interrogatories would be unreasonable or too burdensome. Instead, the Court limits the relief ordered here to that requested, which was for Defendant to search her databases for responsive information.

16

## ORDER

Based on the file, records, argument of counsel, and for all of the above reasons,

**IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion Pursuant to Rule 37(B)(2) (Doc. No. 175) is **GRANTED IN PART** and **DENIED IN PART without prejudice** as explained above.


Date:  February 21, 2018                                *s/ Becky R. Thorson*
                                                        BECKY R. THORSON
                                                        United States Magistrate Judge