UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tenner Murphy, by his guardians Kay and Richard Murphy; Marrie Bottelson; Dionne Swanson; and on behalf of others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>Emily Johnson Piper in her Capacity as Commissioner of the Minnesota Department of Human Services,<br><br>          Defendant. | Civil No. 16-2623 (DWF/BRT)<br><br><br><br>**ORDER** |

**INTRODUCTION**

This matter is before the Court upon Defendant's appeal (Doc. No. 203) of Magistrate Judge Becky R. Thorson's February 21, 2018 Order on Plaintiffs' Motion Pursuant to Rule 37(b)(2) (Doc. No. 189). Plaintiffs filed a response to Defendant's objections on March 21, 2018. (Doc. No. 206.)

**DISCUSSION**

**I.      Legal Standard**

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). This is an "extremely deferential" standard. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on

the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *Chase v. Comm'r of Internal Revenue*, 926 F.2d 737, 740 (8th Cir. 1991)). "A magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure." *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017) (citing *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010)).

## II.   The Magistrate Judge's Order and Defendant's Objections

On January 25, 2018, Plaintiffs filed a Motion Pursuant to Rule 37(b)(2), seeking to compel Defendant to fully respond to an interrogatory that Plaintiffs had initially prepared on February 21, 2017. (*See* Doc. Nos. 175, 177; *see also* Doc. No. 70 ("Burke Aff.") ¶ 2, Ex. A at 8, 13.) Specifically, Plaintiffs took issue with Defendant's response to Interrogatory No. 6(c), a subpart of the following interrogatory:

> **INTERROGATORY NO. 6:**  For each lead agency, identify:
> a.  Current compliance with the Person-Centered, Informed Choice, and Transition Protocol, available at: http://mn.gov/dhs-stat-images/pcp_protocol.pdf;
> b.  The number of individuals who have moved from a corporate foster care facility into an alternative to foster care; and
> c.  For each person identified in part b of this interrogatory, explain and describe in detail how the transition and move occurred.

(Burke Aff. ¶ 2, Ex. A at 8.) In their Rule 37(b)(2) Motion, Plaintiffs also sought a contempt finding against Defendant and attorney fees. (Doc. No. 175.) Defendant opposed Plaintiffs' motion. (Doc. Nos. 180-85.)

On February 21, 2018, the Magistrate Judge granted Plaintiffs' Rule 37(b)(2) motion in part, compelling a supplemental response to Interrogatory No. 6(c), but otherwise denying without prejudice Plaintiffs' requested relief. (Doc. No. 189 at 14-17.) Specifically, the Magistrate Judge determined that Defendants' supplemental response to Interrogatory No. 6(c) was inadequate. The Magistrate Judge explained that Defendant's supplemental interrogatory response, along with the supporting documents filed in opposition to Plaintiffs' motion, demonstrated "that Defendant has responsive information that was not included in her supplemental response." (*Id.* at 11.) Even though Defendant admitted to having responsive information within her own databases, the Magistrate Judge explained, "[s]he simply chose not to search them because she contends the search (1) would be too burdensome and (2) would not result in enough information to give a 'full' response to Interrogatory No. 6(c)." (*Id.* at 12.) The Magistrate Judge went on to explain why neither position justified Defendant's deficient response.

First, the Magistrate Judge concluded that Defendant's argument regarding alleged undue burden and disproportionality had already been fully litigated. The Magistrate Judge determined "that the time that it will take to look for this information—information that Defendant concedes is available to her—is not overly burdensome and it is proportional to the needs of this case." (*Id.* at 13.) Second, the Magistrate Judge rejected Defendant's argument that she could not provide a full response with the information available to her, noting that "Defendant will not know for certain what information she has until she looks." (*Id.*) The Magistrate Judge also clarified that "[p]roviding a 'full,

3

fair, and specific' response means providing an answer that is complete with 'all the information within the responding party's knowledge and control.'" (*Id.* (citation omitted).) Thus, the Magistrate Judge held that "Defendant has to look for the responsive information in the databases, and she has to supplement Interrogatory 6(c) with any responsive information." (*Id.* at 14.) Further, the Magistrate Judge directed Defendant to pursue additional responsive information to the extent her search revealed further information.

The Magistrate Judge directed that Defendant supplement her response to Interrogatory No. 6(c) along with a chart accounting for the 704 individuals at issue, and she provided a sample chart within the order. The Magistrate Judge concluded, "[a]t this stage, Interrogatory No. 6(c) has been fully addressed and objections regarding the burden to respond to Interrogatory No. 6(c) have either been addressed previously or are now hereby overruled." (*Id.* at 15.) The Magistrate Judge specifically held that Defendant's "failure to timely object on the burden of searching databases—which are and were within Defendant's control when Defendant submitted her first response and objections to Interrogatory No. 6—results in a waiver of that specific objection." (*Id.* at 15 n.2.)

Defendant objects to numerous aspects of the Magistrate Judge's February 21, 2018 order. First, Defendant asserts that the Magistrate Judge acted based on clearly erroneous factual conclusions in determining that Defendant had waived her objections regarding burden and proportionality with respect to searching within Defendant's own databases. Thus, Defendant argues, the Magistrate Judge denied Defendant due process

4

by declining to consider objections that "Defendant raised and substantiated . . . at its first opportunity" once Plaintiff requested that Defendant be ordered to search her own databases. (Doc. No. 203 at 9.) Defendant contends that "[j]ustice requires this Court consider Defendant's objections." (*Id.*) Second, upon considering Defendant's objections, Defendant argues that the Court should "hold that the ordered discovery is unduly burdensome and disproportionate to the needs of the case." (*Id.*) Defendant asserts that it would require at least 379 hours to search the databases and review documents in all of them. And according to Defendant, the information potentially maintained in the databases is merely "scraps of information insufficient to fully answer Interrogatory No. 6(c)." (*Id.*) Third, Defendant contends that the Magistrate Judge's direction that Defendant search her databases and compile a chart containing responses regarding 704 individuals violates basic interrogatory principles. Specifically, Defendant asserts that interrogatories cannot "demand 'extensive investigations or . . . complex research,'" and that a court should not permit parties to use interrogatories "as a device for compelling the interrogated party to prepare the interrogator's case for him." (*Id.* at 10 (citations omitted).) Finally, Defendant argues that "the February 21 Order rewrites the . . . August 21 Order." (*Id.* at 11.) According to Defendant, the August 21 Order only required Defendant to respond if she knew the answer to the questions posed. However, Defendant argues, she does not know how the transition occurred for the 704 individuals at issue in Interrogatory No. 6(c). Defendant contends that, even though "some of its databases may have fragmentary information" about some particular individuals' transition out of a CRS facility, this information would not be sufficient "to 'answer the

5

question posed'" by Interrogatory No. 6(c).  (*Id.* at 12.)  Thus, Defendant asks the Court to overrule the Magistrate Judge's February 21, 2018 Order.

Plaintiffs dispute Defendant's objections and ask the Court to affirm the Magistrate Judge's Order.  First, Plaintiffs argue Defendant in fact had many opportunities to object to Interrogatory No. 6(c) regarding undue burden.  Plaintiffs emphasize that "Defendant did not make anyone aware that she was withholding responsive information including notes and documents in her own databases until after she had appealed Magistrate Judge Thorson's August 21, 2017 Order."  (Doc. No. 206 at 5.)  Plaintiffs argue that crediting Defendant's due process argument would permit parties to initially withhold information in order to later re-litigate more narrow objections regarding that information.  In fact, Plaintiffs contend, "Defendant was put on notice of her obligation to provide a full, fair, and specific response to Interrogatory 6(c)" in the August 21, 2017 Order, and she had an opportunity to be heard when she appealed that order.  (*Id.* at 6.)  Plaintiffs argue that Defendant also received due process when litigating Plaintiffs' Rule 37(b)(2) motion.  Second, Plaintiffs argue that the Magistrate Judge correctly held that searching for information within Defendant's databases would not impose an undue burden.  Third, Plaintiffs dispute Defendant's arguments that the Magistrate Judge's Order violates governing interrogatory principles.  Plaintiffs assert that these objections are simply another variation of her "meritless burden objection." (*Id.* at 8.)  Finally, Plaintiffs contend that both the February 21 and August 21 orders are consistent with one another and the relevant governing law.  Specifically, Plaintiffs assert, "both Orders required Defendant to provide information that Defendant admits she

has." (*Id.* at 9.) Plaintiff argues that to the extent the later order differs, it is merely a clarification and is consistent with the court's discretion to impose Rule 37 sanctions.

## III. Analysis

A court may order sanctions under Federal Rule of Civil Procedure 37(b)(2) against a party who "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). The imposition of Rule 37 sanctions requires "an order compelling discovery, a willful violation of that order, and prejudice to the other party." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999); *see also Holmes v. Trinity Health*, 729 F.3d 817, 821 (8th Cir. 2013) ("[A] Rule 37(b) sanction should not be imposed by the trial court unless a Rule 37(a) order is in effect." (quoting *Dependahl v. Falstaff Brewing Corp.*, 653 F.2d 1208, 1213 (8th Cir. 1981))). When a court is considering Rule 37(b) sanctions, "[t]he propriety of the discovery sought is not in issue" because "[t]hat question will have been decided when the court ordered the discovery." *See* 8B Charles Alan Wright, et al., *Federal Practice and Procedure* § 2289 (3d ed. April 2018 Update).

A court's decision whether to impose discovery sanctions is discretionary. *See Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.*, 380 F.3d 1084, 1105 (8th Cir. 2004). In exercising this discretion, the court is permitted "to choose the most appropriate sanction under the circumstances" and need not "impose the least onerous sanction available." *Chrysler*, 186 F.3d at 1022. However, "Rule 37(b) . . . requir[es] that the sanction be just and that it be specifically related to the claim at issue in the discovery order." *Gleghorn v. Melton*, 195 F. App'x 535, 537 (8th Cir. 2006).

7

A party's failure to provide complete information in discovery following a court's order directing such production supports the imposition of Rule 37 sanctions. *See Comstock v. UPS Ground Freight, Inc.*, 775 F.3d 990, 991-92 (8th Cir. 2014). In addition, "an evasive or incomplete disclosure, answer, or response" is construed as a failure to respond. *Hope Elec. Corp.*, 380 F.3d at 1105 (quoting Fed. R. Civ. P. 37(a)(3)). A party will not be excused from sanctions based upon "a general allegation as to the burdensome nature of a discovery request." *Id.* at 1106 (citing Fed. R. Civ. P. 37(d)). Where a court has ordered a party to answer interrogatories, it may conclude that the order "carried with it the implicit condition to answer fully and completely," rendering sanctions appropriate when the party fails to adequately respond. *See Dependahl*, 653 F.2d at 1212-13 (citation omitted).

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In evaluating the proper scope of permissible discovery under this rule, the court should "consider[] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Information that meets these requirements is discoverable even if it would not be admissible in evidence. *Id.*

In responding to interrogatories, Federal Rule of Civil Procedure 33 requires an entity to "furnish the information available to [it]" through an agent or officer. Fed. R.

8

Civ. P. 33(b)(1)(B). A party must respond with available information that "can be produced without undue labor and expense." *Lindholm v. BMW*, Civ. No. 3:15-CV-03003-RAL, 2016 WL 452315 at *5 (D.S.D. Feb. 5, 2016) (quoting *Miller v. Pruneda*, 236 F.R.D. 277, 282 (N.D. W. Va. 2004)). "The answers to interrogatories must be responsive, full, complete and unevasive. The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control." *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) (quoting *Cont'l Ill. Nat'l Bank & Trust Co. v. Caton,* 136 F.R.D. 682, 684 (D. Kan.1991)). In this context, a responding party is deemed to have knowledge of information contained "in records available to it." Wright, *supra* § 2177. "If a party is unable to give a complete answer to an interrogatory, it should furnish any relevant information that is available." *Id.* Furthermore, "[i]f the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information." *Lindholm*, 2016 WL 452315, at *5 (quoting *Essex Builders Grp.*, 230 F.R.D. at 685).

The Court concludes that the Magistrate Judge properly determined that Rule 37 sanctions were warranted in these circumstances. First, the Magistrate Judge's August 21, 2017 Order compelled the production of information that is responsive to Interrogatory No. 6(c). Concerning this interrogatory, the order stated that "Defendant must . . . make efforts to obtain the desired information." (Doc. No. 78 at 17.) The Magistrate Judge also directed that "[i]f Defendant lacks necessary information to make a

full, fair, and specific answer to an interrogatory, she must state so under oath and Defendant must also set forth in detail the efforts made to obtain the information." (*Id.*) By directing Defendant to answer this interrogatory, it was implicit that Defendant was obligated to answer fully and with all of the information available to her.

Second, the Court determines that Defendant willfully failed to adequately respond to Interrogatory No. 6(c) in compliance with the August 21, 2017 Order. Defendant gave an incomplete answer and revealed that she was withholding potentially responsive information in notes and documents that were admittedly available to her. Defendant incorrectly assumes that her failure to completely answer a particular interrogatory relieves her from revealing any responsive information she has within her possession. This is not the case. Rather, as the Magistrate Judge correctly determined, Defendant was and is obligated to fully disclose the information that she has, even if such information only *partially* answers the question posed by Interrogatory No. 6(c). Instead of disclosing the information she identified, Defendant instead lodged objections regarding the alleged burden of fully disclosing this information. On their own, however, these objections could not shield Defendant from the Magistrate Judge's ultimate determination that sanctions were warranted. It was only after Plaintiff moved for sanctions that Defendant sought to substantiate these objections with specific information regarding the nature of the burden of searching within her own databases. Notwithstanding Defendant's objections, the Magistrate Judge determined that it would not be unduly burdensome for Defendant to search her own databases for responsive

information.  The Court concludes that the Magistrate Judge did not err in reaching this conclusion.

Third, sanctions were appropriate because Defendant's incomplete response has prejudiced Plaintiffs by depriving them of relevant information that is pertinent to their claims and Defendant's fundamental alteration defense.  The Court also concludes that the specific sanctions ordered by the Magistrate Judge were an appropriate exercise of discretion.  Instead of imposing a financial sanction, finding Defendant in contempt, or adopting a drastic sanction such as dismissal, the Magistrate Judge simply clarified Defendant's discovery obligations and ordered Defendant to fully answer Interrogatory No. 6(c) with information that is available to her.  This moderate sanction was tailored to the particular discovery dispute at issue and appropriate in light of the circumstances and litigation history relevant to Interrogatory No. 6(c).

As noted above, when a court is considering Rule 37(b) sanctions, "[t]he propriety of the discovery sought is not in issue" because "[t]hat question will have been decided when the court ordered the discovery."  *See* Wright, *supra* § 2289.  In light of Defendant's choice to initially withhold responsive information, however, neither the parties nor the Court had a specific opportunity to address the propriety of obligating Defendant to search her own databases when Interrogatory No. 6(c) was previously being litigated.[1]  Thus, Defendant now argues that the Magistrate Judge's Order violates

---

[1]   The Magistrate Judge's Order suggests that this Court has previously determined the relevance and proportionality of requiring Defendant to respond to Interrogatory No. 6(c). While this Court may have done so in the context of Defendant's limited

(Footnote Continued on Next Page)

discovery principles by demanding extensive research and obligating Defendant to prepare the Plaintiffs' case. The Court rejects both arguments.

Although "[a] party . . . must provide by way of answers to interrogatories the relevant facts readily available to it[,] it should not be required to enter upon extensive independent research in order to acquire such information." *La Chemise Lacoste v. Alligator Co.*, 60 F.R.D. 164, 171 (D. Del. 1973); *see also Miller*, 236 F.R.D. at 282 (stating that an interrogatory may not demand "extensive investigations or . . . complex research"); *cf. Fischer & Porter Co. v. Sheffield Corp.*, 31 F.R.D. 534, 537 (D. Del. 1962) ("[A] party is not required to make research or compilation of data *except that within its own knowledge*." (quotation marks and citation omitted)). Thus, courts have declined to obligate a party to obtain data in the possession of another entity, *La Chemise Lacoste*, 60 F.R.D. at 171, or "to investigate all persons who have been its officers or employees during, at least, the last eight years" to determine whether such employees had responsive information, *Fischer & Porter Co.*, 31 F.R.D. at 538.

Similarly, "a party cannot ordinarily be forced to prepare its opponent's case." Wright, *supra*, § 2174; *see also Kainz v. Anheuser-Busch, Inc.*, 15 F.R.D. 242, 251 (N.D. Ill. 1954) ("A litigant may not compel his adversary to go to work for him." (citation

---

(Footnote Continued From Previous Page)
appeal, this Court has not had an opportunity to evaluate whether it would be unduly burdensome or disproportional to the needs of the case to require Defendant to search her own databases for responsive information. Simply put, there is no way the Court could have considered this issue because Defendant did not reveal that she was in the possession of responsive information until after her appeal to this Court had been filed. Thus, the Court will consider these objections now.

omitted)). However, if "the information sought is solely within plaintiff's knowledge and no independent research is called for," a court may properly require that the interrogatory be answered. *See Fischer & Porter Co.*, 31 F.R.D. at 537. *But cf. Kainz*, 15 F.R.D. at 251-52 (discussing cases in which interrogatory objections were at least partially sustained where the interrogatories at issue "would have compelled defendants to make detailed and expensive compilations and examinations of their records," among other factors); *Riss & Co. v. Ass'n of Am. R.R.s*, 23 F.R.D. 211, 212-13 (D.D.C. 1959) (declining to order a party "to search and analyze more than five million documents" within their own records to answer interrogatories).

"[I]f discovery requests are relevant, the fact that they involve work, which may be time consuming, is not sufficient to render them objectionable." *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 509 (D.S.D. 2015); *see also Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013) ("In general, a responding party is not required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." (quotation marks and citation omitted)). An individual defendant named in her official capacity must answer interrogatories directed at the government entity "using all reasonably obtainable information within [her] possession, custody or control, including records maintained by [the relevant government entity]." *See Tyler v. Suffolk Cty.*, 256 F.R.D. 34, 37-38 (D. Mass. 2009).

The Court concludes that the discovery ordered by the Magistrate Judge is properly within the scope of Rule 26(b)(1) and Rule 33. Cases holding that extensive research should not be required to answer interrogatories appear to draw a distinction

between information in the possession of third parties and information within the interrogated party's own control. Here, Defendant is only being asked to search for responsive information within databases that are in her control. Likewise, the Court rejects Defendant's argument that the ordered discovery calls upon Defendant to prepare Plaintiffs' case for them. The Magistrate Judge has simply ordered Defendant to make a reasonable search of her records to identify responsive information to Interrogatory No. 6(c). To be sure, providing a complete response to this interrogatory will obligate Defendant to perform work. In light of the relevance of the information sought and Defendant's acknowledged access to this information, however, the Court concludes that the Magistrate Judge did not err in directing Defendant to further supplement her answer to Interrogatory No. 6 by reviewing her own databases for responsive information.

Finally, the Court addresses Defendant's argument that her due process rights have been violated. The court must give a party facing potential discovery sanctions "notice that sanctions against her are being considered and an opportunity to be heard." *Sec. Nat'l Bank of Sioux City, Ia. v. Jones Day*, 800 F.3d 936, 944 (8th Cir. 2015) (quoting *Plaintiffs' Baycol Steering Comm. v. Bayer Corp.*, 419 F.3d 794, 802 (8th Cir. 2005)). "Due process is satisfied if the sanctioned party has a real and full opportunity to explain its questionable conduct before sanctions are imposed." *Chrysler*, 186 F.3d at 1023. The requirement of an existing order compelling discovery prior to the imposition of Rule 37(b) sanctions guards against potential deprivations of due process because it "insures that the party failing to comply with discovery is given adequate notice and an opportunity to contest the discovery sought." *See Dependahl*, 653 F.2d at 1213.

Defendant's due process objection relates primarily to the Magistrate Judge's conclusion that her particular burdensomeness and proportionality objections were waived. A responding party is obligated to specifically state the grounds for its objections to interrogatories. Fed. R. Civ. P. 33(b)(4). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." *Id.* In addition, in raising an objection to an interrogatory, the objecting party has the burden to demonstrate "that the information sought is not reasonably available to it." *Lindholm*, 2016 WL 452315, at *5 (citing 8B Charles Alan Wright, et al., *Federal Practice and Procedure* § 2174 (3d ed. 2010)).

Notwithstanding the Magistrate Judge's conclusion that Defendant waived her specific objections to searching her own databases, the Magistrate Judge appears to have actually weighed these arguments. Specifically, she concluded "that the time that it will take to look for this information—information that Defendant concedes is available to her—is not overly burdensome and it is proportional to the needs of this case." (Doc. No. 189 at 13.) To the extent the Magistrate Judge's conclusion regarding waiver was in error, therefore, it appears that the outcome of Plaintiffs' motion would have been the same. In any event, upon independent consideration, this Court also concludes that the information sought by Plaintiffs is neither unduly burdensome nor disproportionate to the needs of the case. Thus, the Court finds that the Magistrate Judge did not violate Defendant's due process rights in evaluating Plaintiffs' Rule 37(b)(2) motion. And out of an abundance of caution, this Court has also fully considered Defendant's arguments and hereby rejects them. Defendant has received adequate due process on the specific issue

of the burdensomeness of searching her own databases for information responsive to Interrogatory No. 6(c).[2] In order to comply with the Magistrate Judge's August 21, 2017 Order, Defendant must provide all information responsive to Interrogatory No. 6(c) that is reasonably available to her.

## CONCLUSION

The Court finds that Magistrate Judge Thorson's Order is neither clearly erroneous nor contrary to law. Giving proper deference to the Magistrate Judge's order and having carefully considered Defendant's objections, the Court denies Defendant's appeal and affirms Magistrate Judge Thorson's February 21, 2018 Order consistent with this Order.

The Court concludes by noting its hope that the parties will improve their ability to communicate and collaborate to resolve subsequent disputes in this matter. The Court takes this opportunity to remind the parties that the rules of procedure are to be utilized "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Court also urges the parties to abide by the Court's Local Rules requiring meaningful meet-and-confers prior to invoking the Court's intervention. *See* Local Rule 7.1(a). In light of the public funds at stake in this litigation and its relationship to critical issues affecting vulnerable citizens throughout the state, the

---

[2] The Court is sensitive to the laudable goals of eliminating wasteful discovery and ensuring the prompt and inexpensive resolution of this matter. If Defendant wishes to renew her burdensomeness and proportionality objections after reviewing a substantial and representative portion of the 704 individuals' records at issue, she may do so. In particular, if initial search results plainly reveal that the miscellaneous notes and documents in Defendant's databases contain no responsive information relevant to Interrogatory No. 6(c), such a course of action may be appropriate.

Court strains to understand why the parties have not been able to more amicably advance this case. The Court is hopeful that the future course of this litigation will reflect a greater diligence to the relevant rules of procedure and a more positive spirit of cooperation between the parties.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant Emily Johnson Piper's appeal (Doc. No. [203]) of Magistrate Judge Becky R. Thorson's February 21, 2018 Order is **OVERRULED**.

2. Magistrate Judge Becky R. Thorson's February 21, 2018 Order (Doc. No. [189]) is **AFFIRMED** consistent with this Order.

Dated: May 18, 2018          s/Donovan W. Frank
                             DONOVAN W. FRANK
                             United States District Judge