# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Tenner Murphy, by his guardians Kay and Richard Murphy; Marrie Bottelson; and Dionne Swanson; and on behalf of others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>Emily Johnson Piper, in her capacity as Commissioner of the Minnesota Department of Human Services,<br><br>     Defendant. | Civ. No. 16-2623 (DWF/BRT)<br><br>**CORRECTED ORDER RELATING TO MOTION TO COMPEL DISCOVERY FROM THIRD PARTIES** |

Justin H. Perl, Esq., Christen Chapman, Esq., and Steven C. Schmidt, Mid-Minnesota Legal Aid; Joseph W. Anthony, Esq., Peter McElligott, Esq., and Steven M. Pincus, Esq., Anthony Ostlund Baer & Louwagie PA; and Steven Andrew Smith, Esq., and Laura A. Farley, Esq., Nicholls Kaster, PLLP, counsel for Plaintiffs.

Janine Wetzel Kimble, Esq., Scott H. Ikeda, Esq., Aaron Winter, Esq., and Brandon Boese, Esq., Minnesota Attorney General's Office, counsel for Defendant.

Bryan D. Frantz, Esq., Anoka County Attorney's Office, Helen R. Brosnahan, Esq., Dakota County Attorney's Office, Daniel D. Kaczor, Esq., Hennepin County Attorney's Office, Robert B. Roche, Esq., Ramsey County Attorney's Office, and Benjamin M. Stromberg, Esq., St. Louis County Attorney's Office, counsel for Third Parties.

   The Court is in receipt of Plaintiffs' Motion to Compel Third Parties. (Doc. No. 249.) The Court is also in receipt of the Third Parties' Response to Plaintiffs' Motion. (Doc. No. 265.) The Response indicates that the parties have reached an agreement on what will be produced pursuant to the subpoenas. The Responding Third Parties,

however, take the position that they cannot produce confidential information subject to MGDPA, MHRA and HIPPA without a court order. A Protective Order has already issued providing for the production of confidential information by third parties. (Doc. No. 49.) The Protective Order in place expressly permits third parties to designate documents as "Confidential" subject to the same protections and constraints as the parties to the action. (*Id.* at ¶ 4.) The Protective Order also requires each party to either destroy or return to the opposing party all documents designated by the opposing party as "Confidential" and all such copies of such documents and extracts from such documents. (*Id.* at ¶ 12.)

The Protective Order requires that a copy of the Protective Order be served along with any subpoena served in connection with the action. (*Id.* at ¶ 5.) Thus, the Responding Third Parties purportedly have a copy of the Protective Order. The Third Parties' Response fails to explain why the Protective Order in this case does not already provide the protection that the Responding Third Parties seek. If the Responding Third Parties believe further protection is required, they must explain why and submit a proposed protective order for this Court's review no later than **July 3, 2018**.[1] A letter response is permitted but must be filed.[2]

---

[1] The Responding Third Parties correctly reference case law in this district suggesting that the Federal Rules of Civil Procedure apply. This Court agrees with that approach. *See Sagehorn v. Ind. Sch. Dist. No. 728*, Civil No. 14-1930 (JRT/BRT), Doc. No. 57, Order on Pl.'s Mot. to Compel Discovery at 5–11.

[2] The Third Parties' Response was not filed in compliance with Local Rule 7.1. The Court will allow a letter, however, any future filings must comply with the Local Rules, unless advance authorization is received.

3

Finally, Plaintiffs have not confirmed that their Motion to Compel Third Parties is otherwise resolved. Plaintiffs must confirm by **July 3, 2018** that they have come to an agreement with all of the third parties regarding which files will be produced, assuming the concerns regarding a protective order are resolved.

Date:  June 26, 2018                                   *s/ Becky R. Thorson*
                                                       BECKY R. THORSON
                                                       United States Magistrate Judge