# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Tenner Murphy, by his guardians Kay and Richard Murphy; Marrie Bottelson; Dionne Swanson; and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>Emily Johnson Piper in her Capacity as Commissioner of the Minnesota Department of Human Services,<br><br>        Defendant. | Civ. No. 16-2623 (DWF/BRT)<br><br>**ORDER ON PLAINTIFFS' MOTION TO COMPEL AND THIRD-PARTIES' RESPONSE** |

Justin H. Perl, Esq., Christen Chapman, Esq., and Steven C. Schmidt, Mid-Minnesota Legal Aid; Joseph W. Anthony, Esq., Peter McElligott, Esq., and Steven M. Pincus, Esq., Anthony Ostlund Baer & Louwagie PA; and Steven Andrew Smith, Esq., and Laura A. Farley, Esq., Nichols Kaster, PLLP, counsel for Plaintiffs.

Janine Wetzel Kimble, Esq., Scott H. Ikeda, Esq., Aaron Winter, Esq., and Brandon Boese, Esq., Minnesota Attorney General's Office, counsel for Defendant.

Bryan D. Frantz, Esq., Anoka County Attorney's Office, Helen R. Brosnahan, Esq., Dakota County Attorney's Office, Daniel D. Kaczor, Esq., Hennepin County Attorney's Office, Robert B. Roche, Esq., Ramsey County Attorney's Office, and Benjamin M. Stromberg, Esq., St. Louis County Attorney's Office, counsel for Third Parties.

This matter came before the Court on Plaintiffs' motion to compel the Anoka County Human Services, Dakota County Community Services, Hennepin County Human Services & Public Health Department, Ramsey County Social Services, and St. Louis County Public Health & Human Services Department (collectively the "Counties") to

produce individual client files of certain Waiver recipients pursuant to third-party subpoenas. (Doc. No. 249.) On June 15, 2018, the Counties filed a letter indicating that they had reached an agreement with Plaintiffs on what would be produced pursuant to the subpoena but stating that the Counties took the position that they could not produce confidential information subject to the Minnesota Government Data Practices Act ("MGDPA"), Minnesota Health Records Act ("MHRA"), and the Health Insurance Portability and Accountability Act ("HIPPA") without a court order. (Doc. No. 265.)

The Court issued an Order on June 27, 2018, requesting that if the Counties believed further protection is required than already provided in the Protective Order in this case they explain why. (Doc. No. 273.) The Court also requested Plaintiffs confirm that their Motion to Compel Third Parties is otherwise resolved. (*Id.*) The Counties filed their Response to the Court's Order on July 3, 2018. (Doc. No. 279.) They still contend that absent a court order, they cannot disclose any information covered by MGDPA and the MHRA without exposing themselves to potential liability.

The Court does not agree that *State by Johnson v. Colonna*, 371 N.W.2d 629 (Minn. Ct. App. 1985) calls into question whether the Federal Rules of Civil Procedure and the Court's various orders and protective orders govern the production and appropriate handling of confidential information in this case. The Court, however, appreciates that the Counties wish to avoid any argument that they will violate state law privacy rights by properly responding to a Rule 45 subpoena. Thus, the Court issues this Order and will also issue a separate Second Amended Protective Order to avoid

controversy about the production of confidential information by the Counties to the Plaintiffs in this case.

## ORDER

Based on the file, records, and the submissions made on behalf of the parties and third-party Counties, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion (Doc. No. 249) is **GRANTED**;

2. The Counties are ordered to produce individual client files pursuant to Plaintiffs' agreement with each of the Counties; and

3. A separate Second Amended Protective Order will be issued.

Dated: July 6, 2018                  *s/ Becky R. Thorson*
                                                   BECKY R. THORSON
                                                   United States Magistrate Judge