UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tenner Murphy, by his guardians Kay and             Civil No. 16-2623 (DWF/BRT)
Richard Murphy; Marrie Bottelson; Dionne
Swanson; and on behalf of others similarly
situated,

          Plaintiffs,

v.                                                                                      ORDER

Emily Johnson Piper in her Capacity
as Commissioner of the Minnesota
Department of Human Services,

          Defendant.

**INTRODUCTION**

This matter is before the Court upon Defendant's appeal (Doc. No. 370 ("Appeal")) of Magistrate Judge Becky R. Thorson's August 29, 2018 Order and Opinion on Defendant's Motions to Compel. (Doc. No. 365 ("Order").) Plaintiffs filed a response to Defendant's objections on September 26, 2018. (Doc. No. 379.)

**DISCUSSION**

**I.    Legal Standard**

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). This is an "extremely deferential" standard. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on

the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *Chase v. Comm'r of Internal Revenue*, 926 F.2d 737, 740 (8th Cir. 1991)). "A magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure." *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017) (citing *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010)).

## II. The Magistrate Judge's Order and Defendant's Objections

Magistrate Judge Thorson's August 29, 2018 Order addressed two Motions to Compel filed by Defendant. (Doc. Nos. 287 and 319.) The combined motions raised seven issues: (1) deposition of a witness regarding interrogatory responses; (2) discovery related to supplemental needs trusts; (3) disclosure of documents; (4) spoliation sanctions; (5) striking of errata answers; (6) sanctions for failure to comply with previous order; and (7) removal of confidential designations. Defendant objects to the Order as it relates to all issues.[1]

### A. Request to Compel Deposition of a Witness

Magistrate Judge Thorson first addressed Defendant's request to depose an additional witness on Plaintiffs' interrogatory answers to Nos. 5, 17, 20, and 22-26 related to Plaintiffs' requested relief. (Order at 2.) She considered Defendant's argument that because individually Named Plaintiffs and their guardians could not sufficiently

---

[1] The fourth issue is not addressed because it was withdrawn prior to Magistrate Judge Thorson's Order.

2

answer deposition questions in their collective interrogatory answers, another deposition is necessary for Defendant to identify who provided the information in the responses. (*Id.*)

Magistrate Judge Thorson reviewed the depositions at issue and found that "the Named Plaintiffs and/or their guardians answered basic questions about the relief sought, and reasonably referred to their attorneys when appropriate." (Order at 4.) She found that there was "no indication that the verifying witnesses did not try their best or answer questions to the best of their abilities during their depositions." (Order at 11.) She also observed that the necessity of additional depositions was likely mooted by Defendant's ability to receive additional discovery related to the relief sought through expert reports and expert deposition testimony. (*Id.* at 12.) Magistrate Judge Thorson ultimately denied Defendant's request to depose an additional witness on Plaintiff's answers to Interrogatory Nos. 5, 17, 20, and 22-26.

Defendant argues that Magistrate Judge Thorson's Order is contrary to law because it violates Federal Rule of Civil Procedure 33 by not allowing Defendant access to the identities of persons answering the interrogatories. (Appeal at 3.) Specifically, Defendant argues that Magistrate Judge Thorson applied the wrong subpart of the rule to conclude that it was sufficient for parties to verify answers "to the best of their knowledge." (*Id.* at 4.) Defendant argues that the subpart Magistrate Judge Thorson relied on pertains only to corporate or agency parties, while Plaintiffs are individuals. (*Id.*)

3

The Court finds that regardless of which subpart Magistrate Judge Thorson cited in one part of her decision, her overall reasoning is sound and she has not acted contrary to law. Magistrate Judge Thorson correctly observed that in collective answers, not every Named Plaintiff will know what information was obtained from others, and that the Named Plaintiffs and guardians will not know what information was obtained from third parties listed as assisting with the answers. (Order at 3.) She also noted that Plaintiffs identified several people who assisted Plaintiffs with their collective answers, yet Defendant chose not to depose them. (*Id.*) Further, she correctly stated that it should have been expected that the interrogatory answers and supplemental answers may include facts known to the attorneys but not necessarily known to the Named Plaintiffs. (*Id.*) The Named Plaintiffs and/or their guardians answered basic questions about the relief sought and reasonably referred to their attorneys when appropriate such that and the interrogatories comply with the verification requirements of Fed. R. Civ. P. 33.

Defendant argues further that Magistrate Judge Thorson acted contrary to law by finding that the necessity of deposing additional witnesses is likely mooted by Defendant's ability to depose Plaintiff's experts. (*Id.* at 4-5.) The Court disagrees. Magistrate Judge Thorson correctly determined that Defendant will receive additional discovery relating to the relief sought, thereby undermining the need to depose additional witnesses.

In sum, the Court finds that Magistrate Judge Thorson thoroughly reviewed the depositions at issue, properly concluded that there is no abuse of Rule 33's verification

procedures, and correctly denied Defendant's request to depose additional witnesses in respect to Interrogatory Nos. 5, 17, 20, and 22-26.

### B. Discovery Related to Supplemental Needs Trusts

Magistrate Judge Thorson next considered Defendant's argument that Plaintiffs improperly withheld documents related to Tenner Murphy's supplemental needs trust by invoking a common interest privilege without an actual common legal interest. (Order at 13.) Magistrate Judge Thorson found that Plaintiffs properly invoked the privilege because the "common interest" in the documents at issue was to create a special needs trust to benefit Tenner Murphy to secure his well-being in light of his disability. (*Id.* at 14-15.)

Defendant argues that Magistrate Judge Thorson's interpretation of the common interest doctrine is overly broad. (Appeal at 6.) The Court disagrees and finds that Magistrate Judge Thorson correctly applied the "common interest doctrine" as it has been interpreted in the Eighth Circuit. *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 922 (8th Cir. 1997) (finding that the common interest may be legal, factual, or strategic in character). The Court finds that Magistrate Judge Thorson did not act contrary to law when she denied Defendant access to documents about Tenner Murphy's special needs trusts.

### C. Objection to the Disclosure of Documents

Magistrate Judge Thorson then considered Defendant's argument that Plaintiffs asserted improper work product and attorney-client privilege objections with respect to questions about documents that Plaintiffs' witnesses reviewed prior to their depositions.

5

(Order at 15.) She found that Plaintiffs' counsel properly asserted a work product objection because the selection and compilation of documents by counsel in preparation for pre-trial discovery falls within the highly protected category of opinion work product, and defendants failed to lay foundation for the disclosure of the materials pursuant to Fed. R. Evid. 612. (*Id.*)

While Defendant concedes that an attorney's selection process is protected by the work product doctrine, Defendant argues that the privilege is inapplicable here because Defendant's questions did not "solicit[] information about an attorney selection process." (Appeal at 7-8.) Defendant argues that she asked only "which documents the deponents reviewed in preparation for their deposition," not who prepared them. (*Id.* at 7.)

The Court finds that Magistrate Judge Thorson correctly applied the work product privilege as interpreted by the Eighth Circuit. *See Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986) (citing *Sporck v. Peil*, 759 F.2d 312, 317-18 (3d Cir. 1985) for the proposition that the selection of a compilation of documents falls within the highly protective category of opinion work product). It is inconsequential that Defendant did not specifically ask who prepared the documents; the selection process was implicated and the work product privilege applies. Defendant had the opportunity to receive the information by laying a proper foundation in accordance with Fed. R. Evid. 612. Magistrate Judge Thorson did not act contrary to law when she declined to overrule Plaintiffs' work product objection.

### D. Striking of Errata Answers

Magistrate Judge Thorson then considered Defendant's request to strike a subset of substantive changes made by Plaintiffs Bottelson and Swanson in Rule 30 errata sheets. (Order at 16.) Recognizing that courts are split on permitting substantive changes through errata sheets, Magistrate Judge Thorson relied on *Sanny v. Trek Bicycle Corp.*, Civ. No. 11-2936, 2013 WL 1912467 (D. Minn. May 8, 2013) and *Holverson v. ThyssenKrupp Elevator*, Civ. No. 12-2765, 2014 WL 3573630 (D. Minn. July 18, 2014), to apply a flexible approach articulated by the Third Circuit Court of Appeals. *See EBC., Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 23, 267-68 (3d Cir. 2010). The flexible approach gives the court discretion to allow the errata if the deponents provide "sufficient justification" for changes that materially contradict prior deposition testimony. *Id.*

Magistrate Judge Thorson found that Plaintiffs provided sufficient justification to permit the errata sheet changes. (Order at 17.) She was convinced by Plaintiffs' explanation that in light of Bottelson's and Swanson's cognitive delays, it is not unreasonable that they were confused and forgetful during their deposition testimony. (*Id.*) Magistrate Judge Thorson preserved both the original depositions and errata sheets for use as impeachment at trial. She also granted Defendant two additional hours of deposition with each witness to ask about the challenged changes to the errata sheets. (Order at 18.)

Defendant argues that Plaintiffs' explanation does not provide the sufficient justification necessary to permit the changes. The Court disagrees. Magistrate Judge Thorson's application of the "sufficient justification" standard is consistent with other

courts in this district that have recognized that forgetfulness and confusion are sufficient reasons for changing deposition testimony. *See, e.g.*, *Holverson v. ThyssenKrupp Elevator Corp.*, Civ. No. 12-2765, 2014 WL 3573630, at *11 (D. Minn. July 18, 2014) (denying motion to strike errata sheets with substantive changes after confusion and forgetfulness during deposition testimony). Further, the Court finds that Magistrate Judge Thorson granted Defendant an appropriate remedy by allowing two additional deposition hours. The Court affirms Magistrate Judge Thorson's decision to permit the challenged errata sheets.

### E. Sanctions for Failure to Comply with the Court's Order

Next, Magistrate Judge Thorson considered Defendant's request to sanction Plaintiffs for willful violation of a previous order regarding a supplemental response to Interrogatory No. 22. (Order at 18.) Defendant requested that Plaintiffs admit that they do not have factual information establishing what every class member wants in terms of relief, and sought sanctions when Plaintiffs failed to do so in their supplemental response. (Appeal at 11-12.)

Magistrate Judge Thorson denied Defendant's request. (Order at 21.) She found Plaintiffs' supplemental response sufficient, particularly in light of the fact that the case is a class action and the "Named Plaintiffs' claims are typical of the claim . . . of the class." (Order at 20 (citing Doc. No. 99 ("Order Certifying Class").) She found that Plaintiffs' collective answer to Interrogatory No. 22 did not rise to a level of sanctionable conduct, and that Defendant failed to show either a violation of her previous order or any prejudice. (Order at 20-21.)

Defendant argues that Magistrate Judge Thorson's decision is contrary to law because Plaintiffs committed a willful violation by being purposefully unresponsive to Interrogatory No. 22. (*See* Appeal at 12.) The Court finds that Magistrate Judge Thorson properly evaluated Plaintiffs' response and correctly concluded that their collective answer to Interrogatory No. 22 is not a sanctionable offense because they did not willfully or otherwise violate her previous order.

F.  **Removal of Confidential Designations**

Finally, Magistrate Judge Thorson considered Defendant's request to remove Plaintiff's confidential designations on 268 documents in three categories: (1) financial; (2) medical; and (3) "documents that are marked confidential for no reason discernable to Defendants." (Order at 22.) She denied relief as to the first two categories because Defendant previously stipulated to permit Confidential designations on documents within the scope of protection afforded by Fed. R. Civ. P. 26 and Plaintiffs satisfied their burden of proving that the documents at issue fell within the scope. (*Id.* at 22-23.)

Magistrate Judge Thorson reviewed all of the documents in the third category and concluded that all but two were not confidential. (*Id.* at 24.) She denied Defendant's motion without prejudice with respect to all of the documents at issue except for those she found non-confidential. (*Id.* at 28.) In reaching her conclusion, Magistrate Judge Thorson considered Defendant's argument that all of Plaintiffs' documents and information produced in discovery should be deemed public because of the presumption that "litigation is public." (*Id.* at 24.) She recognized the common-law right of access to

judicial records but determined that the documents at issue are not yet "judicial records" to which a presumption of public access attaches. (*Id.* at 24-26.)

Defendant argues that Magistrate Judge Thorson addressed only part of her motion; specifically, that Defendant challenged Plaintiffs' confidentiality designations relating to both documents produced in discovery and depositions of Named Plaintiffs Bottelson, Swanson, Richard Murphy, and Kay Murphy. (Appeal at 13.) Defendant asks this Court to consider its challenges to Plaintiffs' deposition confidentiality designations *de novo* or to remand them to Judge Thorson for further consideration because she failed to address them.

The Court finds that Magistrate Judge Thorson addressed Defendant's challenge by expressly stating that Defendant's motion to remove confidentiality designations "to the extent the Court found documents non-confidential" was granted, but that the motion was "otherwise denied." (Order at 28.) Defendant's challenge to confidential designations on the depositions is encompassed in the totality of "otherwise denied." Further, the logic and analysis that Magistrate Judge Thorson applied to the confidentiality designations was presented as a response to Defendant's request for a "blanket ruling that Plaintiffs' confidential documents and information produced in discovery should be deemed public." (Order at 24.) A separate analysis for the depositions would be redundant, as the same logic applies. Finally, her ruling is without prejudice; Defendant will have the opportunity to renew challenges to designations in relation to future court filings.

## CONCLUSION

This Court finds that Magistrate Judge Thorson's Order is neither clearly erroneous nor contrary to law. Giving proper deference to the Magistrate Judge's August 29, 2018 Order and for the reasons stated, the Court denies Defendant's appeal and affirms Magistrate Judge Becky R. Thorson's August 29, 2018 Order in all respects.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's appeal (Doc. No. [370]) of Magistrate Judge Becky R. Thorson's Order and Opinion on Plaintiffs' Motion to Compel and Defendant's Motion to Compel is **OVERRULED**.

2. Magistrate Judge Becky R. Thorson's August 29, 2018 Order and Opinion on Defendant's Motions to Compel (Doc. No. [365] is **AFFIRMED** consistent with this Order.

Dated: November 9, 2018         s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge