# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Tenner Murphy, by his guardians Kay and Richard Murphy; Marrie Bottelson; Dionne Swanson; and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Emily Johnson Piper in her Capacity as Commissioner of The Minnesota Department of Human Services,<br><br>Defendant. | Civil No. 16-2623 (DWF/BRT)<br><br><br><br>**ORDER** |

## INTRODUCTION

This matter is before the Court upon Defendant's appeal (Doc. No. 392 ("Appeal")) of Magistrate Judge Becky R. Thorson's October 19, 2018 Order (Doc. No. 389 ("Order")) denying Defendant's request to file motion for reconsideration of her August 29, 2018 Order (Doc. No. 365). Plaintiffs filed a response to Defendant's objections on November 16, 2018. (Doc. No. 543.)

## DISCUSSION

### I. Legal Standard

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). This is an "extremely deferential" standard. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is

'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *Chase v. Comm'r of Internal Revenue*, 926 F.2d 737, 740 (8th Cir. 1991)). "A magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure." *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017) (citing *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010)).

## II. Background

On July 20, 2018, Defendant filed a motion to compel the deposition of a witness with knowledge of Plaintiffs' requested relief. (Doc. No. 287.) On August 29, 2018, Magistrate Judge Thorson denied Defendant's motion. (Doc. No. 365.) Defendant objected to Magistrate Judge Thorson's August 29, 2018 Order on September 12, 2018. (Doc. No. 370.) Prior to this Court's ruling, Defendant filed a letter requesting Magistrate Judge Thorson's permission to file a motion for reconsideration of her August 29, 2018 Order as it pertained to the additional deposition. (Doc. No. 385.) Magistrate Judge Thorson denied this request in a text-only order on October 19, 2018. (Order.) This Court affirmed Magistrate Judge Thorson's August 29, 2018 Order in all respects on November 9, 2018. (Doc. No. 415.) Defendant now objects to Magistrate Judge Thorson's denial of her request to file a motion to reconsider. (Appeal.)

**III.    The Magistrate Judge's Order and Defendant's Objections**

Magistrate Judge Thorson rejected Defendant's request to file motion for reconsideration of her August 29, 2018 Order because she found that Defendant failed to show compelling circumstances necessary to obtain such permission. (Order.) Defendant argues that Magistrate Judge Thorson's Order is clearly erroneous because the circumstances she presents are sufficiently compelling to justify a motion for reconsideration. (Appeal at 6.)

"Under Local Rule 7.1(j), a party must show 'compelling circumstances' to obtain permission to file a motion to reconsider." *Burt v. Winona Health*, Civ. No. 16-1085, 2018 WL 2180252, at *1 (D. Minn. Mar. 23, 2018) (citing D. Minn. L.R. 7.1(j)). "A motion to reconsider should not be employed to relitigate old issues, but rather to afford an opportunity for relief in extraordinary circumstances.'" *Id.* (citing *Dale & Selby Superette & Deli v. U.S. Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Defendant argues that Magistrate Judge Thorson's August 29, 2018 denial of her request to depose an additional witness was based on her finding that Defendant's need was likely mooted by her ability to seek additional discovery in the form of expert reports and expert deposition testimony. (Appeal at 3.) Because Plaintiffs' expert was unable to answer all of Defendant's questions, Defendant argues that the basis of Magistrate Judge Thorson's August 29, 2018 Order was incorrect and therefore constitutes a compelling circumstance to jusitfy a motion for reconsideration.

The Court finds that Magistrate Judge Thorson's August 29, 2018 decision to deny Defendant's request to depose an additional witness was based on more than just the

likelihood that Defendant's need would be mooted by her ability to seek additional discovery in the form of expert reports and expert testimony. As observed in the Court's November 9, 2018 Order overruling Defendant's first objection to Magistrate Judge Thorson's August 29, 2018 Order:

> Magistrate Judge Thorson correctly observed that in collective answers, not every Named Plaintiff will know what information was obtained from others, and that the Named Plaintiffs and guardians will not know what information was obtained from third parties listed as assisting with the answers. She also noted that Plaintiffs identified several people who assisted Plaintiffs with their collective answers, yet Defendant chose not to depose them. Further, she correctly stated that it should have been expected that the interrogatory answers and supplemental answers may include facts known to the attorneys but not necessarily known to the Named Plaintiffs. The Named Plaintiffs and/or their guardians answered basic questions about the relief sought and reasonably referred to their attorneys when appropriate such that and the interrogatories comply with the verification requirements of Fed. R. Civ. P. 33.

(Doc. No. 415 at 4.) The fact that Defendant was unable to get all of her specific questions answered by Plaintiffs' expert is not a compelling circumstance to justify a motion for reconsideration. Indeed, Magistrate Judge Thorson could have properly denied Defendant's request to depose an additional witness for any one of the other factors she considered, whether or not Defendant had the opportunity to gain additional discovery through expert reports and testimony.

## CONCLUSION

This Court finds that Magistrate Judge Thorson's Order is neither clearly erroneous nor contrary to law. Giving proper deference to the Magistrate Judge's October 19, 2018 Order and for the reasons stated, the Court denies Defendant's appeal and affirms Magistrate Judge Becky R. Thorson's October 19, 2018 Order.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's appeal (Doc. No. [392]) of Magistrate Judge Becky R. Thorson's Order on Defendant's request to file a motion for reconsideration is **OVERRULED**.

2. Magistrate Judge Becky R. Thorson's October 19, 2018 Order on Defendant's request to file a motion for reconsideration (Doc. No. [389]) is **AFFIRMED**.

Dated: December 10, 2018            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge