UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tenner Murphy, by his guardians
Kay and Richard Murphy; Marrie
Bottelson; Dionne Swanson; and
on behalf of others similarly situated,

Civil No. 16-2623 (DWF/BRT)

Plaintiffs,

**ORDER**

v.

Pam Wheelock[1] in her capacity
as Commissioner of The Minnesota
Department of Human Services,

Defendant.

In accordance with Local Rule 7.1(j), Defendant has requested permission to file a motion for reconsideration of the Court's July 26, 2019, Memorandum Opinion and Order (Doc. No. 640 ("Order").) (Doc. No. 642.) Plaintiffs oppose Defendant's request. (Doc. No. 645.) In her letter, Defendant argues that the Court erred in denying her motion to decertify the class because the Court: (1) ruled without hearing from the Defendant regarding supplemental authority; (2) relied on allegations made by Plaintiffs in their Amended Complaint rather than the facts that were discovered in litigation; and (3) relied on the totality of the record as opposed to Plaintiffs' answer to one interrogatory. (*Id.*)

---

[1] The Court has substituted Pam Wheelock, Acting Commissioner of the Minnesota Department of Human Resources, for Emily Johnson Piper. A public officer's "successor is automatically substituted as a party" and "[l]ater proceedings should be in the substituted party's name." Fed. R. Civ. P. 25(D).

Under Local Rule 7.1(j), a party must show "compelling circumstances" to obtain permission to file a motion to reconsider. D. Minn. L.R. 7.1(j). A motion to reconsider should not be employed to relitigate old issues, but rather to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. U.S. Dept. of Agric.,* 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Defendant filed her Motion to Decertify the Class on November 15, 2018. (Doc. No. 418.) One of authorities she relied on was *Brown v. District of Columbia*, 322 F.R.D. 51 (D.D.C. 2017). This decision was reversed on July 5, 2019. *See Brown v. District of Columbia*, Civ. No. 17-7152, 2019 WL 2985992, at *9 (D.C. Cir. July 5, 2019). Eight months after Defendant filed her motion and six months after oral argument, the Court was well versed in the issues and authority cited by each party, and was prepared to issue an opinion after multiple settlement discussions were unsuccessful.[2] Plaintiffs made a request to submit unspecified supplemental authority seven days after *Brown* was reversed. By this time, the Court was well aware of the *Brown* reversal, and had already applied its holding to the facts of this case when Plaintiffs filed their supporting letter ten days later on July 22, 2019. (Doc. No. 639). Neither Plaintiffs' letter nor Defendant's rebuttal (Doc. No. 641) changed the Court's independent analysis.

Further, the Court's reference to a prior order which detailed the facts of the above-entitled matter at length, in lieu of repeating them for the same audience, has no

---

[2] The Court delayed ruling on the motions pending before while the parties engaged in settlement discussions. (*See* Doc. No. 636.)

impact on its ultimate analysis of Defendant's motion to decertify.  As indicated in its Order, the Court "supplement[ed] the relevant facts as needed."  (Order at 2.)  While the Court still finds Defendant's argument that Ms. Swanson is not an adequate class representative unpersuasive, the Court clearly stated in its Order, "[o]nly one adequate class representative is needed to satisfy the requirements of Rule23(a)(4)."  (Order at 6 (citing *Dalton v. Lee Publ'ns, Inc.*, 270 F.R.D. 555, 561 (S.D. 2010).)  Here, even without Ms. Swanson, there are two other adequate class representatives.

With respect to Defendant's argument that the Court relied on the totality of the record as opposed to a single interrogatory, the Court finds that this is an unsupported attempt to relitigate an old issue.  The Court considered Defendant's argument and rejected it.

Having fully considered the parties' submissions, the Court concludes that Defendant has failed to demonstrate the compelling circumstances necessary to justify a motion to reconsider the Court's Order.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's request for leave to file a motion for reconsideration (Doc. No. [642]) is **DENIED**.


Dated: August 14, 2019            s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge