UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| Tenner Murphy, by his Guardian Kay Murphy; Marrie Bottelson; Dionne Swanson; and on behalf of others similarly situated, | Civ. No. 16-2623 (DWF/BRT) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Jodi Harpstead, in her Capacity as Commissioner of the Minnesota Department of Human Services, | |
| Defendant. | |

_____

Justin H. Perl, Esq., Eren Ernest Sutherland, Esq., Justin M. Page, Esq., Steven C. Schmidt, Esq., Barnett I. Rosenfield, Esq., Mid-Minnesota Legal Aid, Minnesota Disability Law Center, Joseph W. Anthony, Esq., Peter McElligott, Esq., Steven M. Pincus, Esq., Anthony Ostlund Baer & Louwagie PA, and Laura Farley, Nichols Kaster, PLLP, counsel for Plaintiffs.

Aaron Winter, Esq., Brandon L. Boese, Esq., Janine Wentz Kimble, Esq., Scott H. Ikeda, Esq., Minnesota Attorney General's Office, counsel for Defendant.

_____

BECKY R. THORSON, United States Magistrate Judge.

## INTRODUCTION

This matter is before the Court on Defendant's request for relief relating to Plaintiffs' June 2019 and August 2019 productions totaling over 10,600 pages of additional third-party documents. These document productions were made one year after fact discovery closed in June 2018. Plaintiffs did not begin collecting releases for these documents until February 2019, and did not begin requesting the documents from the

third parties until March 2019 – after dispositive motions were heard on January 25, 2019, and taken under advisement. Defendant was unaware of this third-party discovery activity until June 2019, when over 3,000 pages were produced, and August 2019, when another 7,600 pages were produced. The Court was also not informed of this third-party discovery activity and production until this motion was brought in September 2019.

Defendant seeks sanctions for the late production pursuant to Federal Rule of Civil Procedure 37. Plaintiffs oppose Defendant's motion, taking the position that their informal collection of documents from third parties via releases signed by their clients was not controlled by the fact discovery deadline set forth in the Court's scheduling orders. Further, Plaintiffs argue that their production was mandatory, pursuant to Federal Rule of Civil Procedure 26(e), which governs the supplementation of a party's Rule 26(a) Initial Disclosures. For the reasons set forth below, the Court grants in part and denies in part Defendant's motion.

## BACKGROUND

This case was filed on August 3, 2016. (Doc. No. 1.) The first Pretrial Scheduling Order was issued on November 9, 2016. (Doc. No. 25.) In the parties' joint Rule 26(f) Report, Plaintiffs proposed that fact discovery be completed by May 2017; however, the Court provided more time and set the fact discovery deadline for August 15, 2017. (Doc. Nos. 21, 25.) An Amended Pretrial Scheduling order was issued on July 17, 2017, and the discovery deadline was extended to November 15, 2017, as proposed jointly by the parties. (Doc. No. 58.) In October 2017, the parties jointly submitted another extension request, taking the position that there was good cause for the amendment because

2

"significant discovery remains to be completed and likely cannot be completed in advance of the current discovery deadline." (Doc. No. 110.) Based on the parties' representations, the Court issued a Second Amended Pretrial Scheduling Order extending the fact discovery deadline to February 15, 2018. (Doc. No. 115.)

During the discovery period, Plaintiffs filed a motion to compel documents responsive to their Request Nos. 18, 19, 20, 22, 24, and 25 that were kept by third-party agencies,[1] but under the control of Defendant. (Doc. No. 119.) On November 20, 2017, the Court denied Plaintiffs' motion as to these requests and concluded that the "requests [were] overly broad and unduly burdensome as applied to every county and tribe." (Doc. No. 148, 11/20/17 Order at 6–7.) In its order, the Court observed that Plaintiffs would be

---

[1] According to Plaintiffs' definitions, lead agency means a Minnesota county or tribe as identified in Minn. Stat. § 256B.04(1) and (2). Section 256B.04 specifically states:

> Subdivision 1. General. The state agency shall supervise the administration of medical assistance for eligible recipients by the county agencies hereunder.
>
> . . . .
>
> Subd. 2. Rulemaking authority. Make uniform rules, not inconsistent with law, for carrying out and enforcing the provisions hereof in an efficient, economical, and impartial manner, and to the end that the medical assistance system may be administered uniformly throughout the state, having regard for varying costs of medical care in different parts of the state and the conditions in each case, and in all things to carry out the spirit and purpose of this program, which rules shall be furnished immediately to all county agencies, and shall be binding on such county agencies.

Minn. Stat. § 256B.04(1) and (2).

3

in a better position to frame proper document requests—or to establish Defendant's control of responsive documents—if they conducted a 30(b)(6) deposition to obtain knowledge about the documents kept by DHS or lead agencies. (*Id.* at 7.) The Court set a December 29, 2017 deadline for this 30(b)(6) document deposition and a January 30, 2018 deadline for serving new written discovery in a Third Amended Scheduling Order issued on November 20, 2017. (Doc. No. 149, 11/20/17 Order at 2–3.) The deadline for responses was March 5, 2018. (*Id.* at 4.) The Third Amended Scheduling Order also required the parties to supplement their Initial Disclosures by January 30, 2018. (*Id.* at 3.) In addition, because of the parties' dispute over the control of third-party documents, third-party discovery was anticipated; therefore, the Third Amended Scheduling Order required the parties to serve any third-party subpoenas seeking fact discovery by April 13, 2018. (*Id.* at 6.) The Court also set several status conferences to keep the case on track. (*Id*. at 2.)

On April 6, 2018, at a discovery motion hearing, Plaintiffs made an oral motion to extend the April 13, 2018 date for serving third-party subpoenas, which had been set back in November 2017. The Court denied Plaintiffs' request from the bench for lack of good cause. (Doc. No. 229.)

Almost two months later, on May 29, 2018, the parties proposed amending the Third Amended Scheduling Order, representing that:

- "[C]ounsel and the parties have diligently pursued discovery to meet deadlines related to fact discovery;"

- "[T]he parties continue to produce responsive documents;"

4

- "[T]hird parties continue to produce responsive documents in response to subpoenas served by Plaintiffs;"

- "Plaintiffs seek additional time to share information learned through fact depositions and documents with their expert witnesses;"

- "Plaintiffs believe that allowing their expert witnesses additional time to review information learned in documents and fact depositions will increase the quality of expert reports;" and

- "Plaintiffs believe there is good cause to amend the deadlines in the Third Amended Pretrial Scheduling Order relating to expert witnesses and non-dispositive motions, and Defendant does not object."

(Doc. No. 236, Stipulation to Amend 2–3.) On June 4, 2018, the Court adopted the parties' proposed schedule to extend the expert deadlines so that the remaining fact discovery being collected could be considered by the experts. (Doc. No. 239, 6/4/17 Order.) According to the new schedule, Plaintiffs' opening reports were due on July 20, 2018, and Defendant's opening reports were due on July 27, 2018. (*Id.* at 1–2.) Rebuttal experts were to be disclosed by August 10, 2018, and rebuttal reports were to be served by September 12, 2018. All expert discovery, including expert depositions, was to be completed by September 27, 2018. (*Id.* at 2.)

On June 7, 2018, Plaintiffs informed Defendant that they believed their production of documents was substantially complete. (Doc. No. 267, Aff. of Janine Kimble ("Kimble Aff.") ¶ 6.) On June 8, 2018, based on the parties' stipulation, the Court amended the deadline for non-dispositive motions relating to written fact discovery to allow Plaintiffs to file a motion relating to Defendant's document productions that occurred after April 6, 2018 by June 8, 2018. (Doc. No. 242, 6/8/18 Order.) That same day, in addition to a motion for sanctions for Defendant's noncompliance with the Court's discovery orders

(Doc. No. 243), Plaintiffs filed a motion seeking to compel certain counties that had been served with Rule 45 subpoenas to produce case files responsive to certain requests made in the subpoenas. (Doc. No. 249.) In their brief supporting their motion to compel, Plaintiffs stated the following:

> If the Counties fail to produce these case files, Plaintiffs will be prejudiced because Plaintiffs are unlikely to obtain these documents another way. The Court has already denied Plaintiffs' motion to compel Defendant to produce some of the same documents in the possession of the Counties and the deadline for additional written discovery has passed . . . . In that order, the Court indicated, "This Order makes no ruling regarding what information might be subject to third party discovery pursuant to a properly issued subpoena under Rule 45." . . . Furthermore, the deadline to serve subpoenas has passed . . . . In sum, if the Court does not compel the case files from the Counties pursuant to the subpoenas that were timely served, Plaintiffs will likely lose the ability to obtain these critical case files.

(Doc. No. 251, Pls.' Mem. in Supp. of Mot. to Compel Third Parties 9 (internal citations omitted).)

On June 15, 2018, the Counties filed a letter indicating that they had reached an agreement with Plaintiffs on what would be produced pursuant to the subpoena but stating that the Counties took the position that they could not produce confidential information subject to the Minnesota Government Data Practices Act ("MGDPA"), Minnesota Health Records Act ("MHRA"), and the Health Insurance Portability and Accountability Act ("HIPPA") without a court order. (Doc. No. 265.) The Court then granted Plaintiffs' motion to compel, ordering the Counties to produce individual client files pursuant to Plaintiffs' agreement with each of the Counties (Doc. No. 281, 7/6/18 Order at 3), and separately issued a Second Amended Protective Order to facilitate the

third parties' production of individual client files sought through the Rule 45 subpoenas. (Doc. No. 282.) This Second Amended Protective Order was filed on July 6, 2018. (*Id.*)

In the fall of 2018, the Pretrial Scheduling Order was amended two more times, based on the parties' stipulations, but only for limited purposes. On September 12, 2018, the Court amended the September 27, 2018 deadline for completion of expert discovery to allow Defendant to depose Plaintiffs' expert on October 4, 2018. (Doc. No. 369, Second Order Amending the Third Amended Pretrial Scheduling Order.) And on November 11, 2018, the Court amended the Scheduling Order to permit Defendant to bring a non-dispositive motion relating to a fact deposition by November 12, 2018 (the previously set non-dispositive motion deadline was June 22, 2018). (Doc. No. 393, Order Amending Third Amended Pretrial Scheduling Order.) After the close of fact and expert discovery, dispositive motions were filed. The District Court held a hearing on the dispositive motions on January 25, 2019. (Doc. No. 623.) At that point, Plaintiffs had produced a total of approximately 14,198 pages of documents. (*See* Doc. No. 653, Kimble Aff. ¶ 3.)

Unbeknownst to Defendant or the Court, after dispositive motions were heard, Plaintiffs' counsel obtained releases from class members and began the process of requesting additional documents pursuant to these releases from third-party lead agencies between March and June 2019.[2] On June 19, 2019, Plaintiffs then produced over 3,000

---

[2] Plaintiffs' counsel made these requests directly to the third parties after obtaining releases from class members; this was long after the fact discovery period closed. The releases from class members were obtained sometime between February and April 2019.

7

pages of new documents to Defendant. (Doc. No. 653, Kimble Aff. ¶ 4.) And on August 9, 2019, Plaintiffs produced an additional 7,600 pages of new documents. (*Id.* ¶ 5.) Plaintiffs also informed Defendant that they expected to produce more documents and that they might request additional documents from the counties. (*Id.* ¶ 19, Ex. 15 at 1.)

Defendant objected to the late productions, but Plaintiffs took the position that they were simply fulfilling their duty to supplement under Rule 26(e). Plaintiffs formally resisted Defendant's efforts to bring the dispute to the Court, claiming that the deadline for filing non-dispositive motions had passed and that the review of Plaintiffs' actions would not be proper before the undersigned magistrate judge.[3] (*Id.* ¶ 2, Ex. 2 at 2.) Specifically, Plaintiffs argued that the decision of whether more than 10,000 pages of late produced documents (and perhaps more) could be used at trial should be conducted by the District Court in a motion in limine before trial. (*Id.* ¶ 2, Ex. 2 at 1–2.) On August 28, 2019, Defendant's counsel wrote Plaintiffs' counsel stating, "Defendant has no choice but to seek judicial intervention." (*Id.* ¶ 1, Ex. 1 at 3.)

Defendant filed a motion with the Court on September 20, 2019. (Doc. No. 650.) A hearing was held on October 10, 2019, and the undersigned granted Defendant's

---

(Doc. No. 652, Def.'s Mem. of Law in Supp. of Mot. 1, 6; Doc. No. 653, Kimble Aff. ¶ 2, Ex. 2 at 8.)

[3] The Court notes that Plaintiffs invited Defendant to raise her concerns about the late production of documents with the Court on August 13 and August 15, 2019 (*Id.* ¶¶ 14, 15, Exs. 10, 11), but at the hearing reversed their position that the motion was premature and subject to only the District Judge's review before trial.

motion to amend the scheduling order so that she could bring her motion under Fed. R. Civ. P. 37. (Doc. No. 664.) The Court deferred ruling on Defendant's request for Rule 37 relief and granted Plaintiffs' request for supplemental briefing. (*Id.*) Plaintiffs filed their supplemental brief on October 15, 2019, and Defendant filed a reply on October 22, 2019. (Doc. Nos. 665, 668.)

## DISCUSSION

### A. Magistrate Authority to Rule on Defendant's Motion

With the exception of eight expressly delineated matters considered by Congress to be "dispositive" of a party's claim or defense, a magistrate judge can "hear and determine any pretrial matter pending before the court."[4] 28 U.S.C. § 636(b)(1)(A); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980). Whether a magistrate judge has the authority to determine a Rule 37 motion turns generally upon whether the motion is considered "dispositive" or "nondispositive." The dispute now before the Court is non-dispositive. *See, e.g.*, *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, MDL No. 15-2666 (JNE/DTS), 2018 WL 5801901, at *2–3 (D. Minn. Nov. 6, 2018) (concluding that an order excluding expert testimony under Rule 37 was nondispositive). Thus, this Court has authority to determine the issue and proceeds to the merits of Defendant's motion.

---

[4] Magistrate judges do not have authority under § 636(b)(1)(A) to determine a motion requesting: (1) injunctive relief; (2) judgment on the pleadings; (3) summary judgment; (4) dismissal or quashing of an indictment or information made by the defendant; (5) suppression of evidence in a criminal case; (6) dismissal or permission to maintain a class action; (7) dismissal for failure to state a claim upon which relief may be granted; and (8) involuntary dismissal of an action. 28 U.S.C. § 636(b)(1)(A).

9

### B. Importance of a Scheduling Order

The Federal Rules of Civil Procedure provide that a court "must issue a scheduling order" and such an order "must limit the time to . . . complete discovery[ ] and file motions." Fed. R. Civ. P. 16(b)(1), (b)(3)(A). A "district court has broad discretion in establishing and enforcing the deadlines." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (citing Fed. R. Civ. P. 16, 37). "Adherence to [scheduling] order deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'" *Id.* (quoting Fed. R. Civ. P. 1). "As a vehicle designed to streamline the flow of litigation through our crowded dockets, we do not take case management orders lightly, and will enforce them." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). If a party fails to obey a scheduling or other pretrial order, the Federal Rules of Civil Procedure grant the court discretion to impose sanctions. Fed. R. Civ. P. 16(f)(1)(C); *see also Bison Advisors LLC v. Kessler*, No. 14-3121 (DSD/SER), 2016 WL 3525900, *3 (D. Minn. Jan. 21, 2016) ("Federal Rule of Civil Procedure 16 provides . . . authority for the court to sanction a party for discovery-related behavior[ and] [s]pecifically . . . states that a court 'may issue any just orders' when 'a party or its attorney . . . fails to obey a scheduling or other pretrial order.'").

### C. Analysis of Plaintiffs' Production

Plaintiffs' argue that the Court's Scheduling Order permitted Plaintiffs' counsel to initiate collection of additional documents from third parties via releases obtained after the close of fact discovery. Specifically, Plaintiffs argue that their discovery efforts were

permitted because Plaintiffs did not utilize Federal Rules of Civil Procedure 34 or 45 to obtain the documents. Plaintiffs rely on one unpublished case from a district court in Illinois to support the notion that their "informal fact investigation conducted following the close of fact discovery" is permissible. (Doc. No. 665, Pls.' Supplemental Mem. in Opp'n to Def.'s Mot. 3 (citing *Barmore v. City of Rockford*, No. 09 CV 50236, 2014 WL 12791639 (N.D. Ill. Aug. 20, 2014).)

The Court disagrees with Plaintiffs that the circumstances in *Barmore* are similar to the circumstances in this case. In *Barmore*, the documents collected were in response to discrete requests for information made by experts (a publicly available 3D animation and officer training materials) as they prepared their reports. The court recognized that the materials should have been disclosed earlier pursuant to Rule 26(a); and the court concluded that any prejudice was mitigated by the fact that opposing counsel received copies of the documents at least two weeks before expert depositions and he was able to question the witnesses about the recently disclosed information.[5] Here, Plaintiffs' counsel initiated the collection of more than 10,000 non-public documents from third-party lead agencies after all pretrial events concluded, including expert discovery and the complete submission of dispositive motions, giving no opportunity to the Defendant to question any witnesses about the documents before expert discovery concluded and dispositive

---

[5] In making this argument, Plaintiffs' ignore their past representations to the Court (when seeking to extend expert discovery) that it was important for their experts to have the opportunity to review all fact discovery. Plaintiffs' present argument provides no such opportunity for either side.

motions were filed. Thus, without going into whether *Barmore* was correctly decided, it is easily distinguishable.

Fact discovery is fact discovery. The documents Plaintiffs collected through the process of obtaining client releases and then making direct requests to the third parties was fact discovery and was subject to the fact discovery deadlines set forth in the Scheduling Orders. Accepting Plaintiffs' argument that a party could secretly collect information from third parties through client releases or friendly cooperation of third parties after the close of all discovery would eviscerate the Court's Scheduling Orders' requirements to complete discovery of the facts prior to the deadline for expert reports and dispositive motions.[6]

Setting a fact discovery deadline is not optional for a court. *See* Fed. R. Civ. P. 16(b)(3)(A) ("The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions."). Here, the Court set a clear deadline for fact discovery, even inserting a provision for an earlier deadline for the substantial completion of documents.[7] Based on the parties' representations to the Court about the

---

[6] The Scheduling Orders provided that fact discovery would be completed prior to the completion of expert discovery and that the filing of dispositive motions would follow. Plaintiffs understood this and were successful in moving the expert discovery deadline to ensure their experts had the benefit of all fact discovery before rendering their expert opinions.

[7] The Court set this deadline with the input of counsel. In this District, to help inform the Court of the parties' positions when setting a case schedule, the parties fill out a Rule 26(f) Report form, which leaves blanks for the parties to insert their proposed initial disclosures and fact discovery deadlines. For fact discovery, the form reads, "(3) The parties must commence fact discovery procedures in time to be completed by _____." In this case, the Court incorporated the form language for fact discovery

12

need to obtain documents from the third-party lead agencies, the Court also set a deadline for initiating that production as well. The Scheduling Orders did not provide for further fact discovery beyond those deadlines. Simply put, the process invoked by Plaintiffs to collect documents held by third parties was not compliant with the Court's Scheduling Orders and the production of documents that flowed from that process violated the deadlines.

Finally, Plaintiffs argue that even though the documents were sought and received after the close of discovery, they should be allowed to use the documents they collected because their supplementation was mandated by Federal Rule of Civil Procedure 26(e). The Court rejects this argument.

Federal Rule of Civil Procedure 26(a)(1)(A) requires that a party must provide, without awaiting a discovery request, "a copy—or description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). Federal Rule of Civil Procedure 26(e) then requires:

> [a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—[to] supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or

---

and incorporated an earlier deadline for the substantial completion of document production to help facilitate the taking of fact depositions before the fact discovery deadline expired.

> corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]

Fed. R. Civ. P. 26(e)(1)(A).

Therefore, contrary to Plaintiffs' characterization of supplementation, "supplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *3M Innovative Props. Co. v. Dupont Dow Elastomers, LLC*, No. 03–3364 (MJD/JGL), 2005 WL 6007042, at *4 (D. Minn. Aug. 29, 2005) (quoting *Kenner v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998)). "[W]hile Rule 26(e) imposes a duty to supplement incorrect or incomplete information, it does not 'bestow upon litigants unfettered freedom to rely on supplements produced after a court-imposed deadline, even if the rule's pretrial time limit is satisfied,' and 'grants them no right to produce information in a belated fashion.'" *Id.* (quoting *DAG Enters. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 110 (D.D.C. 2005)). "Rule 26(e) provides no safe harbor for a party's lack of diligence." *Id.* (quotations omitted).

Here, Plaintiffs have made no showing that any of the documents were created after the fact discovery period closed or are correcting or completing information previously provided. And there is no dispute that the documents could have been gathered and produced prior to the discovery deadline had any necessary preliminary work been accomplished earlier. Therefore, the production of the more than 10,000 documents at issue does not qualify as supplementation pursuant to Rule 26(e). If one reads the Rule as Plaintiffs suggest, then a party could "subvert the very purpose of

Rule 26 by waiting to obtain relevant information and then argue that [they] turned over the information as soon as [they] received it." *See, e.g.*, *Dedmon v. Cont'l Airlines, Inc.*, No. 13-cv-0005-WJM-NYW, 2015 WL 4639737, *4 (D. Colo., Aug. 5, 2015). The Court will not accept a definition for supplementation that provides the right to mass produce information sought to be used by a party at trial in a belated fashion.

Further, even if this huge production fell under the category of proper Rule 26(e) supplementation, which the Court finds that it did not, Plaintiffs' disclosure is simply too late considering the third-party discovery deadline set forth in the Scheduling Orders. Knowing that Defendant took the position that it would not be collecting documents from the third parties, Plaintiffs should have initiated the process for their direct requests to third parties earlier or served third-party subpoenas by the deadline for third-party discovery.[8]

### D. Appropriate Remedy

Federal Rule of Civil Procedure 16(f) addresses sanctions for a party's failure to obey a scheduling or other pretrial order, and provides that the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii). Fed. R. Civ. P. 16(f)(1). Rule 37(b)(2)(A)(ii) allows for "prohibiting the disobedient party . . . from introducing designated matters in evidence." A failure to disclose pursuant to Federal Rule of Civil

---

[8] The deadline for serving third-party subpoenas was set in November 2017 for April 13, 2018. Plaintiffs' oral motion for an extension at the April 6, 2018 hearing was not compliant with the Local Rules for presenting a motion for amending a scheduling order and they did not meet and confer with the other side. The Court denied the motion from the Bench for lack of good cause.

Procedure 26(a) or (e) may also lead to the exclusion of evidence unless the failure to disclose was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1). Whether framed as a Rule 16(f) scheduling order violation or an improper Rule 26(e) supplementation, exclusion of the newly produced documents is warranted.

As explained above, Plaintiffs' late disclosure is not substantially justified. And, even if Plaintiffs' late disclosure was permissible, it would be prejudicial to Defendant to allow Plaintiffs to use any of the 10,000 documents without reopening discovery to permit Defendant some opportunity to ask at least a select number of class members about a subset of documents. Tellingly, Plaintiffs take the position that they prefer to forego using the documents if the Court is inclined to permit Defendant any further discovery on the more than 10,000 documents. Specifically, Plaintiffs state the following:

> Plaintiffs oppose a continuance to conduct additional discovery regarding a *few* class members, as it would delay justice for *every* member of the Class. To the extent the Court finds that Plaintiffs' conduct violated Rule 37(c)(1), Plaintiffs' respectfully request that the Court adopt Defendant's primary requested relief, preventing Plaintiffs from introducing the late-produced documents at trial, rather than Defendant's alternative suggestion of reopening discovery to allow time-consuming deposition of class members and providers.

(Doc. No. 665, Pls.' Supplemental Mem. in Opp'n to Def.'s Mot. 6, n.1.) Accordingly, the Court will adopt Plaintiffs' preference and exclude the use of any of the documents at issue. The Court also will not permit Defendant to use the documents either. To be clear, no party may use the documents that were collected by Plaintiffs following the discovery cut off at trial, unless the District Judge permits such use for impeachment.

The Court assumes that Plaintiffs have provided copies of all the documents collected thus far to Defendant. If not, they must do so within **21 days**, unless they are privileged or otherwise subject to the work-product doctrine. If privilege or work-product protection is claimed, a log must be provided within **21 days**. Plaintiffs must also withdraw any pending request to any third party submitted through this process, as it is deemed untimely. Any additional documents received must be shared with Defendant, subject to the same conditions described above. The Court will not issue any additional sanctions. The exclusion of the materials is a sufficient sanction in light of the circumstances of this case.

## ORDER

For the reasons stated above, and consistent with the requirements set forth above, **IT IS HEREBY ORDERED** that:

1. Defendant's request for relief (Doc. No. 650) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The documents at issue are excluded. Neither party may use the documents that were collected by Plaintiffs following the discovery cut off at trial, unless the District Judge permits such use for impeachment.

    b. Plaintiffs must provide copies of all the documents collected thus far to Defendant within **21 days**, unless they are privileged or otherwise subject to the work-product doctrine. If privilege or work-product protection is claimed, a log must be provided within **21 days**.

Date: December 6, 2019               *s/ Becky R. Thorson*
                                     BECKY R. THORSON
                                     United States Magistrate Judge