UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tenner Murphy, *by his guardian Kay Murphy*; Marrie Bottelson; Dionne Swanson; *and on behalf of others similarly situated*,

        Plaintiffs,

v.

Jodi Harpstead, *in her capacity as Commissioner of The Minnesota Department of Human Services*,

        Defendant.

Civil No. 16-2623 (DWF/BRT)

ORDER

# INTRODUCTION

This matter is before the Court upon cross objections (Doc. Nos. 672 ("Pl. Obj."); 673 ("Def. Obj.")) to Magistrate Judge Becky R. Thorson's December 6, 2019 Order (Doc. No. 671 ("December Order")) granting in part and denying in part Defendant's Motion/Request for relief (Doc. No. 650). Each party filed a response to the respective objections on January 3, 2020. (Doc. Nos. 674 ("Pl. Resp."); 675 ("Def. Resp.").)

# DISCUSSION

## I.    Legal Standard

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). This is an "extremely deferential" standard. *Reko v.*

*Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *Chase v. Comm'r of Internal Revenue*, 926 F.2d 737, 740 (8th Cir. 1991)). "A magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure." *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017) (citing *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010)).

## II. Background

On September 20, 2019, Defendant filed a request for relief relating to Plaintiffs' June 2019 and August 2019 productions totaling over 10,600 pages of additional third-party documents, made one year after fact discovery closed in June 2018. (Doc. No. 652.) Defendants asked for sanctions for the late production pursuant to Federal Rule of Civil Procedure 37. (*Id.*) Plaintiffs opposed Defendant's request, claiming that their informal collection of documents from third parties was not controlled by the fact discovery deadlines set forth in the Court's scheduling orders, and that their production was mandatory pursuant to Federal Rule of Civil Procedure 26(e). (Doc. No. 662.)

## III. The Magistrate Judge's December Order

Magistrate Judge Thorson granted in part and denied in part Defendant's request for relief to the extent that she excluded the late-produced documents for any purpose other than impeachment. (December Order at 17.) Specifically, she ordered that "neither

party may use the documents that were collected by Plaintiffs following the discovery cut off at trial, unless the District Judge permits such use for impeachment." (*Id.*)

### 1. Plaintiffs' Objection

Plaintiffs do not object to Magistrate Judge Thorson's December Order to prohibit the parties from admitting the late-produced documents into evidence, but argue that the prohibition is overbroad. (Pl. Obj. at 3.) Plaintiffs ask the Court to modify the December Order so that the parties may also use the late-produced documents to refresh a witness's recollection during trial if the Court deems it appropriate and in the interest of justice. (*Id.*) Plaintiffs contend that Rule 37 does not contemplate prohibiting a party from using a document to refresh a witness's recollection, and that doing so could distort the accuracy of the testimony that the Court needs to make its ultimate determinations. (*Id.* at 5.) Defendant does not oppose Plaintiffs' request.[1] (Def. Resp. at 3.) The Court finds no reason to deny Plaintiffs' unopposed request. Therefore, the Court will retain its discretion to decide at trial whether a party may properly use a document to refresh a witness's recollection and modify the December Order accordingly.

In a footnote, Plaintiffs also assert their understanding that the December Order does not pertain to documents that relate to Named Plaintiff Dionne Swanson ("Swanson") "that were gathered and produced after June 15, 2018." (Pl. Obj. at 2., n.1.) Plaintiffs state that these documents "were not the subject of Defendant's motion, and

---

[1] Defendant clarifies that while she does not oppose the request, she does not waive any otherwise available objection to the fact or manner of use of any of the documents to refresh recollection. (Def. Resp. at 3.)

clearly fit within the definition of 'supplementation' under the [F]ederal [R]ules." (*Id.*) While Defendant agrees that any document relating to Swanson created after June 15, 2018 constitutes proper supplementation, Defendant asserts that some of the documents "appear to have been created prior to June 15, 2018 but not earlier produced." (Def. Resp. at 2.) Accordingly, Defendant contends that any document relating to Swanson that was created prior to June 15, 2018 is late-produced and subject to the December Order. (*Id.* at 2-3.) The Court agrees.[2] To the extent that Plaintiffs seek clarification with respect to the December Order, the Court finds that any document relating to Swanson created prior to June 15, 2018 but not produced until 2019 is subject to the December Order and may not be used for any purpose other than those affirmed or modified by this Order.

### 2. Defendant's Objections

Defendant argues that by preventing her from using the late-produced documents for any purpose other than impeachment, the Magistrate Judge effectively sanctioned Defendant for Plaintiffs' improper conduct. (Def. Obj. at 4.) Defendant contends that neither Rule 37(b)(2) or 37(c)(1) authorizes a sanction on a compliant party, such as Defendant. (*Id.* at 5.) Accordingly, Defendant argues that there is no basis in Rule 37 for limiting Defendant's use of the late-produced documents and that the Magistrate Judge's imposition of that restriction should be reversed as contrary to law. (*Id.*)

---

[2] The Court observes that Defendant's request for relief specifically referenced documents related to Swanson, and therefore finds no reason to conclude that any document created prior to June 15, 2018 is exempt from the December Order.

4

Plaintiffs contend that the Federal Rules allow courts to issue any "just orders," and do not proscribe a court's authority to adopt a sanction that excludes documents at trial that were produced following the close of fact discovery. (Pl. Resp. at 3 citing Fed. R. Civ. P. 37(b)(2); Fed. R. Civ. P. 16(f)(1)(C).) Accordingly, Plaintiffs argue that Magistrate Judge Thorson acted within her discretion to exclude either party from introducing the late-produced documents into evidence. (*Id.* at 4.) Plaintiffs also contend that sustaining Defendant's objection would distort the trial record and violate the common law Rule of Completeness and Federal Rule of Evidence 106. (*Id.*) Plaintiffs argue further that allowing only Defendant to introduce the documents would be prejudicial, inequitable, and contrary to the interests of justice. (*Id.* at 6.)

The Court finds that Magistrate Judge Thorson's decision to prohibit both parties from admitting the late-produced documents into evidence is neither clearly erroneous nor contrary to law. When drafting an order, "the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008.) While Defendant contends that the Federal Rules are limited to sanctions against the offending party, the Court finds that Magistrate Judge Thorson carefully considered the circumstances of the case, and crafted a just and equitable order well within her authority. Indeed, the Court finds nothing in the Federal Rules or relevant case law that proscribes the court from fashioning a remedy

that applies equally to both parties, so long as it is just and furthers the interests of justice.[3]

## CONCLUSION

This Court finds that Magistrate Judge Thorson's Order is neither clearly erroneous nor contrary to law. Notwithstanding, the Court grants Plaintiffs' unopposed request to allow both parties to use the late-produced documents to refresh a witness's recollection, and clarifies that the December Order applies to any document relating to Named Plaintiff Dionne Swanson created before June 15, 2018. Moreover, giving proper deference to Magistrate Judge Thorson's Order and for the reasons stated above, the Court overrules Defendant's objection.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiffs Objection (Doc. No. [672]) to Magistrate Judge Becky R. Thorson's December 6, 2019 Order on Defendant's Motion/Request for relief is **GRANTED** insofar as the Court will retain its discretion to decide at trial whether a party may properly use a document to refresh a witness's recollection.

---

[3]  In relevant part, Rule 37(b)(2) states, "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following . . . ." Fed. R. Civ. P. 37(b)(2). While the Rule goes on to list a number of potential "just orders", the language "may include" indicates that the suggestions are not an exhaustive list.
  Rule 37(c)(1) similarly provides that in addition to prohibiting a party who fails to provide information from admitting that information as evidence at trial, the court "may impose other appropriate sanctions, including any of those listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1)(c). Accordingly, the Magistrate Judge was well within her authority to fashion a just remedy beyond those specifically identified in the Rules.

2. Defendant's Objection (Doc. No. [673]) to Magistrate Judge Becky R. Thorson's December 6, 2019 Order on Defendant's Motion/Request for relief is **DENIED**.

3. Magistrate Judge Becky R. Thorson's December 6, 2019 Order on Defendant's Motion/Request for relief (Doc. No. [671]) is **AFFIRMED** with the following modification to Paragraph 1(a):

   a. The documents at issue are excluded. Neither party may use the documents that were collected by Plaintiffs following the discovery cut off at trial, unless the District Judge permits such use for impeachment or to refresh a witness's recollection.

   b. The Court clarifies that any document relating to Named Plaintiff Dionne Swanson created prior to June 15, 2018 but not produced until 2019 is subject to Magistrate Judge Becky R. Thorson's December 6, 2019 Order and may not be used for any purpose other than those affirmed or modified by this Order

Dated: January 16, 2020        s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge