## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Tenner Murphy, *by his guardian Kay Murphy*; Marrie Bottelson; Dionne Swanson; *and on behalf of others similarly situated*,

    Plaintiffs,

v.

Jodi Harpstead, *in her capacity as Commissioner of The Minnesota Department of Human Services*,

    Defendant.

Civil No. 16-2623 (DWF/BRT)

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

This matter is before the Court upon Plaintiffs' objection (Doc. No. 707 ("Pl. Obj.")) to Magistrate Judge Becky R. Thorson's August 31, 2020 Order (Doc. No. 706 ("August 2020 Order")) granting in part and denying in part Plaintiffs' Motion for Sanctions (Doc. No. 682 ("Motion for Sanctions")). Defendant filed a response to Plaintiff's objections on September 21, 2020. (Doc. No. 714 ("Def. Resp.").)

## BACKGROUND

The factual background for the above-entitled matter is clearly and precisely set forth in the Court's May 18, 2017 Memorandum Opinion and Order (Doc. No. 54) and Magistrate Judge Thorson's August 2020 Order and is incorporated by reference herein.

(*See* Doc. No. 54; August 2020 Order.)  The Court notes particular facts relevant to this Order below.[1]

Fact discovery in this matter closed pursuant to a scheduling order filed on June 15, 2018.[2]  (Doc. No. 149 ("Third Amended Scheduling Order").)  On April 20, 2020, Defendants produced over 7,000 pages of documents and disclosed ten new witnesses that Defendant intended to introduce at trial.  (*See* Doc. No. 685 ¶ 16, Ex. 14 at 1; *see also* Doc. No. Pl. Obj. at 1.)  On May 5, 2020, Plaintiffs filed a Rule 37 Motion to Exclude Documents and Witnesses relating to Defendant's April 20, 2020 production.  (Motion for Sanctions.)

Plaintiffs claimed that "Defendant failed to inform Plaintiffs (or the Court) of its plan for late production, or even of the ongoing creation of purportedly new policies and procedures, until January 31, 2020."  (Doc. No. 684 at 5.)  Plaintiffs asserted that they were "blindsided" by the late production and sought sanctions pursuant to Fed. R. Civ. P. 37 in the form of exclusion of the documents and witnesses produced on April 20, 2020.[3]  (*Id.* at 3, 32.)  Alternatively, Plaintiffs requested that if the Court

---

[1]  The Court also supplements the facts as needed.

[2]  In June 2018, the parties stipulated to, and this Court permitted, certain limited discovery to take place following the fact discovery deadline, but by June 25, 2018.  (See Doc. Nos. 269, 271.)

[3]  Plaintiffs also argued that the disclosure was improper because Magistrate Judge Thorson had previously precluded Plaintiffs from using or gathering further relevant documents which post-dated discovery.  (See August 2020 Order at 18; see also Doc. No. 684 at 14 n.8.)  In her August 2020 Order, Magistrate Judge Thorson noted that her prior decision was based on Plaintiffs' failure to properly show that the documents they wished to include were gathered post-discovery.  (August 2020 Order at 18.)  As

believed the information in the late production must be introduced to determine whether Plaintiffs' requested relief will remedy ongoing harms, the Court should consider the information separately following a trial on liability.  (*Id.* at 18 n.10.)

In a thoughtful and detailed memorandum and opinion, Magistrate Judge Thorson observed that the documents and witnesses at issue post-dated the June 18, 2020 discovery cut-off, and that Plaintiffs repeatedly requested supplementation from Defendant.[4]  (August 2020 Order at 12; *see also* Doc. No. 685-1 at 11-12, 17, 30 (requesting supplementation related to new policies).)  Accordingly, she crafted a remedy which she believed would "ensure a fair process for supplementation of new factual developments after the fact discovery cut-off, with admissibility disputes to be determined by the District Judge."[5]  (August 2020 Order at 17.)  To this end, Magistrate

---

discussed below, the remedy Judge Thorson crafted in response to Plaintiffs' Motion for Sanctions also addressed their complaint related to her previous decision.

[4]      While observing the "apparent untimeliness" of the disclosure, Magistrate Judge Thorson concluded that a modified approach akin to the approach taken in *Stricklin v. Henry*, consistent with *Farmer v. Brennan*, 511 U.S. 825, 845 (1994) regarding new factual developments after the fact discovery cut-off was best.  (August 2020 Order at 16-17 (citing *Stricklin v. Henry*, No. 08-CV-074-GKF-FHM, 2011 WL 13192864 (N.D. Okla. Aug. 3, 2011) and *Farmer v. Brennan*, 511 U.S. 825, 845 (1994) (holding that the issue in the case "should be determined in light of the prison authorities current attitudes and conduct . . . their attitudes and conduct at the time suit is brought and persisting thereafter").)

Moreover, Magistrate Judge Thorson correctly observed that she could not order a bifurcated trial because "Plaintiffs did not move for a bifurcated trial," and "that decision rests with the District Judge."  (Id.)

[5]      Magistrate Judge Thorson's decision was based in part on "Plaintiff's concession as to relevance and continued requests for information about updated practices and procedures."  (Id. at 16.)

Judge Thorson denied Plaintiffs' request to exclude the production under Rule 37(c)(1) and permitted each side to engage in limited additional discovery.[6] (*Id.* 18-19.)

## DISCUSSION

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). This is an "extremely deferential" standard. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *Chase v. Comm'r of Internal Revenue*, 926 F.2d 737, 740 (8th Cir. 1991)). "A

---

[6] Specifically, Magistrate Judge Thorson required that on January 29, 2021, each party supplement and produce any documents created after June 15, 2018 that the party proposes to use at trial. (Id. at 18.) She specified that if no witness previously disclosed has knowledge of the documents identified and produced on January 29, 2021, an additional witness may be proposed in a supplemental disclosure if the proposing party proposes to call that witness at trial. (Id.) Moreover, Magistrate Judge Thorson ordered that if, after the supplemental disclosures are made on January 29, 2021, the other side believes that a deposition relating to the new or additional documents (or witnesses) is warranted, they must file and serve a non-dispositive motion to compel discovery no later than February 12, 2021, setting forth the additional discovery sought based on the supplemental disclosure, and explaining why it is necessary, relevant, and proportional. She further asserted that she "would timely decide any motion to compel, leaving it to the District Judge to decide whether certain evidence produced in discovery—and supplemental discovery—may be used at trial." (Id. at 19.)

By allowing both sides an opportunity to supplement the record with documents created after the discovery deadline that satisfy Federal Rule of Civil Procedure 26(e), Magistrate Judge Thorson strategically addressed Plaintiffs' complaint that one of her previous orders prevented Plaintiffs from using or gathering relevant post-discovery documents.

4

magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure." *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017) (citing *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010)).

Plaintiffs argue that Magistrate Judge Thorson erred when she "failed to recognize that the Federal Rules *require* the exclusion of untimely documents unless the production was substantially justified or harmless, which the Defendant did not demonstrate," and created a remedy that will "only serve to exacerbate the prejudice caused by the untimely disclosure." (Pl. Obj. at 2 (emphasis in original); *see also id.* at 5-11.)

Specifically, Plaintiffs object to Magistrate Judge Thorson's finding that because Plaintiffs seek injunctive relief, the documents at issue should be subject to the modified *Stricklin* approach, as opposed to excluded. Plaintiffs contend that Judge Thorson's approach will allow Defendants to "cherry-pick which additional documents and witnesses she wishes to use at trial" without any guarantee to Plaintiffs that they will be able to ask appropriate questions about new documents or policies, nor be able to prove the knowledge of new witnesses. (*Id.* at 7-9.) Moreover, Plaintiffs contend that Defendant's production is "woefully incomplete," will require substantial additional discovery, and assert that the new information is best addressed during a "remedies" stage of the case pursuant to their request for a bifurcated trial.[7] (*Id.* at 7-9.)

---

7   On September 14, 2020, Plaintiffs filed a motion to bifurcate the liability and remedy phases of the trial in this matter, and to limit the liability phase to facts gathered during discovery as set forth in the Third Amended Pretrial Scheduling Order. (Doc. No. 708.) The Court addresses that motion in a separate Order.

5

In short, Plaintiffs argue that the August 2020 Order "rewards Defendant for her untimely production, does not provide Plaintiffs with a right to engage in necessary discovery to ensure a fair trial, and thus does not further the interests of justice." (*Id.* at 11.) Plaintiffs contend that their request for injunctive relief does not alter Defendant's obligation to comply with discovery rules, and that the Magistrate Judge erred when she relied on *Farmer* as the rationale to reject Plaintiffs' request for exclusion. (*Id.* 11-12.) Plaintiffs argue that while *Farmer* holds that the issuance of an injunction must be based on current conditions, it does not stand for the proposition that a party may ignore its obligation to comply with the discovery rules, nor that a trial on liability must include all available facts up until and including the day of trial. (*Id.* at 12.)

Accordingly, Plaintiffs ask this Court to "sustain their objection, reverse Magistrate Judge Thorson's Order, and exclude the documents and witnesses that Defendant produced and identified on April 20, 2020 during the liability phase of the trial." (*Id.* at 13.) If the Court does not exclude Defendant's untimely production, Plaintiffs ask that the Court reopen fact and expert discovery and that Defendant bear the cost. (*Id.* at 13 n.4.)

Defendant argues that Magistrate Judge Thorson correctly concluded that the law allows admission of post-discovery information in a case for prospective injunctive relief and that she crafted an appropriate remedy to explore that information. (Def. Resp. at 7-13.) Defendant argues further that Plaintiffs lack any relevant authority for their assertion that exclusion of post-discovery developments is appropriate when the parties will have the opportunity to conduct discovery, and that Plaintiffs "speculatively"

6

complain that the August 2020 Order does not provide them with a right to engage in the necessary discovery to engage in a fair trial. (*Id.* at 10-12.) Moreover, Defendant asserts that Judge Thorson's remedy "sets forth one way to address the issues the passage of time has caused in this case, allowing both parties the opportunity to introduce current evidence and explore the evidence they receive from each other." (*Id.* at 12.) The Court agrees.

Specifically, the Court finds that Magistrate Judge Thorson's decision not to exclude Defendant's April 20, 2020 production and to allow the parties to engage in additional limited discovery is neither clearly erroneous nor contrary to law. As this Court has previously observed, when drafting an order, "the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances." *Wenger v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008.) Here, the Court finds that that Magistrate Judge Thorson once again carefully considered the circumstances of the case and crafted a just and equitable order consistent with *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).[8]

While the Court understands that Plaintiffs believe that Defendant's April 20, 2020 production was neither substantially justified nor harmless, the Court disagrees. Indeed, the record reflects that the production was largely in response Plaintiffs' own requests for supplementation, and ultimately necessary to determine an appropriate level of injunctive relief. Moreover, the Court finds that Judge Thorson's remedy

---

[8]   The Court declines to engage in any argument with respect to Plaintiffs' request for a bifurcated trial in this Order.

7

appropriately accommodates the significant passage of time in light of Plaintiffs' request for prospective injunctive relief and addresses the potential for prejudice by permitting both parties to engage in additional limited discovery well in advance of trial.

## CONCLUSION

This Court finds that Magistrate Judge Thorson's Order is neither clearly erroneous nor contrary to law.  Accordingly, the Court respectfully overrules Plaintiffs' objections.

## CONCLUSION

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Plaintiffs objection (Doc. No. [707]) to Magistrate Judge Becky R. Thorson's August 31, 2020 Order (Doc. No. [706]) is **OVERRULED**.

2.  Magistrate Judge Becky R. Thorson's August 31, 2020 Order (Doc. No. [706]) on Plaintiffs' Plaintiffs' Motion for Sanctions (Doc. No. [682]) is **AFFIRMED** in its entirety.

Dated:  September 25, 2020         s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge