UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tenner Murphy, by his guardian Kay
Murphy; Marrie Bottelson; Dionne
Swanson; and on behalf of others
similarly situated,

                    Plaintiffs,

v.

Jodi Harpstead, in her capacity as
Commissioner of the Minnesota
Department of Human Services,

                      Defendant.

Civil No. 16-2623 (DWF/BRT)

MEMORANDUM
OPINION AND ORDER

## INTRODUCTION

This matter is before the Court upon Plaintiffs' Rule 42 Motion to Bifurcate Trial. (Doc. 708.)  This Court has already overruled Plaintiffs' contemporaneously filed objection (Doc. No. 707) to Magistrate Judge Becky R. Thorson's August 31, 2020 Order (August 2020 Order, Doc. No. 706) granting in part and denying in part Plaintiffs' Motion for Sanctions (Doc. No. 682).  The Court held a hearing on November 3, 2020. (Doc. No. 722.)  For the reasons discussed below, the Court denies Plaintiff's Rule 42 motion to bifurcate trial.

## BACKGROUND

The factual background for the above-entitled matter is clearly and precisely set forth in previous orders of the Court, including the Court's May 18, 2017 Memorandum

Opinion and Order (Doc. No. 54) and August 2020 Order, and are incorporated by reference herein.

Fact discovery in this matter closed pursuant to a June 15, 2018 scheduling order.[1] (Doc. No. 149 ("Third Amended Scheduling Order").)  On April 20, 2020, Defendants produced over 7,000 pages of documents and disclosed ten new witnesses that Defendant intended to introduce at trial.  (*See* Doc. No. 685 ¶ 16, Ex. 14 at 1.)  On May 5, 2020, Plaintiffs filed a Rule 37 Motion to Exclude Documents and Witnesses relating to Defendant's April 20, 2020 production.  (Doc. No. 682.)

Plaintiffs claimed that "Defendant failed to inform Plaintiffs (or the Court) of its plan for late production, or even of the ongoing creation of purportedly new policies and procedures, until January 31, 2020."  (Doc. No. 684 at 5.)  Plaintiffs asserted that they were "blindsided" by the late production and sought sanctions pursuant to Fed. R. Civ. P. 37 in the form of exclusion of the documents and witnesses produced on April 20, 2020.  (*Id.* at 3, 32.)  Alternatively, Plaintiffs requested that if the Court believed the information in the late production must be introduced to determine whether Plaintiffs' requested relief will remedy ongoing harms, the Court should consider the information separately following a trial on liability.  (*Id.* at 18 n.10.)

In a thoughtful and detailed memorandum and opinion, Magistrate Judge Thorson observed that the documents and witnesses at issue post-dated the June 18, 2020 discovery cut-off, and that Plaintiffs repeatedly requested supplementation from

---

[1]   The parties stipulated to, and the Court permitted, certain limited discovery to take place following the fact discovery deadline, but by June 25, 2018.  (Doc. Nos. 269, 271.)

Defendant.  (August 2020 Order at 12; *see also* Doc. No. 685-1 at 11–12, 17, 30 (requesting supplementation related to new policies).)  Accordingly, she crafted a remedy she believed would "ensure a fair process for supplementation of new factual developments after the fact discovery cut-off, with admissibility disputes to be determined by the District Judge."  (August 2020 Order at 17.)  To this end, Magistrate Judge Thorson denied Plaintiffs' request to exclude the production under Rule 37(c)(1) and permitted each side to engage in limited additional discovery.  (*Id.* at 18–19.)  This Court upheld Magistrate Judge Thorson's August 2020 Order as a "remedy appropriately accommodat[ing] the significant passage of time in light of Plaintiffs' request for prospective injunctive relief and addresses the potential for prejudice by permitting both parties to engage in additional limited discovery well in advance of trial."  (Doc. No. 718 at 7-8.)

## MOTION TO BIFURCATE

Plaintiffs move to:  (1) bifurcate the liability and remedy phases of trial; and (2) limit the liability phase to facts gathered during discovery outlined by the Third Amended Scheduling Order.  Essentially, Plaintiffs argue that the evidence for these two phases will be different because the liability phase looks at what the system was, and the remedy phase looks at what the system is to fashion prospective injunctive relief.  Defendant opposes bifurcation.

Under Rule 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  In exercising the "broad discretion"

3

afforded by Rule 42(b), courts "should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion."  *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1202 (8th Cir. 1990).  "Because piecemeal litigation is inefficient, bifurcation is the exception, and not the rule."  *In re RFC and ResCap Liquidating Trust Litig.*, 2019 WL 2337323, at *2 (D. Minn. June 3, 2019) (citing *Transclean Corp. v. Bridgewood Servs., Inc.*, 101 F. Supp. 2d 788, 793 (D. Minn. 2000)).

Plaintiffs argue "extreme prejudice" will result should Defendant be "permitted to introduce selective evidence of her policies over the past three years, while preventing Plaintiffs from discovering details of her actions and distorting how the system is really working for class members." (Doc. No. 710 at 8.)  The Court finds no prejudice.  As it stands, the August 2020 Order permits supplemental discovery related to the disclosures made relating to post-June 15, 2018 information.  (August 2020 Order at 18–19.)  Indeed, Plaintiffs' entire bifurcation motion goes hand in hand with their appeal of the August 2020 Order.  (*E.g.*, Doc. No. 710 at 16.) ("If the Court does not grant this Motion to Bifurcate and overrule Magistrate Judge Thorson's Order, the parties will have to conduct that time-consuming discovery related to the activities of the parties since June 15, 2018.")  Thus, contrary to Plaintiffs arguments, Plaintiffs have the opportunity to "discover[] details of [Defendant's] actions and . . . how the system is really working for class members."

While the parties dispute whether the issues of liability and remedies could be separated,[2] the reality is that it is *the Court* that would have to compartmentalize the testimony and evidence. Plaintiffs have withdrawn their demand for a jury trial. (Doc. No. 413.) Defendants consented. (Doc. No. 414.); *see* Fed. R. Civ. P. 38(d). The same concerns about confusing and prejudicing the factfinder with evidence or testimony relevant to only one matter and not the other does not bear out as it would with a jury when the Court acts in that role. Further hedging against the prospect of prejudicial confusion, the Court could request post-trial briefing delineating the evidence and testimony applicable to each particular factor of the decision-making process.

Bifurcation would not foster judicial efficiency. Defendants note that many witnesses testifying regarding liability would then testify again at a remedies phase. The parties' experts would likely have to testify twice. While practices have changed as evidenced by Defendant's late discovery productions, historical context will likely aid in understanding the developments. Thus, separating liability and remedies phases will lead to greater likelihood of confusion and higher inefficiency. Nor would bifurcation speed up the trial process. The discovery that Plaintiffs can do under the August 2020 Order

---

[2] In *Olmstead v. L.C.*, the Supreme Court examined whether Georgia's refusal to provide services to mentally disabled persons in community settings instead of institutions violated the ADA, holding that such action would violate the ADA only "when the State's treatment professionals have determined that community placement is appropriate, the transfer from institutional care to a less restrictive setting is not opposed by the affected individual, and the placement can be reasonably accommodated, taking into account the resources available to the State and the needs of others with mental disabilities." 527 U.S. 581, 587 (1999); *see also* 28 C.F.R. § 35.130(b)(7)(i). This appears to tie liability, in part, to the reasonableness of modifying the current practice.

5

regarding present policy and practices would just be delayed to after a liability trial pending the remedies trial. Procrastinating on discovery does not make it more efficient. The opposite is generally true: factual clarity fades, employees move to new projects or leave the organization, priorities and expertise shift. Defendant's policies may change again and require *even more* discovery for a remedies phase if that portion of trial is delayed, thus amplifying proceedings further. Finally, Plaintiffs argue an outcome in their favor after the liability phase will pressure Defendant to settle and an outcome in Defendant's favor will make additional discovery unnecessary. This is simply far too speculative for the Court to consider. The Court finds no judicial efficiency in bifurcation.

The Court cannot ignore the realities of the present situation, either. Trial in this case has been extended several times through the parties' stipulations to extend discovery and settlement discussions. Even if the parties had all evidence desired and were ready to go to trial instantly, that would likely not occur due to the COVID-19 pandemic. This District has been generally unable to hold trials since the inception of the pandemic and will not be holding trials for the foreseeable future. *See* General Order No. 20 (D. Minn. Nov. 4, 2020) (continuing all trials through at least December 31, 2020). While a jury trial certainly raises the most difficult logistical concerns, jury and court trials alike face questions regarding health and safety of witnesses, attorneys, and court staff. Another pressing reality is that the District's backlog of criminal trials must take priority over civil trials. Unfortunately, even if were bifurcation proper, Plaintiffs' stated desire of a rapid

trial on liability followed by a secondary trial on remedies cannot be squared with reality because no civil trial appears imminently possible.

In sum, the Court finds no reason to exercise its discretion to bifurcate trial in this matter.

## CONCLUSION

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Rule 42 Motion to Bifurcate Trial (Doc. [708]) is respectfully **DENIED**.


Dated:  December 3, 2020                    s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge