## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Tenner Murphy, *by his guardian*
*Kay Murphy*; Marrie Bottelson;
Dionne Swanson; *and on behalf of others*
*similarly situated*,

                         Plaintiffs,

v.

Jodi Harpstead*, in her capacity as*
*Commissioner of The Minnesota*
*Department of Human Services*,

                         Defendant.

Civil No. 16-2623 (DWF/BRT)


**MEMORANDUM**
**OPINION AND ORDER**


## INTRODUCTION

This matter is before the Court upon Defendant's objections (Doc. No. 734 ("Def.

Obj.")) to Magistrate Judge Becky R. Thorson's February 10, 2021 Limited Discovery

Scheduling Order (Doc. No. 732 ("February 2021 Order")) and her February 17, 2021

Order/Notice to Attorney (Doc. No. 733 ("Notice")).  Plaintiffs filed a response to

Defendant's objections on March 10, 2021.  (Doc. No. 736 ("Pl. Resp.").)  For the

reasons set forth below, the Court overrules Defendant's objections and affirms both the

February 2021 Order and the Notice.

## BACKGROUND

The factual background for the above-entitled matter has been clearly and

precisely set forth in previous Orders, including the Court's May 18, 2017 Memorandum

and Opinion (Doc. No. 54), the Court's September 25, 2020 Memorandum and Opinion

(Doc. No. 718 ("September 2020 Order")), and the February 2021 Order, and are incorporated by reference herein.

On August 31, 2020, Judge Thorson issued an Order which was intended to provide a "fair process for the supplementation of new factual developments after the fact discovery cut-off, with admissibility disputes to be determined by the District Judge." (Doc. No. 706 ("August 2020 Order").)  This Court noted on appeal that the August 2020 Order, which permitted each party to engage in limited additional discovery, "appropriately accommodate[d] the significant passage of time in light of Plaintiffs' request for prospective injunctive relief and addresse[d] the potential for prejudice by permitting both parties to engage in additional limited discovery well in advance of trial." (September 2020 Order at 7-8.)

The parties subsequently filed a detailed Joint Status Report regarding their positions on proposed supplemental discovery.  (Doc. No. 730 ("Joint Status Report").) Plaintiffs indicated their intent to call three Named Plaintiffs and nine other class members ("Other Class Members") as potential witnesses at trial.  (*Id.* at 4.)  Defendant therefore sought approximately 35 additional depositions to include the Named Plaintiffs and Other Class Members as well as their guardians, case managers, and housing/serving providers.  (*Id.* at 19.)  Defendant also asked that Plaintiffs be required to produce certain employment and financial documents created since June 15, 2018 for the Named Plaintiffs and Other Class Members.  (*Id.* at 14-15.)

Noting that the parties were limited to 20 fact depositions during the initial discovery period, Plaintiffs proposed that each party again be limited to 20 additional

depositions during the supplemental discovery period.  (*Id.* at 18.)  Plaintiffs also objected to Defendant's request that they produce certain employment and financial documents created since June 15, 2018 for the Named Plaintiffs and Other Class Members as "not necessary, proportional, or relevant to the issues in the case."  (*Id.* at 14-15.)

After a Case Management Conference on January 26, 2021 (Doc. No. 731), Judge Thorson issued a Limited Discovery Scheduling Order that permitted written discovery and document production related to the Named Plaintiffs and Other Class Members.  (*See generally* February 2021 Order.)  The February 2021 Order permitted each party an additional 20 depositions.  (*Id.* at 5.)  It also required Plaintiffs to supplement the record with certain employment and financial records created since June 15, 2018 for the Named Plaintiffs but denied without prejudice Defendant's request that Plaintiffs produce those documents for the Other Class Members.  (*Id.*)

On February 16, 2021, Plaintiffs emailed Judge Thorson a letter indicating that due to "a recent change in circumstances," they no longer intended to call as a witness at trial one of the nine Other Class Members and therefore did not intend to "gather, or use at trial, county case management files or services" regarding that person.  (Doc. No. ¶ 5, Ex. 4 ("Letter").)  Plaintiffs therefore sought clarification whether it was still necessary to subpoena documents related to that person.  On February 17, 2021, Judge Thorson issued an Order/Notice relieving Plaintiffs of their duty to subpoena documents related to a fact witness they no longer intended to call at trial.  (*See* Notice.)

Defendant contends that both the February 2021 Order and the Notice are contrary to law and asks this Court to overrule them.[1]

## DISCUSSION

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). This is an "extremely deferential" standard. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on

---

[1]     Defendant also asserts that the February 2021 Order is clearly erroneous because it misstates one of the parties' stipulations. (Def. Obj. at 6.) Specifically, in the Joint Status Report, the parties agreed that "the documents created after June 15, 2018 that Plaintiffs produced that were previously excluded by the Court's December 6, 2019 Order (ECF No. 671), and the documents that Defendant produced that were at issue in the Court's August 31, 2020 Order (ECF No. 706), may be used by either party at trial, unless prohibited by future Order of the Court, and subject to the parties' objections." (Joint Status Rep. at 2 ("Stipulation").)

Defendant points out that the February 2021 Order incorrectly states that the stipulation referenced documents created *before* June 15, 2018—not after. (Def. Memo. at 7; *see also* February 2021 Order at 2 ("The parties further stipulated that they may propose to use the pre-June 2018 documents that were previously excluded by this Court's August 31, 2020 order (Doc. No. 706), as modified by the District Court. (Doc. No. 718.)").)

Defendant is correct that the February 2021 Order misstates the parties' Stipulation. The Court notes that the February 2021 Order correctly references documents and discovery created after June 15, 2018 in multiple other locations, therein making it clear that the misstatement of the parties' Stipulation was a typographical error. (*See, e.g.*, February 2021 Order at 2, 3, 4.) For the purpose of clarity, the Court directs that the February 2021 Order be amended to accurately reflect the parties' Stipulation.

A more appropriate way to address this matter would have been to contact Magistrate Judge Thorson directly prior to raising it with this Court.

the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *Chase v. Comm'r of Internal Revenue*, 926 F.2d 737, 740 (8th Cir. 1991)).  "A magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure." *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017) (citing *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010)).

Defendant contends that Magistrate Judge Thorson did not apply the governing legal standards when she limited each party to 20 additional depositions and denied Defendant's proposal that Plaintiffs produce financial and employment documents related to the Other Class Members.[2]  (Def. Obj. at 8-11.)  Defendant further argues that even if Judge Thorson had applied the governing legal standards, the February 2021 order would still be contrary to law because it improperly limits Defendant's ability to explore Plaintiffs' case.  (*Id.*)

Defendant acknowledges that 35 additional depositions is a large number in "most cases" but asserts that it is appropriate in this case.  (*Id.* at 10.)  She contends that the deposition testimony she seeks is limited to post-discovery events, is not cumulative or duplicative, and she has had no other opportunity to obtain it.  (*Id.*)  Defendant further argues that "if Plaintiffs are allowed to call both Named Plaintiffs and [Other Class

---

[2]    Defendant asserts that the deposition limit is inappropriate in part because the February 2021 Order contains no legal analysis supporting the limit.  (Def. Obj. at 8.)

Members] to argue they do not live in an integrated setting and do not receive services with reasonable promptness—and to argue it is Defendant's fault—there is no principled basis for allowing Defendant to access financial and employment records for the former group but not the latter." (*Id.* at 11.)

Plaintiffs argue that "Defendant's objections are not supported by law and fail to recognize that Judge Thorson has wide discretion to manage discovery in a manner with the Federal Rules and proportional to the needs of the case." (Pl. Resp. at 2.) Plaintiffs point out that the Federal Rules presumptively limit the number of depositions that each side may take to ten, and that prior to supplemental discovery, each side had already been afforded the opportunity to take 20 fact depositions. (*Id.* at 5-6.) Plaintiffs assert that the opportunity to take 40 total depositions per side is more than enough for each party to gather relevant and necessary information for trial.[3] (*Id.* at 7.) Plaintiffs further argue that the financial and employment records Defendant requests are not relevant or proportional to the needs of the case as they have "little to importance in resolving the question of whether Defendant's policies, practices, and procedures violate federal law." (*Id.* at 9-10.) Moreover, Plaintiffs point out that because Defendant's request was denied

---

[3] Plaintiffs assert that eight of the nine Other Class Members were disclosed during the fact discovery period and therefore should not be a surprise to Defendant. (Pl. Resp. at 7.) Plaintiffs suggest that "Defendant appears to be confusing the required disclosure of persons with knowledge, provided long ago, with a list of trial witnesses, which is not yet due." (Pl. Resp. at 7.) Plaintiffs argue that they have never indicated that they would not call other class members as witnesses and that Defendant's "new-found desire to report discovery beyond the already expanded process allowed by the [February 2021 Order] is improper for a limited supplemental discovery period." (*Id.* at 8.)

without prejudice, she may bring a motion for additional employment and financial documents if necessary.

The Court finds nothing about the February 2021 Order that is contrary to law. The Federal Rules of Civil Procedure presumptively limit the number of depositions each party may take to ten. *See* Fed. R. Civ. R. 30(a)(2), 33(a). Here, Judge Thorson has permitted each party to take a total of 40 fact depositions—nearly four times the usual number in a civil case. In civil cases, "litigants are not entitled to depose every potential witness the opposing party may call." *Sys. Fuels, Inc. v. United States*, 73 Fed. Cl. 206, 218 (2006). Despite her assertion that they are necessary, the Court finds that Defendant has failed to make a particularized showing of why the specific depositions are necessary during a limited discovery period. Accordingly, the Court finds no basis to overrule Judge Thorson's decision to limit supplemental discovery to an additional 20 depositions per side. "Where a magistrate judge has carefully examined the proposed discovery, the Court will defer to the magistrate judge's broad discretion to manage and define appropriate discovery unless the Magistrate Judge's determinations were clearly erroneous or contrary to law. *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 238 (D. Minn. 2013) (internal quotation marks and citation omitted). Moreover, to the extent Defendant seeks additional financial and employment records, the February 2021 Order which denied her request without prejudice, does not foreclose her from doing so in the future. Accordingly, this Court affirms Magistrate Judge Thorson's February 2021 Order.

Defendant next argues that the Notice is contrary to law because it "effectively amended the [February 2021 Order] based on an off-the-record letter request, without citing authority, and without seeking Defendant's input." (Def. Obj. at 11.) She contends that the Letter should be construed as either a motion to amend the February 2021 Order or a motion for reconsideration of the February 2021 Order that did not show the requisite "good cause" or "exceptional circumstances" to justify the amendment sought. (*Id.* at 11-12.) She asks the Court to direct Plaintiffs to "either withdraw their request to amend and subpoena the documents as they were originally ordered to do so, or fully explain to the Court and Defendant what 'change in circumstances' caused them to withdraw [the class member] as a trial witness." (*Id.* at 12-13.) Defendant argues that Plaintiffs "should not be permitted to deprive Defendant of the ability to obtain discovery from this relevant witness without explaining why a person who was used by Plaintiffs to prevail on a claim is no longer relevant." (*Id.* at 13.)

Plaintiffs assert that their Letter sought to clarify a ministerial point and that Judge Thorson's Notice in response was not clearly erroneous or contrary to law. (Pl. Resp. at 10-12.) Plaintiffs argue that information related to a person they do not intend to call at trial is irrelevant and should be excluded under Fed. R. Civ. P. 26.[4] (Pl. Resp. at 12 (citing Fed. R. Civ. P. 26).)

---

[4]     Plaintiffs assert that while they relied on a declaration from this person as part of their successful motion for partial summary judgment, this fact has no bearing on the question of whether documents related to him are necessary for trial when Plaintiffs have already succeeded on the claim to which the declaration related. (Pl. Resp. at 11-12 n.7.)

The Court declines to construe the Letter as either a motion to amend or a motion to reconsider the February 2021 Order. Given that Plaintiffs no longer intend to call the person as a witness, the Court finds that Judge Thorson's decision to relieve Plaintiffs of their duty to subpoena information related to him conforms with Rule 26. Defendant has not shown that seeking discovery from a person who will not be called as a trial witness is relevant to the remaining issues in this case. Accordingly, the Court finds no basis to conclude that the Notice, in response to Plaintiffs' request for clarification, is clearly erroneous or contrary to law.

As this matter continues, the Court encourages the parties to work together and to use their energy to work toward a solution that benefits all. The Court cannot understand how continued litigation benefits either party and continues to make itself available to assist with settlement if the parties have an interest in doing so.

## CONCLUSION

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Defendant's objections (Doc. No. [734]) to Magistrate Judge Becky R. Thorson's February 10, 2021 Limited Discovery Scheduling Order (Doc. No. [732]) and her February 17, 2021 Order/Notice to Attorney (Doc. No. [733]) are **OVERRULED**.

2.      Magistrate Judge Becky R. Thorson's February 10, 2021 Limited Discovery Scheduling Order (Doc. No. [732]) is **AFFIRMED** with the typographical amendment set forth above.

9

3.      Magistrate Judge Becky R. Thorson's February 17, 2021 Order/Notice to

Attorney (Doc. No. [733]) is **AFFIRMED**.


Dated:  March 26, 2021                      s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge