UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Tenner Murphy, by his guardian Kay
Murphy; Marrie Bottelson; and Dionne
Swanson; on behalf of others similarly
situated,

        Plaintiffs,

v.

Jodi Harpstead, in her capacity as
Commissioner of the Minnesota
Department of Human Services,

        Defendant.

Civ. No. 16-2623 (DWF/BRT)

**ORDER**

_____

Justin H. Perl, Esq., Eren Ernest Sutherland, Esq., Justin M. Page, Esq., Steven C. Schmidt, Esq., Barnett I. Rosenfield, Esq., Mid-Minnesota Legal Aid, Minnesota Disability Law Center; Joseph W. Anthony, Esq., Peter McElligott, Esq., Steven M. Pincus, Esq., Anthony Ostlund Baer & Louwagie PA; and Laura Farley, Esq., and Steven Andrew Smith, Esq., Nichols Kaster, PLLP, counsel for Plaintiffs.

Aaron Winter, Esq., Brandon L. Boese, Esq., Janine Wentz Kimble, Esq., Scott H. Ikeda, Esq., Minnesota Attorney General's Office, counsel for Defendant.

_____

This matter is before the Court on Defendant's Motion for Sanctions or, in the Alternative, to Amend the Scheduling Order. (Doc. No. 776.) Defendant asserts that pursuant to the Court's Limited Supplemental Discovery Scheduling Order (Doc. No. 738), Plaintiffs did not produce sufficient documents from third parties, partly due to not serving a complete list of third parties with subpoenas and partly due to not diligently following up with third parties to retrieve relevant documents. Defendant seeks an order

from the Court permitting her to obtain additional documents from third-party providers (and requiring Plaintiffs to pay Defendant's costs in serving these subpoenas), and seeks an amendment to the Scheduling Order to allow her to take depositions once the documents are received. Plaintiffs oppose the motion. After considering the parties' submissions, the Court finds a hearing on the matter unnecessary.

Pursuant to the Federal Rules of Civil Procedure, if a party "fails to obey an order to provide or permit discovery," the Court "may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A); *see also* Fed. R. Civ. P. 16(f)(1) (authorizing the court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order"). The Court has reviewed all submissions and the relevant history of this case, including the Court's August 31, 2020 Order (Doc. No. 706), the parties' January 20, 2021 Joint Status Report (Doc. No. 730), and the Court's Limited Supplemental Discovery Scheduling Order (Doc. No. 738).[1] The Court's Limited Supplemental Discovery Scheduling Order, in particular, stated as follows:

> As to post-June 15, 2018 case management, service provider, and housing provider records, which fall under Def.'s Req for Production Nos. 4, 15, and 16, Plaintiffs agree to serve Rule 45 subpoenas to collect these records from third parties for Named Plaintiffs and the nine purported absent class members. Plaintiffs must serve their third-party subpoenas no later than **February 19, 2021**, so that the production of documents pursuant to Rule 45 subpoenas can be completed by **September 1, 2021**. Plaintiffs should work with the subpoena recipients to coordinate so that the documents can

---

[1]   The Court notes that a significant amount of the background of this case has been set forth in the many prior orders of the Court. Therefore, the Court highlights only certain facts relevant to its determination here in this Order.

2

> be as current as possible. The Court understands that this may require logistical planning with the third parties and the Defendant.
>
> If any party or third-party objects to a Rule 45 subpoena, Plaintiffs' counsel must immediately meet and confer with Defendant's counsel to discuss how to proceed. This will be a topic to discuss at the **June 9, 2021** Status Conference.

(Doc. No. 738 at 4–5 (emphasis in original).)

The Court's Limited Supplemental Discovery Scheduling Order incorporated Plaintiffs' agreement that they would serve Rule 45 subpoenas to collect "post-June 15, 2018 case management, service provider, and housing provider records, which fall under Def.'s Requests for Production Nos. 4, 15, and 16." (*Id.*) The Court's Order allowing limited supplemental discovery did not expand the scope of discovery into areas that were not previously subject to discovery during the original discovery period. Therefore, using what had previously been produced by Plaintiffs in this litigation as a guide for what was sought during the supplemental discovery period (i.e., Plaintiffs' view of its obligation with respect to the subpoenas) was reasonable.[2] With that in mind, Plaintiffs' service of the twenty-four subpoenas was not only responsive to the language stated above in the Limited Supplemental Discovery Scheduling Order but was also consistent with past fact discovery during the original period. Thus, by serving those twenty-four subpoenas, and not serving other providers, the Plaintiffs' interpretation of the Limited

---

[2] Plaintiffs made objections to these Requests and then produced case management files and corporate foster care services provider files.

Supplemental Discovery Scheduling Order was substantially justified and Plaintiffs' actions are not sanctionable.[3]

Further, Rules 16 and 37 allow the "district court to issue any *just* orders to sanction parties for failure to follow a pretrial scheduling order." *See Amplatz v. Country Mutual Ins. Co.*, 823 F.3d 1167, 1172 (8th Cir. 2016) (emphasis added) (quotations omitted). A sanction, under the facts and circumstances presented here, would be unjust when it is undisputed that Plaintiffs provided Defendant with copies of the twenty-four third-party subpoenas on February 17 and 18, 2021, which Plaintiffs then served. And Plaintiffs served their initial production from those subpoenaed parties in May 2021. If Defendant had an issue with who Plaintiffs served and did not serve with subpoenas, she should have raised the issue with Plaintiffs (and the Court if necessary) in February 2021, or at the latest after that first production in May 2021.[4] As evidenced in the submissions herein, Defendant had the capacity and the ability to come up with a list in short order of all providers from the Department's records that had billed or were authorized to provide services to the Named Plaintiffs and the eight purported absent class members during the relevant time period. They could have run this list from the outset in February to confirm that Plaintiffs were serving subpoenas on the third parties that they believed needed to be

---

[3] To the extent Defendant claims that Plaintiffs also failed to satisfy their discovery obligations during the original discovery period, that challenge is untimely.

[4] The Court is unpersuaded by Defendant's argument that she could not determine whether the proper discovery was sought pursuant to third-party subpoenas until after the supplemental disclosures were made in September when Defendant had the list of who was subpoenaed back in February 2021.

4

served. They did not do so.[5] Sanctions are not warranted when Defendant was not diligent in challenging the list of entities served with third-party subpoenas, especially in light of the limited and tightly structured supplemental discovery that this Court allowed.

Defendant's alternative motion to amend the Scheduling Order is also denied for the reasons stated above. Defendant has not shown good cause to amend the Court's Limited Supplemental Discovery Scheduling Order to permit the further pursuit of third-party discovery, which would derail the schedule that this Court carefully crafted and the District Court affirmed. Therefore, the provision that states that "under no circumstance may discovery be taken or produced later than **February 28, 2022**, unless leave of Court is granted," remains in effect. (Doc. No. 728 at 6 (emphasis in original).)

However, the Court will address the fact depositions that were timely noticed but put "on hold" by Defendant pending the outcome of this motion.[6] Consistent with Federal Rules of Civil Procedure 1 and 16, the Court will adjust paragraph 5.h in the Limited Supplemental Discovery Scheduling Order, so to complete the supplemental discovery as

---

[5] Defendant did not raise an issue about the sufficiency of the third-party subpoenas at the June 9, 2021 status conference with the Court either. Also, Defendant could have taken action by July 1, 2021, regarding the subpoenas. The parties dispute whether this Court's July 1, 2021 deadline for motions relating to written discovery applies to this dispute. Defendant claims the July 1, 2021 deadline does not apply because the "present motion is not a motion to compel" but is a "Rule 37(b)(1) motion for sanctions." (Doc. No. 779 at 11.) The July 1, 2021 deadline for motions relating to discovery, however, does relate to Defendant's belated effort to ask for this Court to compel discovery as a sanction now.

[6] The parties did not fully address the scheduling of the depositions that were put on hold; however, in the interest f completing the supplemental discovery as intended without further disputes, the Court finds good cause to amend the schedule as set forth in the Order below.

5

originally intended. Therefore, the Court will extend the deadline for taking the depositions that were previously noticed for the December 2021 and January 2022 time period so they can be taken up to and including **February 18, 2022**. (Amending paragraph 5.h. in Doc. No. 738.) All other provisions in the Court's March 25, 2021 Limited Supplemental Discovery Scheduling Order (Doc. No. 738) remain in full force and effect.

## ORDER

Based on the file, record, and submissions herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Sanctions or, in the Alternative, to Amend the Scheduling Order. (Doc. No. 776) is **DENIED**;

2. The deadline for taking the depositions that were previously noticed for the December 2021 and January 2022 time period is extended so they can be taken up to and including **February 18, 2022**. (Amending paragraph 5.h. in Doc. No. 738.);

3. **No later than noon on January 14, 2022**, counsel for Defendant must email Plaintiffs' counsel a list of all dates between January 20, 2022 and February 18, 2022 that Defendant's counsel are available for taking the depositions of the named Plaintiffs and the absent class members (or their guardians) previously noticed for December 2021 and January 2022, but "put on hold" by Defendant.

4. Counsel for the parties must meet and confer about the deposition schedule and promptly file a joint stipulation **no later than January 18, 2022, at 12:00 p.m.**, setting the deposition schedule;

5. Defendant must serve amended notices of deposition for the stipulated dates no later than **January 18, 2022, at 5:00 p.m.**; and

6. All other provisions in the Court's March 25, 2021 Limited Supplemental Discovery Scheduling Order (Doc. No. 738) remain in full force and effect.

Date: January 11, 2022                    *s/ Becky R. Thorson*
                                          BECKY R. THORSON
                                          United States Magistrate Judge