# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Tenner Murphy, *by his guardian Kay Murphy*; Marrie Bottelson; Dionne Swanson; *and on behalf of others similarly situated*, | Civil No. 16-2623 (DWF/BRT) |
| Plaintiffs, | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| Jodi Harpstead*, in her capacity as Commissioner of The Minnesota Department of Human Services*, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court upon Defendant's objection (Doc. No. 797 ("Def. Obj.")) to Magistrate Judge Becky R. Thorson's January 11, 2022 Order (Doc. No. 791 ("January 2022 Order")) denying Defendant's Motion for Sanctions, or in the Alternative, to Amend the Scheduling Order (Doc. No. 776 ("Def. Motion")). Plaintiffs filed a response to Defendant's objection on February 8, 2022. (Doc. No. 802 ("Pl. Resp.").) For the reasons set forth below, the Court respectfully overrules Defendant's objection.

## BACKGROUND

The factual background for the above-entitled matter is clearly and precisely set forth in the Court's May 18, 2017 Memorandum Opinion and Order and is incorporated

by reference herein. (*See* Doc. No. 54.) The Court notes particular facts relevant to this Order below.[1]

In August 2020, nearly two years after fact discovery in this matter closed, the Court issued an Order intended to provide a "fair process for the supplementation of new factual developments after the fact discovery cut-off, with admissibility disputes to be determined by the District Judge." (Doc. No. 706 at 17.) After delays, in part caused by the COVID-19 pandemic, the Court issued a Limited Supplemental Discovery Scheduling Order in February 2021 which specified that:

> On or before **May 3, 2021**, each side must supplement and produce any documents created after June 15, 2018, that the party proposes to use at trial to support their claims or defenses on the issues remaining that were created on or after June 15, 2018[]. Any further supplementation of "Initial" documents (documents created after May 3, 2021), must be made no later than September 1, 2021.

(Doc. No. 738 ("Limited Supplemental Discovery Scheduling Order") at 2) (emphasis in original).) The Limited Supplemental Discovery Order further specified:

> As to post-June 15, 2018 case management, service provider, and housing provider records, which fall under Def.'s Req for Production Nos. 4, 15, and 16, Plaintiffs agree to serve Rule 45 subpoenas to collect these records from third parties for Named Plaintiffs and the [eight] purported absent class members. Plaintiffs must serve their third-party subpoenas no later than **February 19, 2021**, so that the production of documents pursuant to Rule 45 subpoenas can be completed by **September 1, 2021**. Plaintiffs should work with the subpoena recipients to coordinate so that the documents can be as current as possible. The Court understands that this may require logistical planning with the third parties and the Defendant.

---

[1] The Court also supplements the facts as needed.

> If any party or third-party objects to a Rule 45 subpoena, Plaintiffs' counsel must immediately meet and confer with Defendant's counsel to discuss how to proceed. This will be a topic to discuss at the **June 9, 2021** Status Conference.

(*Id.* at 4-5 (emphasis in original).) The Limited Supplemental Discovery Scheduling Order also clearly stated, "any motions to compel . . . relating to written discovery must be filed no later than **July 1, 2021**."[2] (*Id.* at 3 (emphasis in original).) Importantly, the Limited Supplemental Discovery Scheduling Order did not expand the scope of discovery into areas that were not previously subject to discovery during the original discovery period.[3]

On February 17, 2021, Plaintiffs provided notice to Defendant of the subpoenas that they intended to serve on third-party service and housing providers and included copies of the seventeen different subpoenas.[4] (*See* Doc. No. 781.) On February 18, 2021, Plaintiffs provided notice to Defendant and copies of seven additional subpoenas that they planned to serve on lead agencies. (*See id.*) On February 24, 2021, Defendant thanked Plaintiffs for their effort to gather documents. (Doc. No. 780-1 at 24.)

---

[2]    The Limited Supplemental Discovery Scheduling Order defined "[w]ritten discovery" to include "case management, service provider, and housing provider records." (Limited Supplemental Discovery Scheduling Order at 4.)

[3]    In response to Defendant's original production request for numbers 4, 15, and 16, Plaintiffs objected to providing all documents related to the Named Plaintiffs' waiver and housing services providers. (*See* Doc. No. 780-1 at 12-13.) Plaintiffs ultimately produced case management and corporate foster care provider files. Defendant raised no concerns that she required additional records at that time.

[4]    Plaintiffs assert that they "interpreted Defendant's requests in Limited Discovery as the same as those made during Initial Discovery, and subpoenaed case management and [corporate foster care] service providers of the Named Plaintiffs and other class members." (Pl. Resp. at 4.)

3

Defendant did not inform Plaintiffs or the Court of any concern she had with the list of third-party providers that Plaintiff intended to subpoena.

On May 3, 2021, Plaintiffs produced documents from twenty-one of the twenty-four third-party providers they subpoenaed. (Doc. 780-1 at 33–37.) On June 9, 2021, the Court held a status conference during which it asked the parties to raise and identify current or potential discovery issues with the third-party subpoenas or Plaintiffs' document production. (Doc. No. 739.) No party filed a motion related to written discovery by the July 1, 2021 deadline. On September 1, 2021, Plaintiffs served their supplemental production, producing documents from fourteen of the subpoenaed providers. (*Id.* at 40.)

Shortly thereafter, Defendant reached out to Plaintiffs regarding concern over whether Plaintiffs had complied with the Limited Supplemental Discovery Scheduling Order. (*See* Doc. No. 781-1.) Plaintiffs followed up with the third parties on the status of their request for supplementation and shared information with Defendant as it became available. (*Id.*; *see also* Doc. No. 781-3.) In December 2021, Defendant produced a list of additional third parties that she believed Plaintiffs should have served with a subpoena. (Doc. No. 781-5 at 6-12.)

Unsatisfied with Plaintiffs' efforts to respond to her additional requests, Defendant argued to Magistrate Judge Thorson that Plaintiffs failed to comply with the Limited Supplemental Discovery Scheduling Order because they did not produce sufficient documents from third parties, partly due to not serving a complete list of third parties with subpoenas, and partly due to not diligently following up with third parties to retrieve

4

relevant documents.  (*See* Def. Motion at 9-10.)  Defendant therefore sought an order from the Court both permitting her to obtain additional documents from third-party providers (and requiring Plaintiffs to pay Defendant's costs in serving the subpoenas), and an amendment to the Limited Supplemental Discovery Scheduling Order to allow her to take depositions once the documents were received.  (*Id.* at 10.)  In the alternative, Defendant sought an order to amend the Limited Supplemental Discovery Scheduling Order under Fed. R. Civ. P. 16.  (*Id.* at 20-22.)  Plaintiffs opposed the motion.  (Doc. No. 785.)

     Magistrate Judge Thorson determined that Plaintiffs' service of twenty-four subpoenas was both responsive to the language in the Limited Supplemental Discovery Scheduling Order and consistent with past fact discovery during the original period. (January 2022 Order at 3.)  She therefore concluded that "by serving those twenty-four subpoenas, and not serving other providers, the Plaintiffs' interpretation of the Limited Supplemental Discovery Scheduling Order was substantially justified and Plaintiffs' actions are not sanctionable."  (*Id.* at 3-4.)  Citing Federal Rules of Civil Procedure 16 and 37, Magistrate Judge Thorson explained that a sanction under the facts and circumstances presented here "would be unjust when it is undisputed that Plaintiffs provided Defendant with copies of the twenty-four third-party subpoenas on February 17 and 18, 2021, which Plaintiffs then served."  (*Id.* at 4.)  She noted that "[i]f Defendant had an issue with who Plaintiffs served and did not serve with subpoenas, she should have raised the issue with Plaintiffs (and the Court if necessary) in February 2021, or at

the latest after that first production in May 2021."[5]  (*Id.*)  Magistrate Judge Thorson further observed that:

> Defendant had the capacity and the ability to come up with a list in short order of all providers from the Department's records that had billed or were authorized to provide services to the Named Plaintiffs and the eight purported absent class members during the relevant time period.  They could have run this list from the outset in February to confirm that Plaintiffs were serving subpoenas on the third parties that they believed needed to be served.  They did not do so.

(*Id.* at 5.)  In short, Magistrate Judge Thorson denied Defendant's motion for sanctions because she found that Plaintiffs had properly complied with the Limited Supplemental Discovery Scheduling Order, and because Defendant was not diligent in challenging Plaintiffs' allegedly incomplete production.  (*Id.* at 3-5.)

Magistrate Judge Thorson similarly denied Defendant's motion insofar as Defendant requested to amend the Limited Supplemental Discovery Scheduling Order under Fed. R. Civ. P. 16.  (*Id.* at 5)  Magistrate Judge Thorson noted that "Defendant has not shown good cause to amend the Court's Limited Supplemental Discovery Scheduling Order to permit the further pursuit of third-party discovery, which would derail the schedule that this Court carefully crafted and the District Court affirmed."  (*Id.*)

---

[5]  Magistrate Judge Thorson observed that she was "unpersuaded by Defendant's argument that she could not determine whether the proper discovery was sought pursuant to third-party subpoenas until after the supplemental disclosures were made in September when Defendant had the list of who was subpoenaed back in February 2021." (January 2022 Order at 4 n.4.)

6

## DISCUSSION

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). This is an "extremely deferential" standard. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *Chase v. Comm'r of Internal Revenue*, 926 F.2d 737, 740 (8th Cir. 1991)). "A magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure." *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017) (citing *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010)).

Defendant argues that the January 2022 Order "prohibits Defendant from obtaining case management, service provider, and housing provider documents from myriad entities that are directly relevant to Plaintiffs' claims." (Def. Obj. at 5.) Specifically, Defendant contends that Plaintiffs did not include certain records related to "service provider" records under the Court's Limited Supplemental Discovery Scheduling Order and that the January 2022 Order permits Plaintiffs to hide them from

7

Defendant.⁶  (*Id.* at 6-7.)  Defendant further contends that other case management, housing provider, and service provider records Plaintiffs did not provide are directly related to Plaintiffs' claims and the January 2022 Order prevents Defendants from knowing what they say.  (*Id.* at 7.)

Defendant asserts that the January 2022 Order's denial of access to these documents is clearly erroneous and contrary to law.  (*Id.*)  She contends that neither of Magistrate Judge Thorson's stated reasons for denying her Motion—(1) that Plaintiffs had properly complied with the Limited Supplemental Discovery Scheduling Order; and (2) Defendant was not diligent in challenging Plaintiffs' allegedly incomplete production—is supported by the record or the law.  (*Id.* at 7-13.)

To the contrary, Defendant claims that she requested, and Plaintiff produced, records related to case management and housing provider records during the initial discovery period, that Plaintiffs knowingly failed to subpoena several of those records despite their being subject to the Limited Supplemental Discovery Scheduling Order, and that Magistrate Judge Thorson erred when she prohibited Defendant from obtaining those records in supplemental discovery.  (*Id.* at 8.)

Defendant further contends that because the Limited Supplemental Discovery Scheduling Order specifically identified service provider records as a category of documents that Plaintiffs needed to produce, Plaintiffs were obligated to produce them.

---

⁶      Defendant specifically references documents related to Housing Access Coordination ("HAC").  Defendant also asserts that DHS transitioned HAC to Housing Stabilization Services ("HSS") sometime after this lawsuit began.  (Def. Obj. at 6.)

8

(*Id.* at 9.)  She also claims that service provider records were part of the original discovery period because:  (1) Plaintiffs' initial disclosures identified Plaintiffs' "provider service files" as documents they may use to support their claims; and (2) Plaintiffs produced "non-case-management and non-housing-provider "service records" during the original round of discovery."  (*Id.* at 9-10.)  Moreover, even if Plaintiffs failed to provide service provider records during the original discovery period, Defendant argues that Plaintiffs are obligated to do so now because their claims hinge on them.  (*Id.* at 10.)

Defendant further argues that she diligently raised Plaintiffs' incomplete document production and that the January 2022 Order fails to contemplate that it was impossible for her to raise certain concerns until September 2021.  (*Id.* at 10-11.)  She further argues that it was not her duty to monitor Plaintiffs' noncompliance or to fulfill Plaintiffs' obligation for them.  (*Id.* at 11-13.)

Finally, Defendant objects to Magistrate Judge Thorson's determination that granting Defendant's Motion would derail the schedule carefully crafted by the Court because there is no definite trial date, and even if there were, a minimal delay is justified given the significance of the documents Defendant seeks.  (*Id*. at 13-14, n.7.)

Plaintiffs argue that the January 2022 Order is neither clearly erroneous nor contrary to law when Defendant failed to act with due diligence with respect to third-party subpoenas, the Limited Supplemental Discovery Scheduling Order did not expand the scope of discovery, and Defendant's requests for additional documents and depositions are not proportional to the needs of the case and disregard the Magistrate Judge's broad discretion to supervise discovery.  (*See* Pl. Resp. at 6-13.)

9

The Court finds that Magistrate Judge Thorson's well-reasoned January 2022 Order is neither clearly erroneous nor contrary to law. Intimately familiar with the facts and circumstances of this case, Magistrate Judge Thorson appropriately observed that Defendant knew exactly which third parties Plaintiffs intended to subpoena by February 18, 2021, and that if Defendant believed that there were additional third parties that should be subpoenaed, Defendant should have raised her concerns at that time. Moreover, the Limited Supplemental Discovery Scheduling Order clearly states that "any motions to compel . . . relating to written discovery must be filed no later than July 1, 2021." (Limited Supplemental Discovery Scheduling Order at 3.) Defendant raised no concern until well after the July 1, 2021 deadline. The Court therefore finds that Magistrate Judge Thorson correctly concluded that Defendants failed to diligently raise her concern when she failed to abide by deadlines set forth in the Limited Supplemental Discovery Scheduling Order.[7]

The Court similarly agrees with Magistrate Judge Thorson's finding that Plaintiffs' view of its obligation with respect to the Limited Supplemental Discovery Scheduling Order was substantially justified and not sanctionable. The Limited Supplemental Discovery Scheduling Order did not expand the scope of the original discovery period; while Defendant now contends that the original discovery period included documents that Plaintiffs failed to include in the supplemental discovery period

---

[7]   The Court also agrees with Magistrate Judge Thorson insofar as it is similarly unpersuaded that Defendant could not determine whether the proper discovery was sought until the supplemental disclosures in September. (*See* January 2022 Order at 4 n.4.)

10

and contends that Magistrate Judge Thorson wrongly denied Defendant's Motion because she failed to recognize what her own orders stated, the Court finds that Magistrate Judge Thorson is the best person to interpret her own words and to exercise judgment as to what was and was not required by her Limited Supplemental Discovery Scheduling Order. *See United States v. Spallone*, 399 F.3d 415, 423 (2d Cir. 2005) ("When an issuing judge interprets [her] own orders, we accord substantial deference to the draftsman, and we will not reverse the judge's construction of an ambiguity in [her] own words except for abuse of discretion."). Defendant's disagreement with Magistrate Judge Thorson's interpretation does not render the interpretation clearly erroneous or contrary to law.

Finally, the Court notes that given Magistrate Judge Thorson's inherent authority to manage discovery to ensure that it is "proportional to the needs of the case," (Fed. R. Civ. P. 26(b)(1), the Court finds that Magistrate Judge Thorson was well within her discretion to deny Defendant's motion. The Court understands that Defendant would like Plaintiffs to produce additional documents that she claims are relevant to her claims; however, the Court defers to the Magistrate Judge's sound judgment that the millions of pages of documents that Defendant has already received in two rounds of discovery is proportional to Defendant's needs to defend against Plaintiffs' claims.[8] Moreover, after

---

[8] Notably, as Defendant points out, DHS transitioned HAC to HSS sometime after this lawsuit began. (Def. Obj. at 6.) HAC is therefore a past policy and not applicable to prospective relief. (*See e.g.*, Doc. No. 73 at 5 (Defendant arguing that claims about past policies are moot.").) This reaffirms the Court's finding that it was well within Magistrate Judge Thorson's discretion to conclude that Plaintiffs reasonably complied with the Limited Discovery Scheduling Order when additional documents related to HAC were not required.

nearly five and a half years and two rounds of discovery since this case commenced, the Court agrees with Magistrate Judge Thorson that it is imperative to keep this matter on track for trial.

## CONCLUSION

This Court finds that Magistrate Judge Thorson's January 2022 Order is neither clearly erroneous nor contrary to law. Accordingly, the Court respectfully overrules Defendant's objection.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's objection (Doc. No. [797]) to Magistrate Judge Becky R. Thorson's January 11, 2022 Order (Doc. No. [791]) is **OVERRULED**.

2. Magistrate Judge Becky R. Thorson's January 11, 2022 Order (Doc. No. [791]) denying Defendant's Motion for Sanctions, or in the Alternative, to Amend the Scheduling Order (Doc. No. [776]) is **AFFIRMED** in its entirety.

Dated: February 16, 2022  s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge

---

To the extent Defendant argues that Magistrate Judge Thorson erred with respect to documents related to Stepping Stones and Thomas Alen, Inc., the Court reiterates Judge Thorson's inherent authority to manage discovery and defers to her discretion that the discovery available to Defendant at this time is proportional to the needs of the case.