# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Tenner Murphy, by his guardian Kay Murphy; Marrie Bottelson; and Dionne Swanson, and on behalf of others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Jodi Harpstead, in her capacity as Commissioner of the Minnesota Department of Human Services,<br><br>　　　　Defendant. | Civ. No. 16-2623 (DWF/BRT)<br><br><br><br><br>**ORDER** |

_____

Justin H. Perl, Esq., Eren Ernest Sutherland, Esq., Justin M. Page, Esq., Steven C. Schmidt, Esq., Mid-Minnesota Legal Aid, Minnesota Disability Law Center; Joseph W. Anthony, Esq., Peter McElligott, Esq., Steven M. Pincus, Esq., Anthony Ostlund Baer & Louwagie PA; and Laura Farley, Esq., and Steven Andrew Smith, Esq., Nichols Kaster, PLLP, counsel for Plaintiffs.

Aaron Winter, Esq., Brandon L. Boese, Esq., Janine Wentz Kimble, Esq., Scott H. Ikeda, Esq., Minnesota Attorney General's Office, counsel for Defendant.

_____

BECKY R. THORSON, United States Magistrate Judge.

　　　This matter is before the Court on Defendant's Motion to Amend Scheduling Order. (Doc. No. 812.) Plaintiffs oppose the motion. (Doc. No. 820.) The Court has reviewed the parties' submissions and finds that a hearing is not necessary. For the reasons stated below, the Court denies Defendant's motion.

## BACKGROUND

This case was filed on August 3, 2016. (Doc. No. 1, Compl.) Fact discovery closed on June 15, 2018. (Doc. No. 149.) Two years later, due to delays attributable to settlement discussions and the COVID-19 pandemic, this Court issued an Order on August 31, 2020, which was intended to provide a "fair process for the supplementation of new factual developments after the fact discovery cut-off." (Doc. No. 706, 8/31/20 Order 17.) The parties met and conferred regarding the supplemental discovery period and filed a Joint Status Report. (Doc. No. 730.)

In that Joint Status Report, Defendant requested Plaintiffs produce the "Named Plaintiffs' and nine purported absent class members' financial records, for any source used for support or personal expenses or the like, created since June 15, 2018." (*Id.* at 14.) Plaintiffs objected to this request and argued that "such information is unduly burdensome and not necessary, proportional, or relevant to the issues in this case." (*Id.*) As to this issue, the undersigned ruled as follows:

> As to Defendant's request for (1) updated financial records created since June 15, 2018 . . . Plaintiffs must supplement their document product[ion] and produce: (1) financial record documents . . . for any *Named Plaintiffs* that were created since June 15, 2018. The Court will not require supplementation regarding "purported absent class members." That part of Defendant's proposal is denied without prejudice.

(Doc. No. 732 at ¶ 4.c.iii (emphasis in original).) Defendant appealed this ruling, and the District Court affirmed. (Doc. No. 737.) After the affirmance, this Court issued a corrected version of its Limited Supplemental Discovery Scheduling Order. (Doc. No. 738.)

Pursuant to the Court's Limited Supplemental Discovery Scheduling Order, "any motions to compel or for a protective order relating to the *written discovery* identified in the Joint Status Report must be filed and served no later than **July 1, 2021**. (*Id.* ¶ 3.b. (emphasis in original).) The Order also stated that "[a]ll supplemental document production sought by each party from the other party not covered by the May 3, 2021 deadline must be completed no later than **September 1, 2021**." (*Id.* ¶ 3.c. (emphasis in original).) The Court provided for depositions to take place after the written discovery cut-off, from November 2021 through January 2022.[1] (*Id.* ¶ 5.h.) The Court also ordered that "[e]xcept for those motions required to be filed and served earlier, any other motions relating to the supplemental fact discovery must be filed and served by **March 1, 2022**." (*Id.* ¶ 7 (emphasis in original).) The Court was clear that "under no circumstance may discovery be taken or produced later than **February 28, 2022**, unless leave of Court is granted." (*Id.* ¶ 6 (emphasis in original).)

Defendant filed the present motion to amend the Limited Supplemental Discovery Scheduling Order on March 14, 2022.[2] (Doc. No. 812.) Defendant seeks an amendment to the Order's July 1, 2021 motion to compel deadline (*see* Doc. No. 738), to allow for

---

[1] The deadline for taking depositions was later extended to February 18, 2022 (Doc. No. 791 at 6), and then extended again to February 24, 2022; the latter extension was solely for the deposition of Corey Wilson. (Doc. No. 806.)

[2] Defendant sent Plaintiffs a letter renewing her request for the absent class members' financial documents on February 14, 2022. (Doc. No. 816-1 at 28–30.) Plaintiffs responded on February 21, 2022, stating that they would not be producing the financial documents. (*Id.* at 32–33.) Defendant did not request a meet-and-confer until March 4, 2022. (Doc. No. 816, Decl. of Aaron Winter ("Winter Decl.") ¶ 9, Ex. 8.)

her to renew her motion to compel seeking the purported absent class members' financial documents. (Doc. No. 812.) Defendant claims she "did not have the opportunity to learn more about purported absent class members' financial documents until the recently concluded deposition period," and "[t]he deponents confirmed that their bank records would show either the amount of cash they spend in the community or, in most cases, records of where and when they spent money in the community." (Doc. No. 815, Def.'s Mem. in Supp. of Mot. to Amend Scheduling Ord ("Def.'s Mem.") 1, 3–4.) Plaintiffs oppose the motion asserting that "[a] motion to compel is untimely at this juncture of the case," Defendant has provided "no good cause for why she willfully ignored multiple motion deadlines," and "the motion to compel that Defendant wishes to bring seeks documents that are not proportional to the needs of the case and [are] duplicative." (Doc. No. 820, Pls.' Mem. of Law in Opp'n to Def.'s Mot. to Amend Scheduling Ord 1–2.)

## DISCUSSION

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* D. Minn. LR 16.3(b)(1). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716–17 (8th Cir. 2008). Prejudice to the nonmovant "may also be a relevant factor," but courts generally "will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Sherman*, 532 F.3d at 717. In addition to the good cause requirement, Local Rule 16.3 also requires that "[e]xcept in extraordinary circumstances, before the passing

of a deadline that a party moves to modify, the party must obtain a hearing date on the party's motion to modify the scheduling order." D. Minn. L.R. 16.3(d).

Here, Defendant has failed to establish good cause to justify amending the deadline for filing motions to compel after that deadline expired because she was not diligent in meeting either motion deadline set forth in the Scheduling Order.[3] *See Sherman*, 532 F.3d at 716–17 ("The primary measure of good cause is the movant's diligence in attempting to meet the order's requirement . . . . Our cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order."). Defendant argues that good cause is shown because she could not have learned more about purported absent class members' financial documents until after their depositions. However, even if that were true, good cause is still lacking for at least three reasons: (1) Defendant could have come to the Court before the July 1, 2021 deadline expired to request an extension based on her plan to ask the absent class members about their financial documents in their depositions; (2) at least one of the absent class members' depositions occurred on November 19, 2021 (*see* Winter Decl. ¶ 4, Ex. 3)—over three months before the March 1, 2022 motion deadline—and all

---

[3] The Court notes that Defendant has also not shown "extraordinary circumstances" to justify an amendment. Defendant did not comply with D. Minn. LR 16.3(d) by securing a hearing date prior to the deadline expiring in July 2021. And even if circumstances warranted a motion that would have fallen under the March 1, 2022 deadline, Defendant did not comply with Rule 16.3(d) under that circumstance either. Defendant did not attempt to schedule a hearing on her motion until counsel called chambers requesting a hearing date on or around March 11, 2022, a few days before filing her motion on March 14, 2022.

depositions except for one were finished before February 18, 2022,[4] so at the very least Defendant could have come to the Court then to request an extension before the March 1, 2022 deadline; and (3) the information learned from the deponents, as highlighted by Defendant in her motion papers, provided only the obvious information that financial documents would reflect where, when, and how much a person spends on purchases in the community.[5] This general information was known, or should have been known, prior to the motion filing deadline in July 2021.

To be clear, the July 2021 deadline applied to all motions to compel further documents. Defendant has provided no explanation for why she could not have approached the Court before that deadline to request to reserve her right to renew her motion to compel regarding absent class members' financial documents based on information that may be learned during the depositions. While this Court appreciates that Defendant may have wanted to investigate further through depositions so that she could

---

[4]   The two depositions that Defendant highlights in her brief were taken on January 26 and February 8, 2022. (*See* Winter Decl. ¶¶ 5, 6.)

[5]   Defendant points to two statements from purported absent class members to "better inform [her] request for financial documents":

1. Anthony Lewis's statement that his "debit card records would show kind of when [he is] out in the community and when [he is] spending money on various things," and

2. Carolyn Larkin's statement that she uses "just a debit card [when out in the community]," and pays for her bills with her checking.

(Def.'s Mem. 3–4 (citing Winter Decl. Ex 5, p. 49:13–:16, and Winter Decl. Ex. 4, p. 58:13–:16).)

6

provide the Court with more information in a renewed motion, nothing precluded Defendant from notifying the Court of the need to modify the schedule. Indeed, Defendant took no steps to seek modification of the Scheduling Order under Local Rule 16.3 before the deadline passed. But even setting the July 2021 deadline aside, Defendant has not shown diligence in seeking an amendment to the schedule in advance of the March 1, 2022 deadline either. Some of the depositions were completed well in advance of that deadline, including those that Defendant relies on in her motion. The Court's deadlines are not meaningless.[6] And, at a bare minimum, Defendant could have complied with D. Minn. LR 16(d), which she did not. This was not diligence.[7]

---

[6] The court in *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.* has previously explained the importance of Rule 16(b):

> . . . Rule 16(b) assures that "[a] magistrate judge's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" . . . As unwieldy caseloads, and congested Court calendars, continue to plague the practical utility of Federal Court litigation, "[s]cheduling orders have become increasingly critical to the district court's case management responsibilities," . . . , and the capacity of such Orders to sensibly advance litigation to the point of Trial must be responsibly preserved.

187 F.R.D. 578, 582 (D. Minn. 1999) (internal citations omitted).

[7] Because the Court finds that Defendant was not diligent, and therefore no good cause supports amending the schedule, the Court need not address the issue of prejudice to Plaintiffs, or any other argument regarding proportionality or duplication that Plaintiffs raise. The Court notes, however, that based on the file, records, and submissions before the Court, the Court's ruling regarding Defendant's request for absent class members' financial records would remain the same as the ruling made in February 2021. (*See* Doc. No. 732 at ¶ 4.c.iii.)

Therefore, for the reasons stated, the Court concludes that Defendant has failed to establish good cause to amend the scheduling order, and Defendant's motion is denied.

## ORDER

Based on the file, record, and submissions herein, and for the reasons stated above,

**IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Amend Scheduling Order (Doc. No. 812) is **DENIED**.

Date: April 1, 2022

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge