**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Tenner Murphy, *by his guardian Kay Murphy*; Marrie Bottelson; Dionne Swanson; *and on behalf of others similarly situated*,

Plaintiffs,

v.

Jodi Harpstead*, in her capacity as Commissioner of The Minnesota Department of Human Services*,

Defendant.

Civil No. 16-2623 (DWF/BRT)

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

This matter is before the Court upon Defendant's objection (Doc. No. 824 ("Def. Obj.")) to Magistrate Judge Becky R. Thorson's April 1, 2022 Order (Doc. No. 821 ("April 2022 Order")) denying Defendant's Motion to Amend/Alter/Correct Other Orders (Doc. No. 812 ("Def. Motion")). Plaintiffs filed a response to Defendant's objection on April 11, 2022. (Doc. No. 826 ("Pl. Resp.").) For the reasons set forth below, the Court overrules Defendant's objection to Magistrate Judge Becky R. Thorson's April 1, 2022 Order and affirms it in its entirety

## BACKGROUND

The factual background for the above-entitled matter is clearly and precisely set forth in the Court's May 18, 2017 Memorandum Opinion and Order and is incorporated

by reference herein. (*See* Doc. No. 54.) The Court notes particular facts relevant to this Order below.[1]

In August 2020, nearly two years after fact discovery in this matter closed, the Court issued an Order intended to provide a "fair process for the supplementation of new factual developments after the fact discovery cut-off, with admissibility disputes to be determined by the District Judge."[2] (Doc. No. 706 at 17.) Thereafter, the Court ordered the parties to meet and confer regarding their intentions with respect to supplemental discovery and to jointly update the Court by January 20, 2021. (Doc. No. 727 at 4-6.)

The parties timely filed a Joint Status Report which included Defendant's request that Plaintiffs produce the "Named Plaintiffs' and nine purported absent class members' financial records, for any source used for support or personal expenses or the like, created since June 15, 2018." (Doc. No. 730 at 14.) Plaintiffs objected to this request, arguing that "such information [was] unduly burdensome and not necessary, proportional, or relevant to the issues in this case." (*Id.*)

After a case management conference, Magistrate Judge Thorson issued a Limited Supplemental Discovery Scheduling Order which specified that "any motions to compel or for a protective order relating to the *written discovery* identified in the Joint Status

1 The Court also supplements the facts as needed.

2 The two-year gap was caused in part by unsuccessful settlement discussions and further complicated by the COVID-19 pandemic. (*See* Doc. No. 706 at 14-15.)

Report must be filed and served no later than **July 1, 2021**." (Doc. No. 738[3] ("Scheduling Order") at 3.) The Order also stated that "[a]ll supplemental document production sought by each party from the other party not covered [by an earlier deadline] must be completed no later than **September 1, 2021**." (*Id.* ¶ 3.c. (emphasis in original).)

With respect to Defendant's request for financial records, the Scheduling Order stated:

> As to Defendant's request for (1) updated financial records created since June 15, 2018, or (2) employment records, subject to Def.'s Req for Production Nos. 4, 15, and 16, Plaintiffs must supplement their document product and produce: (1) financial record documents; and (2) employment records for any *Named Plaintiffs* that were created since June 15, 2018. The Court will not require supplementation regarding "purported absent class members." That part of Defendant's proposal is denied without prejudice.

(*Id.* at ¶ 4(c)(iii) (emphasis in original).)[4]

The Scheduling Order also provided for depositions to take place after the written discovery cut-off, from November 2021 through January 2022. (*Id.* at ¶ 5.h (this deadline was subsequently extended to February 18, 2022 (Doc. No. 791 at 6), and again to February 24, 2022 (Doc. No. 806)).) The Scheduling Order further stated that "[e]xcept for those motions required to be filed and served earlier, any other motions relating to the supplemental fact discovery must be filed and served by **March 1, 2022**." (Scheduling

---

[3] The Court cites an amended version of the Scheduling Order. (*See* Doc. No. 738.) An earlier version of the Scheduling Order, substantively the same as its successor, was issued on February 10, 2022. (*See* Doc. No. 732.)

[4] While Defendant objected to this ruling (Doc. No. 735), this Court affirmed the Scheduling Order in its entirety with a minor typographical amendment. (*See* Doc. No. 737.)

Order ¶ 7 (emphasis in original).) Moreover, the Scheduling Order clearly stated that "under no circumstance may discovery be taken or produced later than **February 28, 2022**, unless leave of Court is granted." (*Id.* ¶ 6 (emphasis in original).

On March 14, 2022, Defendant moved to amend the Scheduling Order insofar as she sought an amendment to the July 1, 2021 motion to compel deadline so that she could renew her request for the absent class members' financial documents.[5] (*See* Def. Motion.) Defendant argued that she "did not have the opportunity to learn more about purported absent class members' financial documents until the recently concluded deposition period," and "[t]he deponents confirmed that their bank records would show either the amount of cash they spend in the community or, in most cases, records of where and when they spent money in the community." (Doc. No. 815 at 1, 3-4.)

Magistrate Judge Thorson denied Defendant's Motion because she found that Defendant lacked the requisite showing of good cause when: (1) Defendant could have come to the Court before the July 1, 2021 deadline expired to request an extension based on her plan to ask the absent class members about their financial documents in their depositions; (2) at least one of the absent class members' depositions occurred over three months before the March 1, 2022 motion deadline—and all depositions except for one were finished before February 18, 2022, so at the very least Defendant could have come

[5] On February 14, 2022, Defendant sent Plaintiffs a letter renewing her request for the absent class members' financial documents. (Doc. No. 816-1 at 28–30.) Plaintiffs responded on February 21, 2022, stating that they would not produce the financial documents. (*Id.* at 32–33.) Defendant did not request a meet-and-confer until March 4, 2022. (*Id.* at 35.)

to the Court then to request an extension before the March 1, 2022 deadline; and (3) the information Defendant learned from the deponents provided only obvious financial information that Defendant already knew or should have known prior to the motion filing deadline in July 2021.[6] (April 2022 Order at 5-6.)

Magistrate Judge Thorson further observed that Defendant "took no steps to seek modification of the Scheduling order under Local Rule 16.3 before the [July 2021] deadline passed," nor did she show diligence in seeking an amendment to the schedule in advance of the March 2022 deadline.[7] (*Id.* at 7.)

**DISCUSSION**

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). This is an "extremely deferential" standard. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is

---

[6] Magistrate Judge Thorson further noted that Defendant failed to show extraordinary circumstances necessary to justify an amendment when she "did not comply with D. Minn. LR 16.3 by securing a hearing date prior to the deadline expiring in July 2021," and that "even if circumstances warranted a motion that would have fallen under the March 1, 2022 deadline," Defendant still failed to comply with Rule 16.3(d)." (April 2022 Order at 5 n.3.) To this end, Magistrate Judge Thorson observed that "Defendant did not attempt to schedule a hearing on her motion until counsel called chambers requesting a hearing date on or around March 11, 2022, a few days before filing her motion on March 14, 2022." (*Id.*)

[7] Finding insufficient good cause to amend the Scheduling Order, Magistrate Judge Thorson declined to address the parties' other arguments. (*Id.* at 7 n.7.) She did remark though, "that based on the files, records, and submissions before the Court, the Court's ruling regarding Defendant's request for absent class members' financial records would remain the same as the ruling made in February 2021." (*Id.* (citing Scheduling Order at ¶ 4(c)(iii)).)

'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *Chase v. Comm'r of Internal Revenue*, 926 F.2d 737, 740 (8th Cir. 1991)). "A magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure." *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017) (citing *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010)).

Defendant argues that because her first request for the purported absent class members' financial documents was denied without prejudice, Magistrate Judge Thorson erroneously faults Defendant for waiting until she had additional evidence before attempting to renew her request. (Def. Obj. at 6-12.) Specifically, Defendant contends that "it was clearly erroneous for the Magistrate Judge to rule that Defendant was required to bring a motion before July 1, 2021," when she could not have brought such a motion without it being identical to the motion already denied without prejudice.[8] (*Id.* at 7.) She contends that Magistrate Judge Thorson's ruling effectively rendered any opportunity she had to renew her request for the purported absent class members'

---

8 Defendant argues that prior to depositions, she had no factual basis on which to reassert her request on different grounds. (Def. Obj. at 7.) Defendant further argues that she acted with diligence when she brought her Motion 18 days after completing her final deposition of a purported absent class member, and that it was "clearly erroneous" for Magistrate Judge Thorson to conclude that she must show extraordinary circumstances as to why she waited so long to schedule a hearing on her Motion when the Scheduling Order indicated that any proposed amendments need not secure a hearing date. (*Id.* at 9 (citing Scheduling Order at 7).)

financial documents illusory by improperly construing her previous decision as "with prejudice." (*Id.* at 7-9.)

Defendant further argues that it was clearly erroneous for Magistrate Judge Thorson to fault her for not moving to amend before March 1 when that deadline did not apply to a motion to compel. (*Id.* at 10-11.) Defendant also contends that "it is irrelevant if the information learned [in depositions] was 'obvious' because it still would have been pointless—under the Magistrate Judge's and the Court's reasoning in denying the motion the first time—to renew Defendant's motion without any relevant facts."[9] (*Id.* at 11.) Finally, Defendant cites the relevance of the documents she seeks to argue that her request is proportional to the needs of the case and that "it is unfair to deny Defendant on timeliness grounds, a meaningful opportunity to renew her motion." (*Id.* at 11-12.)

Plaintiffs argue that Magistrate Judge Thorson correctly concluded that Defendant failed to establish good cause to amend the Scheduling Order because Defendant made no attempt to meet the Court's July 1, 2021 or March 1, 2022 deadlines. (Pl. Resp. at 5-9.) Plaintiffs contend that Defendant's claim that she could not have brought her Motion before the July 1, 2021 deadline without it being identical to the one previously denied "ignores the fact that on May 3 and May 24, 2021, she received thousands of pages of new facts and information . . . that is relevant to the same issues underlying Defendant's purported need for financial records." (*Id.* at 6 (citing Doc. No. 780-1 at 34-37).)

---

[9] Defendant also disputes that the information was "obvious." (Def. Obj. at 11.)

Plaintiffs further argue that Defendant's objection "do[es] not articulate what new or unique information she learned from the depositions that would make a renewed request any different than her first," and that even if the information were not obvious, "Defendant cannot explain why she did not move to amend the Scheduling Order prior to the July 1, 2021 deadline." (*Id.* at 7.) Plaintiffs also assert that "Defendant's argument related to Local Rule 16.3(d) is nonsensical" when the August 2022 Order did not meaningfully rely on the extraordinary circumstances standard to deny Defendant's Motion, and regardless, that Defendant still failed to comply with the Scheduling Order when she ignored its deadlines. (*Id.* at 7-8.)

With respect to the March 1, 2022 deadline, Plaintiffs argue that Defendant's objection is irrational when that deadline was clearly established to put the parties on notice that it would serve as the last opportunity to resolve any remaining disputes relating to facts or supplemental discovery. (*Id.* at 9.) Plaintiffs contend that "there is absolutely no reason why Defendant could not meet this deadline, and Defendant makes no effort to explain why she failed to do so." (*Id.*) Finally, Plaintiffs argue that Defendant's objection should be overruled because the motion to compel she seeks to file is duplicative and unnecessary discovery. (*Id*. at 10-12.)

Over Defendant's objection, the Court finds that Magistrate Judge Thorson's April 2022 Order is neither clearly erroneous nor contrary to law. A court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* D. Minn. LR 16.3(b)(1). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco*

*Fireworks, Inc.*, 532 F.3d 709, 716–17 (8th Cir. 2008). The Court agrees with Magistrate Judge Thorson that Defendant has failed to establish the requisite good cause necessary to modify the Scheduling Order.

Upon consideration of Defendant's objection and a careful review of the record, the Court is unconvinced that Defendant was unable to renew her request for the purported absent class members' financial documents prior to the July 1, 2021 deadline. The record clearly reflects that Defendant had or should have had sufficient information to properly renew her request at the appropriate time. (*See, e.g.*, Doc. No. 780-1 at 34-37.) Moreover, Defendant does not explain how the information she obtained through depositions was different than anything she already knew or had access to, or why she did not approach the Court prior to the July 1, 2021 deadline to reserve her right to renew her motion to compel if the deposition testimony did yield anything unique or compelling. *See, e.g.*, *Reichel Foods, Inc. v. Proseal Am., Inc.*, Civ. No. 19-2604 (ECT/KMM), 2021 WL 3674495, at *4 (D. Minn. Aug. 19, 2021) (finding no good cause to amend scheduling order despite moving party's claim that it did not discover new facts until after the amendment deadline); *see also Solutran, Inc. v. U.S. Bancorp & Elavon, Inc.*, Civ. No. 13-2637 (SRN/BRT), 2017 WL 89558, at *4 (D. Minn. Jan. 10, 2017) (placing onus on moving party to seek a deadline extension when subsequent discovery may be relevant).

The Court is similarly unpersuaded that the March 1, 2022 deadline was irrelevant. The Scheduling Order clearly stated that "[e]xcept for those motions required to be filed and served earlier, any other motions relating to the supplemental fact discovery must be

filed and served by **March 1, 2022**." (Scheduling Order ¶ 7 (emphasis in original).) While Defendant interprets this requirement to exclude her motion to compel because it was subject to an earlier deadline, such reasoning would improperly permit Defendant to skip deadlines and file motions indefinitely. The Court finds that the March 1, 2022 deadline was clearly intended to serve as a definitive end-date on which any motion relating to supplemental fact discovery could be filed and cannot conclude that Defendant acted diligently when she knowingly disregarded it.[10]

Finally, the Court agrees with Judge Thorson that because Defendant fails to establish good cause to amend the Scheduling Order, her other arguments are largely irrelevant.[11] *Khoday v. Symantec Corp.*, No. CV 11-180 (JRT/TNL), 2013 WL 12141434, at *2 (observing that because a party failed to show good cause to amend a

---

[10] The Court further notes that while Magistrate Judge Thorson cited Defendant's failure to show extraordinary circumstances to justify an amendment to the Scheduling Order under D. Minn. Local Rule 16.3, Federal Rule 16(b)(4) has no such requirement. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.") The Court finds that Magistrate Judge Thorson properly denied Defendant's Motion for failure to show good cause. Whether Defendant disagrees that she needed to show extraordinary circumstances does not affect the ultimate conclusion that Defendant's Motion was properly denied.

[11] Even if the Court were to consider Defendant's argument that it is unfair to deny her Motion on timeliness grounds, the Court briefly notes that it further agrees with Magistrate Thorson that based on the files, records, and submissions before it, Defendant's request for absent class members' financial records would remain appropriately denied. The Court cannot conclude that Defendant's request is proportional to the needs of the case, or that the information Defendant seeks is not duplicative of what she already has. (*See, e.g.*, Doc. Nos. 816-1 at 1-26; 817, 817-1, and 817-2 (deposition testimony from absent class members on how they spend their money in the community).)

scheduling order, the party's arguments related to the underlying strength of its request absent any deadline were irrelevant).

In short, the Court respectfully overrules Defendant's objection and affirms Magistrate Judge Thorson's April 2022 Order in its entirety. After nearly six years and two rounds of discovery since this case commenced, a trial date now quickly approaches. (Doc. No. 823.) At this late stage in the proceedings, the Court encourages the parties to stay the course and to avoid further delays; justice demands it.

## CONCLUSION

This Court finds that Magistrate Judge Thorson's April 2022 Order is neither clearly erroneous nor contrary to law. Accordingly, the Court respectfully overrules Defendant's objection.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's objection (Doc. No. [824]) to Magistrate Judge Becky R. Thorson's April 1, 2022 Order (Doc. No. [821]) is **OVERRULED**.

2. Magistrate Judge Becky R. Thorson's April 1, 2022 Order (Doc. No. [821]) denying Defendant's Motion to Amend/Alter/Correct Other Orders (Doc. No. [812]) is **AFFIRMED** in its entirety.

Dated: May 9, 2022

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge