UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tenner Murphy, by his guardian Kay
Murphy; Marrie Bottelson; Dionne
Swanson; and on behalf of other similarly
situated,

                     Plaintiffs,

v.

Jodi Harpstead, in her Capacity as
Commissioner of the Minnesota
Department of Human Services,

                     Defendant.

Civil No. 16-2623 (DWF/LIB)

**MEMORANDUM
OPINION AND ORDER**

**INTRODUCTION**

This matter is before the Court on Objectors' request to proceed with pseudonyms. (Doc. No. 858.) Plaintiffs and Defendant oppose the request to the extent that Objectors wish to conceal their identities from the parties and the parties' counsel. (Doc. Nos. 865, 866.) For the reasons set forth below, the Court grants in part and denies in part Objectors' request. Objectors may publicly proceed in this action under pseudonyms. Additionally, the parties and Objectors are to meet and confer on the language of a proposed protective order that allows disclosure of Objectors' identities to Plaintiffs, Defendant's outside counsel, certain in-house counsel for Defendant, and necessary Department of Human Services ("DHS") employees, while preventing others from accessing that information.

Additionally, it has been brought to the Court's attention that numerous people have reported that they are class members but did not receive notice of the Settlement Agreement. (*See* Doc. Nos. 871, 873, 875.) For that reason, the Court orders Defendant to file with the Court a list of who DHS sent notice to and answer the following questions: (1) were any legal guardians sent notices; (2) were any accommodations made to class members who were sent notice to ensure that they understood the notice; and (3) when did DHS send the notices out?

## BACKGROUND

On July 26, 2022, this Court preliminarily approved a Settlement Agreement between Plaintiffs and Defendant. (Doc. No. 840.) The Court ordered that all objections to the Settlement Agreement be submitted to Plaintiffs' attorneys by November 30, 2022, and directed Plaintiffs to file such objections with the Court by December 6, 2022. (*Id.*) The authorized notice document states that various information is required to be included with each objection, including the objector's full legal name and address. (Doc. No. 835-1 at 36.)

Objectors submitted a letter to this Court, requesting that they be allowed to use pseudonyms and only disclose their full names and addresses to the Court, or alternatively to the Court and outside counsel for the parties. Objectors fear retaliation and believe pseudonyms are necessary to ensure their safety. Plaintiffs and Defendant agree that Objectors may protect their identities from public disclosure but object to Objectors' request to shield their identities from the parties and the parties' counsel.

## DISCUSSION

"There is a strong presumption against allowing parties to use a pseudonym." *Luckett v. Beaudet*, 21 F. Supp. 2d 1029, 1029 (D. Minn. 1998). While disfavored, courts in this district have considered a number of factors when determining whether to allow pseudonyms, including:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Doe v. City of Apple Valley*, No. 20-cv-499 (PJS/DTS), 2020 WL 1061442, at *1-2 (D. Minn. Mar. 5, 2020) (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008)). When plaintiffs "attack[] governmental activity," their interest in anonymity is strongest, because there is a "public interest in a vindication of [plaintiffs'] right." *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003).

Objectors request that they be allowed to use pseudonyms because they have previously experienced retaliation and are vulnerable to retaliation here if they were to

3

provide their full names to the parties and the public. All parties agree that Objectors should not be required to disclose their identities publicly. Given Objectors' past experiences with retaliation and vulnerability, the Court agrees that Objectors' names and addresses should not be disclosed to the public. While Plaintiffs assert that pseudonyms are unnecessary because the current Protective Order allows for parties to mark their objections "confidential" and file under seal, the Court disagrees. The public has an interest in viewing any objections to the Settlement Agreement. While the public's interest in the content of the objections is strong, its interest in the identities of Objectors is weak. Thus, pseudonyms will allow Objectors to voice their concerns publicly while remaining anonymous to the public.

Objectors further request that their identities be concealed from the parties and the parties' counsel. Objectors cite several cases in which courts in this district have granted a party's use of pseudonyms, but those cases all involved instances where the identity of the party seeking anonymity was already known by the other parties to the case. *See S.A.A. v. Geisler*, No. 21-cv-2071 (PJS/HB), 2022 WL 179198, at *2 (D. Minn. Jan. 20, 2022) (granting the plaintiff's request to use pseudonyms but noting that the plaintiff had already disclosed her identity to defendants); Plaintiffs' Motion for Leave to Proceed Anonymously at 4, *Doe v. City of Apple Valley*, No. 20-cv-499 (PJS/DTS), Doc. No. 2 (D. Minn. Feb. 12, 2020) (stating that the plaintiffs would "disclose their identities to counsel for the [d]efendant when they enter their appearances"). That is not the case here. And Objectors cite no cases in which a court in this district has allowed a plaintiff to conceal their identity from the parties and the parties' counsel at this stage of the

proceedings. Because the parties must know the identity of Objectors to determine whether they are members of the class and whether they received proper notice of the Settlement Agreement, the parties would be prejudiced if Objectors were allowed to proceed anonymously. For that reason, the Court orders the parties to meet and confer on the language of a proposed protective order that would allow Objectors to disclose their names and addresses to the Court, Plaintiffs, Defendant's outside counsel, specific in-house counsel for Defendants, and necessary DHS employees. The parties may further limit the disclosure requirement in the proposed protective order to the extent that they agree.

The Court acknowledges Objectors' concerns of retaliation. While the Court cannot completely shield Objectors' identities from the parties, the Court hopes that the parties will be able to reach an agreement on the language of a protective order that will satisfy everyone. It is in the best interest of the public for Objectors' voices to be heard, and the Court sincerely hopes that Objectors do not withdraw their objections. Objectors should also be assured that the Court will take any allegations of retaliation seriously.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Objectors' request to proceed with pseudonyms (Doc. No. [858]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Objectors may publicly proceed in this litigation under pseudonyms.

    b. Plaintiffs, Defendant, and Objectors are ordered to confer within 7 days of this Order to determine the language of a proposed protective order that will require Objectors to disclose their identities to the Court, Plaintiffs, Defendant's outside counsel, specific in-house counsel for Defendant, and necessary Department of Human Services employees, while preventing disclosure of that information to others.  Parties may further limit disclosure within the protective order to the extent they agree.

    c. Within 10 days of this Order, Plaintiffs, Defendant, and Objectors are ordered to file a proposed protective order for the Court's consideration. Parties are further ordered to note and explain areas of the proposed protective order in which they did not agree.

    d. Within 2 days of the Court's entry of a protective order, Objectors are ordered file their identities in the record under seal.

  2. Within 7 days of this Order, Defendant must file with the Court a list of who the Department of Human Services sent notice to and answer the following questions: (1) were any legal guardians sent notices; (2) were any accommodations made to class members who were sent notice to ensure that they understood the notice; and (3) when did the Department of Human Services send the notices out?

Dated:  December 15, 2022     s/Donovan W. Frank
                  DONOVAN W. FRANK
                  United States District Judge